```
 1                    UNITED STATES DISTRICT COURT
                              FOR THE
 2                       DISTRICT OF VERMONT

 3

 4    United States of America     )
                                   )
 5                                 )
      v.                           ) Case No. 5:22-cr-58-1
 6                                 )
                                   )
 7    Serhat Gumrukcu              )
                                   )
 8    _____ )

 9

10    RE:  Arraignment

11    DATE:  October 4, 2022

12    LOCATION:  Burlington, Vermont

13    BEFORE:   Honorable Geoffrey W. Crawford
                Chief District Judge
14

15    APPEARANCES:

16    Paul J. Van de Graaf, AUSA
      Jonathan Ophardt, AUSA
17    United States Attorney's Office
      District of Vermont
18    PO Box 570
      Burlington, VT 05402-0570
19

20    David V. Kirby, Esq.
      O'Connor & Kirby
21    260 Trinity Pass Road
      Pound Ridge, NY 10576
22

23

24    TRANSCRIBED BY:   Sunnie Elizabeth Donath, RMR
                     United States District Court Reporter
25                       verbatim@vermontel.net
```

1          (The Court opened at 10:16 a.m.)
2          COURTROOM DEPUTY:  Your Honor, this is Case Number
3   22-cr-58, United States of America versus Serhat Gumrukcu.
4   Present in the courtroom are Assistant US Attorneys Paul Van de
5   Graaf and Jonathan Ophardt.  Present with the defendant is
6   Attorney David Kirby.  And the matter before the Court is an
7   arraignment.
8          THE COURT:  All right.  Morning.  Good to see
9   everybody.
10         ATTORNEY VAN DE GRAAF:  Good morning, Your Honor.
11         ATTORNEY KIRBY:  Good morning, Your Honor.
12         THE COURT:  Mr. Kirby, nice to see you again.  I see
13  Mr. Van de Graaf all the time.  So it's a pleasure to see you
14  both.  All right.  And you're here to represent Serhat
15  Gumrukcu?
16         ATTORNEY KIRBY:  Yes, Your Honor.
17         THE COURT:  Appreciate that.  Mr. Gumrukcu, I have a
18  couple of questions for you and some, some legal notification
19  that I'm required to give you.  I'll speak to you briefly about
20  your rights this morning.  It's an important right that you are
21  not required to make any statement today.  If you made a
22  statement already, you are not required to say more.  If you
23  start to make a statement, you can stop at any time.  And any
24  statement you make here in this proceeding may be used against
25  you at a subsequent stage of the case.

```
 1          You have the right to retain counsel, and I recognize that
 2     you've retained Mr. Kirby for that reason.  And I have some
 3     questions for you.  I ask these to make certain that your
 4     rights are protected and that your plea today and arraignment
 5     is voluntary, and so I ask that you answer under oath.  And
 6     we'll swear in Dr. Gumrukcu.
 7                     SERHAT GUMRUKCU,
 8          having been duly sworn to tell the truth,
 9                   testifies as follows:
10              THE COURT:  Could you tell us your name, please?
11              THE DEFENDANT:  Gumrukcu, Serhat Gumrukcu.
12              THE COURT: "Gum-roo-chew"?  Got it.  I apologize for
13     mispronouncing it earlier.  Dr. Gumrukcu, what is your age?
14              THE DEFENDANT:  39.
15              THE COURT:  And what is your citizenship?
16              THE DEFENDANT:  Turkey.
17              THE COURT:  And how far have you gone in school?
18              THE DEFENDANT:  Sorry.
19              THE COURT:  How far have you gone in school?
20              THE DEFENDANT:  University.
21              THE COURT:  And is your, your English is fluent?
22              THE DEFENDANT:  Yes.
23              THE COURT:  Turkish is your first language?
24              THE DEFENDANT:  Yes.
25              THE COURT:  Have you recently or currently been under
```

```
 1    the care of a doctor or a psychiatrist?
 2              THE DEFENDANT:  No.
 3              THE COURT:  Have you recently been hospitalized or
 4    treated for narcotics addiction?
 5              THE DEFENDANT:  No.
 6              THE COURT:  Have you taken any drugs or medicine or
 7    pills or drunk alcohol in the past 24 hours?
 8              THE DEFENDANT:  No.
 9              THE COURT:  Have you, yourself, received a copy of
10    the indictment in this case?
11              THE DEFENDANT:  Yes.
12              THE COURT:  And have you had a chance to speak
13    privately about the indictment with your attorney, Mr. Kirby?
14              THE DEFENDANT:  Yes.
15              THE COURT:  I'll read the indictment aloud.  It's a
16    single-count indictment.  It reads as follows:
17         "The grand jury charges:  Count One.  Between in or about
18    May 2017 to in or about February 2018, within the District of
19    Vermont and elsewhere, the defendants, Serhat Gumrukcu and Berk
20    Eratay, together and with others, did knowingly and
21    intentionally conspire to cause another to travel in interstate
22    commerce, and to use and cause another to use facilities of
23    interstate commerce, namely cellular telephone networks, with
24    the, with intent that the murder of Gregory Davis be committed,
25    in violation of 13 V.S.A. Section 2301, as consideration for
```

