```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                       DISTRICT OF VERMONT


    United States of America    )
                                )
                                )
    v.                          ) Case No. 5:22-cr-58-1
                                )
                                )
    Serhat Gumrukcu             )
                                )
    _____)


    RE:   Arraignment on the Superseding Indictment

    DATE:   November 4, 2022

    LOCATION:   Burlington, Vermont

    BEFORE:   Honorable Geoffrey W. Crawford
              Chief District Judge


    APPEARANCES:

    Jonathan Ophardt, AUSA
    United States Attorney's Office
    District of Vermont
    PO Box 570
    Burlington, VT 05402-0570

    David V. Kirby, Esq.
    O'Connor & Kirby
    260 Trinity Pass Road
    Pound Ridge, NY 10576




            TRANSCRIBED BY:  Sunnie Elizabeth Donath, RMR
                    United States District Court Reporter
                         verbatim@vermontel.net
```

1                    (The Court opened at 3:00 p.m.)
2                    COURTROOM DEPUTY:  Your Honor, the matter before the
3      Court is Case Number 22-cr-58, United States of America versus
4      Serhat Gumrukcu.  Present on behalf of the government is
5      Assistant US Attorney Jonathan Ophardt.  Present with the, for
6      the defendant is Attorney David Kirby.  The defendant is
7      present by video conference.  And the matter before the Court
8      is an arraignment on the superseding indictment.
9                    THE COURT:  All right.  Afternoon.  Good to see you
10     both.
11                   ATTORNEY OPHARDT:  Good afternoon, Judge.
12                   ATTORNEY KIRBY:  Good afternoon.
13                   THE COURT:  Dr. Gumrukcu, it's Judge Crawford.  Can
14     you hear me okay?
15                   THE DEFENDANT:  Yes.
16                   THE COURT:  A couple of questions just regarding, to
17     start, regarding the video appearance.  Do you understand that
18     you are appearing by video today?
19                   THE DEFENDANT:  Yes, I do.
20                   THE COURT:  Is that your choice?
21                   THE DEFENDANT:  Yes.
22                   THE COURT:  Did you have a chance to talk about that
23     decision before now privately with your attorney, Mr. Kirby?
24                   THE DEFENDANT:  Yes, I did.
25                   THE COURT:  And do you understand that you have every

1    right to appear in person in court for this arraignment and for
2    any other hearing if you prefer?
3              THE DEFENDANT:  Yes, Your Honor.  I was going to, but
4    I had legal visits, and I wanted to make sure I was able to
5    join the meetings over here today with my counsel.  So I opted
6    for the --
7              THE COURT:  I couldn't quite follow.  I couldn't
8    quite follow what you said.  Do you understand that --
9              THE DEFENDANT:  Oh, yes, I do, Your Honor.  I had
10   legal visits in the facility over here today.  So I didn't want
11   to miss them.  That's why I opted for video --
12             THE COURT:  Sure, okay.
13             THE DEFENDANT:  -- court.
14             THE COURT:  And do you understand that, if you have a
15   question or you wish to speak to your attorney at any point
16   today during this arraignment, that you have only to ask and
17   we'll make certain that you and Mr. Kirby can speak privately?
18             THE DEFENDANT:  Thank you.  Yes.
19             THE COURT:  All right.  With all that on the table,
20   I'll join in your decision to appear by video.  It's in the
21   interest of justice in light of the ongoing health emergency to
22   proceed in this fashion.  The interests of the public and
23   Dr. Gumrukcu in appearing in person are certainly outweighed by
24   the interest of the Court and all of the parties in protecting
25   everyone's health, and we'll, we'll go forward by, with the

