U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2023 MAR 24  AM 9: 26

CLERK

BY _____

DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

UNITED STATES OF AMERICA )
)
v. ) Criminal No.  5:22-cr-58
)
SERHAT GUMRUKCU, )
Defendant. )

## STIPULATED PROTECTIVE ORDER

On March 22, 2023, the parties submitted the Joint Motion for Protective Order.  For good cause shown, the Court hereby GRANTS the Motion and orders as follows:

1.      The government will produce discovery material to defense counsel designated as "Protected Discovery" in the indices/spreadsheets provided along with discovery or otherwise identified in the government's sole discretion in writing as such.

2.      The Protected Discovery may include discovery material, in whatever format, that either individually or collectively could be used to discern the identification of government witnesses and informants (for example, because it describes the individuals, their activities, or their assistance to law enforcement, contains any statements of the individuals, captures the individuals image or voice, or contains any other information that could reasonably be used to discern the identity of the individuals). This Protected Discovery may include reports of interviews, affidavits, sworn statements, audio and video recordings, photographs, or other materials. Discovery relating to grand jury transcripts will be handled outside of this order.

3.      The Protected Discovery shall not be provided, copied or disseminated to anyone other than defense counsel or "defense counsel's team" (as defined below) and must

remain in the custody of defense counsel or counsel's team at all times, except as otherwise permitted in this Order.

4.      "Defense counsel's team" includes attorneys of record, or attorneys employed by or retained by attorneys of record, or attorneys retained by Defendant (collectively, "defense counsel"), paralegals, investigators, translators, litigation support personnel and secretarial staff employed by defense counsel who are assigned to assist in the preparation of the defense, ESI vendors, expert witnesses (both testifying and consulting). Defense counsel's team also includes those persons who are formally engaged to assist in the preparation of the defense. All members of defense counsel's team shall be subject to this Protective Order.

5.      Defense counsel's team may take reasonable and necessary steps to load the Protected Discovery into a password protected review platform for access and review.

6.      Defense counsel's team may show data or records from the Protected Discovery and/or information contained in the Protected Discovery to potential witnesses in connection with the preparation and litigation of the legal defense in this case or in connection with the preparation and litigation of the legal defense in civil cases in which Defendant is named and are identified in this paragraph (the "Civil Cases"). The Civil Cases are: (1) *The Estate of Gregory Davis, Melissa Davis, Administrator, and Melissa Davis, individually v. Serhat Daniel Gumrukcu,* Case No. 22-cv-00213-gwc, pending in the United States District Court for the District of Vermont; (2) *Enochian Biosciences, Inc. v. Serhat Gumrukcu, et al.,* Case No. 22STCV34071, filed in the Superior Court of the State of California for the County of Los Angeles; and (3) *RS Group APS v. GWRS Holdings, LLC, et al.,* Case No. 22STCV26335, filed in the Superior Court of the State of California for the County of Los Angeles.

7.     Defense counsel's team may disclose or provide access to Protected Discovery and/or information contained in the Protected Discovery to attorneys pursuant to joint defense or common interest agreements in connection with the preparation and litigation of the legal defense in this case or in connection with the preparation and litigation of the legal defense in the Civil Cases, provided that such individuals are provided with and sign a copy of this Protective Order affirming that they understand the terms of the Protective Order and understand their obligation not to disclose the information, prior to reviewing the Protected Discovery. Defense counsel shall retain a copy of all such signed orders and provide copies of such orders to the government. Protected Discovery cannot be disclosed as part of civil discovery without further order of this Court.

8.     The Defendant may designate any discovery materials in his reciprocal discovery as Protected Discovery.

9.     Copies of Protected Discovery produced by Defendant in his reciprocal discovery shall not be provided to anyone other than "the prosecution team" consisting of counsel of record for the Government, and their office staff, investigators, and to potential fact or expert witnesses or consultants only to the extent that Government counsel believes is necessary to assist in the prosecution of the Defendant in this matter. The prosecution team may not provide or share any such Protected Discovery with any foreign governments, agents or agencies of foreign governments, or foreign law enforcement personnel.

10.     Defense counsel shall review the terms of this Protective Order with the defendant and members of the defense counsel's team prior to reviewing the Protected Discovery. Further, counsel of record shall have every member of the defense counsel's team sign a copy of this Order, affirming that they understand the terms of the Protective Order,

prior to reviewing the Protected Discovery, and maintain those copies in his files. Counsel of record for the Government shall review the terms of this Protective Order with the prosecution team and shall have every member of the prosecution team sign a copy of this Order and maintain those copies in its files.

11.     The defendant may inspect and review the Protected Discovery, and may retain the materials in electronic format pursuant to the rules and regulations of the jail housing him.

12.     Protected Discovery shall only be used in the preparation of the prosecution of, defense of, or in plea negotiations in connection with this matter or in the defense of the Civil Cases and for no other purpose.

13.     Absent prior agreement of the designating party or permission from the Court, Protected Discovery shall not be included in any public filing with the Court, and instead shall be submitted under seal.

14.     If a designating party becomes aware that the justification for designating a particular item as Protected Discovery no longer exists, the designating party shall advise the receiving party and the Court that such material is no longer subject to the Protective Order.

15.     The discovery in this case may also include materials containing Personally Identifiable Information (PII), which defense counsel may share only if the PII has first been redacted from the Protected Discovery. If a member of defense counsel's team wishes to use discovery material containing unredacted PII with any witness or potential witness, or to make further disclosure or dissemination of discovery material containing unredacted PII, defense counsel must first make *ex parte* application to the Court explaining the basis for the disclosure of PII, and may make such disclosure only after such application is granted by the Court.

16.     In the event defense counsel or the government seek to use discovery material containing unredacted PII in a filing with a court or during a court proceeding, such party will comply with Fed. R. Cr. P. 49.1(a), will ensure that court transcripts are appropriately redacted to protect PII, and will seek permission from the Court before any such discovery or reciprocal discovery material with unredacted PII is publicly filed.

17.     Either party to this Protective Order may petition the Court at any time for a modification of the Protective Order. Either party may petition the Court at any time to challenge the designation of material as Protected Discovery provided, however, that the party challenging the designation must first explain the basis for his/her concerns in writing to the designating party, and the designating party must have a reasonable time to respond to those concerns.

IT IS SO ORDERED.

Dated at Burlington, in the District of Vermont, this __24th__ day of March, 2023.

HON. GEOFFREY W. CRAWFORD
United States District Judge

**Presented by:**

/s/_Paul J. Van de Graaf__
PAUL J. VAN DE GRAAF
JONATHAN A. OPHARDT
Assistant U.S. Attorneys

/s/ Susan K. Marcus_____
SUSAN K. MARCUS
Law Firm of Susan K Marcus LLC

/s/_Ethan A. Balogh_____
ETHAN A. BALOGH
Balogh & Co., APC

/s/_Lisa B. Shelkrot_____
LISA B. SHELKROT
Langrock Sperry & Wool LLP

Counsel for Defendant SERHAT GUMRUKCU