UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SERHAT GUMRUKCU, <br><br> Defendant. | Case No. 5:22-cr-58 |

SERHAT GUMRUKCU'S MOTION TO DISMISS COUNT FOUR

Defendant Serhat Gumrukcu, by and through his attorneys of record, hereby moves the Court to dismiss count four of the Third Superseding Indictment ("TSI"). As grounds for this Motion, Dr. Gumrukcu relies on the following Memorandum of Law.

MEMORANDUM OF LAW

**Summary of Argument**

Dr. Gumrukcu contends that the TSI fails to state a claim for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. In sum, the federal wire and mail fraud statutes criminalize only schemes to deprive people of traditional property interests. *See Ciminelli v. United States*, 143 S.Ct. 1121, 1123 (2023). The Government must prove not only that the wire fraud defendants "engaged in deception," but also the purported victim's money or property the "an object of their fraud." *Kelly v. United States*, 140 S.Ct. 1565, 1571 (2020) ("The wire fraud statute thus prohibits only deceptive schemes to deprive the victim of money or property") (internal quotation, bracket, and citation omitted.)

But the TSI does not identify what, if any, of Greg Davis's "property or money" Dr. Gumrukcu conspired to obtain. Worse, the facts it alleges reflect that the money is this so-called scheme traveled in one direction: to Davis, not from Davis. Nor does it allege that Davis had any property or money to be taken. As shall be shown in greater detail below, the TSI fails to state a claim for conspiracy to commit wire fraud, and the Court should dismiss it.

A. **The allegations.**

The TSI alleges as count four a conspiracy to commit wire fraud. ECF 69 at 9.[1] The Government therein contends that count four sets forth sufficient facts that, if believed, would support the charge that Dr. Gumrukcu and Berk Eratay "knowingly and willfully conspired to commit wire fraud, in violation of 18 U.S.C. § 1343." ECF 69, ¶ 17.  The Government claims that the scheme alleged establishes that Dr. Gumrukcu and Mr. Eratay violated section 1349 "by devising and executing a scheme to defraud [Greg Gac] and Gregory Davis by attempting to deceive them about funds available to Gumrukcu and Lauren Trading, about the identity of individuals involved with Gumrukcu and his business activities, and about past and future financial transactions related to Mode Lauren." ECF 69 at 9 (¶ 17).

Dr. Gumrukcu, as he must, accepts the indictment's allegations as true for the purposes of this motion. Nothing presented herein, however, should be considered his agreement with those allegations in any respect. Dr. Gumrukcu has denied the allegations and entered a not guilty plea. *See* ECF 86. In the TSI, the government details alleged conversations between Dr. Gumrukcu, Berk Eratay, Greg Gac, Gregory Davis, and others. Despite multiple pages detailing alleged

---

[1] ECF refers to the docket entries generated by the Electronic Court Filing system.  We pin-cite to the ECF-generated page numbers atop each filing.

communications and transactions, Count four of the TSI fails to allege the essential elements of the crime charged.

B.      Legal standards.

The Fifth Amendment requires that an indictment set forth the elements of the offense, charged with sufficient precision to protect against prosecution for crimes based on evidence not presented to the grand jury, and informs the defendant of the charges he must meet with enough detail that he may plead double jeopardy in a future prosecution. *Hamling v. United States,* 418 U.S. 87, 117 (1974). Accordingly, a motion to dismiss a count in an indictment must be granted where the indictment "fails to allege the essential elements of the crime charged." *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000); *see United States v. Aleynikov*, 676 F.3d 71, 75–76 (2d Cir. 2012) (dismissal required where conduct alleged is not prohibited by language of statute); *United States v. Heicklen*, 858 F.Supp 2d 256, 262 (S.D.N.Y. 2012) (where "the facts alleged [in an Indictment] do not constitute an offense as a matter of law," dismissal is appropriate).

In addition, "[t]he Indictment Clause of the Fifth Amendment requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury." *United States v. Pirro*, 212 F.3d 86, 92 (2d Cir. 2000) (citation omitted).  Or as the Supreme Court instructed long ago:

> 'Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.' *United States v. Hess*, 124 U.S. 483, 487 (1888).

4 | P a g e

*Hamling*, 418 U.S. at 117-18 (parallel citations omitted).  Congress included this constitutional requirement in the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 7(c)(1).

In considering a motion to dismiss, the court will "examine the indictment as a whole, accept as true the facts alleged, and determine only whether the indictment is valid on its face." *United States v. Elliott*, 363 F. Supp. 2d 439, 450 (N.D.N.Y. 2005).