1   the receipt of, and as consideration for a promise and
2   agreement to pay, something of pecuniary value, and the death
3   of Gregory Davis resulted."
4        It states the federal statute, 18 U.S.C. Section 1958, and
5   is signed by the foreperson.
6        How do you plead to the indictment, guilty or not guilty?
7             THE DEFENDANT:  Not guilty.
8             THE COURT:  How much time, Mr. Kirby, would you like
9   for pretrial motions?
10            ATTORNEY KIRBY:  Well, Your Honor, I think we'd like
11  to start with 121 or 120 days, 4 months.  I don't know whether
12  we'll be able to digest all the discovery in that time or not,
13  but we'll definitely need at least that to start with.
14            ATTORNEY VAN DE GRAAF:  No objection, Your Honor.
15  I've talked to Mr. Kirby briefly about the scope of the
16  discovery.  As the Court knows, it's extensive, and I'm hoping
17  to meet with Mr. Kirby soon to begin the transition of
18  providing that discovery in a practical way.
19            THE COURT:  Okay.  That's fine.  I'll set the, the
20  motion deadline out as February 1st 2023, and I'll exclude the
21  time between then and now under the Speedy Trial Act, make the
22  finding that the ends of justice served by this exclusion
23  outweigh the best interests of the public and the defendant in
24  a speedy trial, because this time is reasonable in length and
25  necessary for effective preparation, taking into account the

1   exercise of due diligence by counsel.  I specifically recognize
2   the complexity of the case and the likelihood that the
3   government's discovery is substantial in volume.
4        I'll turn to the Rule 5 discussion, read the oral
5   statement aloud:
6        The Court directs the prosecution to comply with its
7   obligation under *Brady v. Maryland* and its progeny to disclose
8   to the defense all information, whether admissible or not,
9   that's favorable to the defendant material either to guilt or
10  punishment and known to the prosecution.  Possible consequences
11  for noncompliance may include dismissal of individual charges
12  or the entire case, exclusion of evidence, and professional
13  discipline or court sanctions on the attorneys responsible.
14       The Court will be entering a written order more fully
15  describing this obligation and the possible consequences of
16  failing to meet it.  The Court directs the government to review
17  and comply with that order.
18       Mr. Van de Graaf, does the government confirm that it
19  understands its obligations and will fulfill them?
20            ATTORNEY VAN DE GRAAF:  Yes, Your Honor.
21            THE COURT:  Thank you.  All right.  Where are we on
22  the detention issue, Mr. Kirby?
23            ATTORNEY KIRBY:  Your Honor, at this time, we are not
24  moving for a modification of conditions.  We obviously reserve
25  that right and maybe would in the future.