1    video arraignment.  It's permitted certainly by Congress and by
2    the rules of the judiciary both at the national and the local
3    level.
4        So I have a couple of questions for you about the
5    arraignment itself.  Do you understand that, as was true at the
6    first time that we met for an arraignment, that you're not
7    required to make any statement today; if you've made a
8    statement already, you're not required to say more; if you
9    start to make a statement, you can stop at any time; if you say
10   something in court, it can always be used against you in a
11   future proceeding?  Do you understand those rights?
12            THE DEFENDANT:  Yes, I do.
13            THE COURT:  And you're here represented by your
14   attorney, David Kirby, correct?
15            THE DEFENDANT:  Yes.
16            THE COURT:  And I'll get you sworn in and ask a few
17   questions of a biographical nature.
18                    SERHAT GUMRUKCU,
19          having been duly sworn to tell the truth,
20                    testifies as follows:
21            THE COURT:  Could you state your name, please?
22            THE DEFENDANT:  Serhat Gumrukcu.
23            THE COURT:  And what is your age?
24            THE DEFENDANT:  I'm 39.
25            THE COURT:  And what is your citizenship?

```
 1                THE DEFENDANT:  Turkey.
 2                THE COURT:  How far have you gone in school?
 3                THE DEFENDANT:  University.
 4                THE COURT:  Is English your second language?
 5                THE DEFENDANT:  Yes, it is.
 6                THE COURT:  Is it fluent?
 7                THE DEFENDANT:  Yes, I believe so.
 8                THE COURT:  Are you currently or have you recently
 9   been under the care of a doctor or psychologist or
10   psychiatrist, anybody of that nature?
11                THE DEFENDANT:  No.
12                THE COURT:  Have you recently been hospitalized or
13   treated for narcotics addiction?
14                THE DEFENDANT:  No.
15                THE COURT:  Have you taken any drugs or medicine or
16   pills or drunk alcohol in the last 24 hours?
17                THE DEFENDANT:  No.
18                THE COURT:  Have you received, yourself, a copy of
19   the superseding indictment in this case?
20                THE DEFENDANT:  Yes, I did.
21                THE COURT:  Have you had an opportunity to speak
22   privately about it with your attorney, Mr. Kirby?
23                THE DEFENDANT:  Yes, I did.
24                THE COURT:  And do you wish to have me read it aloud,
25   or do you wish to give up that right?
```

```
 1                THE DEFENDANT:  I wish to give up that right.
 2                THE COURT:  And how do you plead to the superseding
 3      indictment, guilty or not guilty?
 4                THE DEFENDANT:  Not guilty.
 5                THE COURT:  All right.  I have been using December
 6      30th as a pretrial motion deadline in the related cases.  Does
 7      that work for both sides?  I know it would be subject to
 8      adjustment, but I'm trying to kind of bring everybody into
 9      synch and then make a common plan.  Mr. Kirby?
10                ATTORNEY KIRBY:  We had asked for more time, and
11      initially I think you set that motion deadline in February for
12      us, I think, the beginning of February.  That, you know, we're
13      going to need a lot more time than that.  There are
14      investigations going on in this country and abroad that we're
15      conducting.  I know Mr. Van de Graaf is pursuing further
16      investigations and plans to supersede, or at least that's what
17      he told me two days ago.
18           So, you know, I don't really see any point in putting it
19      on December 30th, but, you know, Judge, it, it doesn't, doesn't
20      make a great deal of difference to us.  Obviously, we need a
21      quite a lot of time, and there's a huge amount of discovery
22      that we're thinking, maybe 20 terabytes of discovery.  I don't
23      know if you know what a terabyte is, Your Honor.
24                THE COURT:  I do.
25                ATTORNEY KIRBY:  I didn't for a while, but it's a
```