As for the substantive counts, the law is likewise well established. The essential elements of a wire fraud violation are: (1) "a scheme to defraud"; (2) "money or property as the object of the scheme"; and (3) "use of the wires to further the scheme." *United States v. Shellef*, 507 F.3d 82, 107 (2d Cir. 2007) (citation omitted).  The Government must prove not only that the wire fraud defendants "engaged in deception," but also the purported victim's money or property was "an object of their fraud." *Ciminelli v. United States*, 143 S.Ct. at 1126 (citing *Kelly*, 140 S.Ct. at 1571; *see also Kelly, id.* ("The wire fraud statute thus prohibits only deceptive schemes to deprive the victim of money or property") (internal quotation, bracket, and citation omitted). "The original impetus behind the mail fraud statute was to protect the people from schemes to deprive them of their money or property." *Cleveland v. United States*, 531 U.S. 12, 18-19 (2000) (citing *McNally v. United States*, 483 U.S. 350, 360 (1987)).

In addition, the fraud statutes "require[] the object of the fraud to be "'property' in the victim's hands[.]" Cleveland, *531* U.S. at 26. "It does not suffice, we clarify, that the object of the fraud may become property in the recipient's hands; for purposes of the mail fraud statute, the thing obtained must be property in the hands of the victim." *Id*. at 15.

The Government must also show "that some actual harm or injury was contemplated by the schemer. Because the defendant must intend to harm the fraud's victims, misrepresentations amounting only to a deceit are insufficient to maintain a mail or wire fraud prosecution." *United*

*States v. D'Amato,* 39 F.3d 1249, 1257 (2d Cir. 1994) (quotations, citations, and brackets omitted).

With respect to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, that statute proscribes conspiring to commit a predicate fraud offense and is "subject to the same penalties as those prescribed for the offense." 18 U.S.C. § 1349. "To prove conspiracy, the government must show that the defendant agreed with another to commit the offense; [and] that he knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy." *United States v. Mahaffy*, 693 F.3d 113, 123 (2d Cir. 2012) (quoting *United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999)). Thus, the section 1349 conspiracy requires allegations that Gumrukcu and Eratay agreed, *inter alia*, to target Gac's and/or Davis's money or property through deception. Deceit through the wires does not suffice; the prosecution must allege and prove that the defendants lied to obtain Gac's and Davis's money and property.

C. Analysis.

The TSI fails to state a claim for section 1349 conspiracy to commit section 1343 wire fraud. The TSI does not allege that Davis had any oil to sell or any money to target, or that either defendant targeted *any* property or money he possessed. And the TSI does not allege that either defendant agreed to target *any* of Greg Gac's, "money or property." Rather, the TSI alleges the opposite: that the money at issue was money Gumrukcu did and would in the future *provide to* Davis and Gac. See ECF 69 at 4-9 (¶¶ 2, 5, 6, 7, 8, 9, 11, 12, 14, 15). The TSI alleges that Dr. Gumrucku, Berk Eratay and others associated with Lauran Trading provided fraudulent proof of funds letters. But nowhere in the six pages of the TSI detailing the communications and

transactions does the government allege that there was an attempt to take any money or property from Mr. Davis or Mr. Gac. Nor does it properly allege that Mr. Davis or Mr. Gac actually had access to the oil that was the subject to the contracts. As such, the TSI does not meet the requirements of section 1343 or section 1349.

This fatal flaw merits dismissal of count four. Like the Government did in *Kelly*, the TSI focuses on allegations of deceit; but to prosecute an alleged violation of sections 1343 and 1349, "the deceit must also have had the 'object' of obtaining [the victim's] money or property." *Kelly*, 140 S.Ct. at 1572. This necessary element, however, is nowhere pleaded in TSI, likely because at no point did Gumrukcu target Davis's or Gac's money or property.

The TSI makes much of the alleged fraudulent communications allegedly sent by Dr. Gumrukcu or Berk Eratay. The allegations in the TSI set forth contract claims, not evidence of criminal wrongdoing. The government's attempt to criminalize this conduct is at the heart of the Supreme Court's concern in *Ciminelli* and *Kelly*: making "a federal crime of an almost limitless variety of deceptive actions traditionally left to state contract and tort law—in flat contradiction with our caution that, '[a]bsent [a] clear statement by Congress,' courts should 'not read the mail [and wire] fraud statute[s] to place under federal superintendence a vast array of conduct traditionally policed by the States.'" *Ciminelli*, 143 S.Ct. at 1128 (citing *Cleveland v. United States*, 531 U.S. at 27).

## CONCLUSION

The TSI fails to state a claim for conspiracy to commit wire fraud, and the Court should dismiss it.

Dated this 6th Day of October 2023.

Respectfully submitted,

/s/ Susan K. Marcus
SUSAN K. MARCUS
Law Firm of Susan K Marcus LLC
29 Broadway, Suite 1412
New York, NY 10006
(212) 792-5131
susan@skmarcuslaw.com


/s/ Ethan A. Balogh
ETHAN A. BALOGH
Balogh & Co., APC
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 391-0441
eab@balcolaw.com


/s/ Lisa B. Shelkrot
Lisa B. Shelkrot
Langrock Sperry & Wool
PO Box 721
Burlington, VT 05402-0721
(802) 864-0217
lshelkrot@langrock.com


Attorneys for Defendant
SERHAT GUMRUKCU