1              THE COURT:  Okay, thanks.  The government seeks to
2     continue detention?
3              ATTORNEY VAN DE GRAAF:  Yes, Your Honor.
4              THE COURT:  Okay.
5              ATTORNEY VAN DE GRAAF:  We had a full detention
6     hearing in California, and unless Mr. Gumrukcu seeks to appeal
7     that or review that, I think that there is no need for any
8     order from this court.
9              THE COURT:  Yeah, fair enough.  I'll just continue
10    the -- the detention order remains in effect imposed by the
11    Central District of California.  Mr. Gumrukcu, Dr. Gumrukcu,
12    remains detained by the marshals at this time.  And I think
13    that's as much as we need to cover.  Anything more, Mr. Van de
14    Graaf, from your side?
15             ATTORNEY VAN DE GRAAF:  Nothing more from the
16    government's side, Your Honor.
17             THE COURT:  Mr. Kirby?
18             ATTORNEY KIRBY:  Yes, I do have one thing, Your
19    Honor.
20             THE COURT:  Of course.
21             ATTORNEY KIRBY:  I bring it up under the Sixth
22    Amendment.  Your Honor has, I believe, ordered Dr. Gumrukcu's
23    stock in Enochian to be frozen, and it has been frozen by JP
24    Morgan.
25             THE COURT:  Right.

```
 1                ATTORNEY KIRBY:  JP Morgan, however, has taken the
 2   view or has also frozen Mr. Wittekind's stock as well.  He is
 3   half, he owns half of the stock.  It's in his name.  It's in an
 4   account, a joint account, stock account, with Dr. Gumrukcu but
 5   is being held, and I don't, I do not believe Your Honor had
 6   intended to hold it in that civil case.  I bring this up in
 7   this case because it affects his Sixth Amendment right.  He,
 8   they, his husband, Mr. Wittekind, needs that money to be able
 9   to hire appropriate counsel for this case.
10                THE COURT:  Yeah, fair enough.  I don't think Mr. Van
11   de Graaf knows what we're talking about.  He may.  But there is
12   a separate civil wrongful death case also pending in this
13   court.
14                ATTORNEY VAN DE GRAAF:  I'm generally aware of it,
15   Your Honor.  I do think that, if there is a claim of a Sixth
16   Amendment violation, that should be in writing, not orally, and
17   I think that, if we're going to address that as part of this
18   case as far as to a motion in the civil case, I think that
19   there should be some filings in that regard, because there may
20   be some disputed issues of fact.
21                THE COURT:  Of course, yeah, yeah. I don't think
22   Mr. Kirby will fight you on that.  Here's what we'll do,
23   Mr. Kirby.  I think the first place to go is to take it up in
24   the civil case.  If you do that, unless there's an objection, I
25   will double-caption the hearing and run it in both dockets at
```

1   the same time so everybody involved hears the argument, since
2   the constitutional argument applies most clearly here.
3               ATTORNEY KIRBY:  Yes.
4               THE COURT:  If that's a bad idea, you'll let me know,
5   but that would be my first inclination, but I'll wait for
6   papers from you.
7               ATTORNEY KIRBY:  Yes, Your Honor.  I brought it up
8   just to see how you would like to proceed on the issue --
9               THE COURT:  Right.
10              ATTORNEY KIRBY:  -- whether this case, the other
11  case, or both, which I think makes sense.
12              THE COURT:  Yeah.  Does that work for the government?
13              ATTORNEY VAN DE GRAAF:  No objection, Your Honor.
14              THE COURT:  Good enough.  All right.  Thank you.  I
15  think that's as much as we can do today.  Appreciate it.
16
17              (Whereupon the hearing ended at 10:26 a.m.)
18
19
20
21
22
23
24
25

```
 1                        C E R T I F I C A T E
 2              I, Sunnie Donath, RMR, Official Court Reporter
 3    for the United States District Court for the District of
 4    Vermont, do hereby certify that the foregoing pages are a true
 5    and accurate transcription of my stenographic notes of the
 6    hearing taken before me in the above-titled matter on October
 7    4, 2022 to the best of my skill and ability.
 8              I further certify that I am not related to any of the
 9    parties thereto or their counsel, and I am in no way interested
10    in the outcome of said cause.
11
12
13
14
15
                        _Sunnie Donath, RMR_
16                      --------------------------------
17                         Sunnie Donath, RMR
18
19
20
21
22
23
24
25
```