1      scary amount.  In any event, that's --
2                THE COURT:  All right.  Mr. Ophardt?
3                ATTORNEY OPHARDT:  Judge, we'd leave it to the
4      Court's discretion.  We recognize that likely the December date
5      will be extended, but I don't see an issue with the Court
6      setting an earlier deadline with that understanding that we'll
7      simply have to talk about a deadline extension after that.
8      It's not just Mr. Van de Graaf who is waiting on additional
9      information and conducting the investigation, there's a lot of
10     us working on it.
11               THE COURT:  Sure.
12               ATTORNEY OPHARDT:  And I do -- we haven't made a
13     decision on whether or not superseding will occur.  That's a
14     possibility.  And, finally, Judge, it might make sense for the
15     parties to sit down and talk about an actual case schedule with
16     this, given its complex nature, and come up with a proposal to
17     the Court as to a timeline that makes sense so we can kind of
18     have some definitiveness, which I think --
19               THE COURT:  Yeah.
20               ATTORNEY OPHARDT:  -- might be what the Court's
21     concerned about --
22               THE COURT:  That would be welcome.
23               ATTORNEY OPHARDT:  -- that this bleeds into '24
24     before we know it.
25               THE COURT:  So, Mr. Kirby, go ahead.

1               ATTORNEY KIRBY:  I just want to say I did not mean to
2     slight Mr. Ophardt in any way by saying Mr. Van de Graaf was
3     doing it.  I know this case is being run by a number of people
4     in the office.
5               THE COURT:  Yeah.  No.  I understand.  I'll set the
6     same date I have in the other defendants' cases, December 31st.
7     I do that just to try and bring everybody into synch.  I don't
8     expect to enforce it, but I do, I would welcome the private
9     conversation among counsel before early December as you all
10    kind of come to grips with what you need to do, and I'll set a
11    joint status conference before the December break with the
12    expectation that all of us can talk then about what a realistic
13    trial schedule looks like.  I just want to avoid, as I know you
14    both do, a kind of floating date that never gets reached.  I
15    think we need to begin to talk about a realistic trial date,
16    but today's not the day for that.
17         So we'll, we'll set it for December 31st.  I'll exclude
18    the time between now and then from counting under the Speedy
19    Trial Act, make the finding that the ends of justice served by
20    this exclusion outweigh the best interests of the public and
21    the defendant in a speedy trial, because this time is
22    reasonable in length and necessary for effective preparation,
23    taking into account the exercise of due diligence by counsel.
24         The Rule 5(f) admonition was read at the initial
25    arraignment.  So I think we've satisfied that obligation.

1        At this time, Mr. Kirby, any objection to Dr. Gumrukcu's
2   continued detention?
3              ATTORNEY KIRBY:  No, we, we have no motion to make at
4   this point.
5              THE COURT:  Yeah, fair enough.  So I'll continue the
6   pretrial detention, and I think that's as much as I can cover
7   with you both.  Anything else from, Mr. Kirby, from your side?
8   He stood up first, that's all.  Go for it.
9              ATTORNEY KIRBY:  Thank you, Your Honor.  Just, when
10  you said, "I'll set the 31st", I'm kind of hoping that's not
11  the day you want counsel up here for a --
12             THE COURT:  No, no, not New Year's Eve.  I just want
13  -- we'll operate, as we always do, by consensus, find a date
14  that's agreeable to everybody in the middle of December, around
15  the 15th.
16             ATTORNEY KIRBY:  Perfect.  Thank you so much.
17             THE COURT:  Okay?  All right.  And Mr. Ophardt?
18             ATTORNEY OPHARDT:  Nothing further from the
19  government.  Thank you.
20             THE COURT:  All right.  Thank you both, okay?  Good
21  enough.  I think that concludes the arraignment.
22
23
24      (Whereupon at 3:09 p.m. the hearing was adjourned.)
25

```
 1                       C E R T I F I C A T E

 2              I, Sunnie Donath, RMR, Official Court Reporter

 3    for the United States District Court for the District of

 4    Vermont, do hereby certify that the foregoing pages are a true

 5    and accurate transcription of my stenographic notes of the

 6    hearing taken before me in the above-titled matter on November

 7    4, 2022 to the best of my skill and ability.

 8              I further certify that I am not related to any of the

 9    parties thereto or their counsel, and I am in no way interested

10    in the outcome of said cause.

11

12

13

14

15
                      _Sunnie Donath, RMR_
16                    ---------------------------------

17                       Sunnie Donath, RMR
```