UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 5:22-cr-58 |
| | ) | |
| SERHAT GUMRUKCU and | ) | |
| BERK ERATAY, | ) | |
| Defendants. | ) | |

GOVERNMENT'S MOTION TO QUASH TRIAL SUBPOENAS AND
FOR DISCOVERY FROM THE DEFENSE

**I.**     Introduction and Factual Background

The Federal Rules of Criminal Procedure authorize the parties in a criminal case to subpoena records for trial or other court proceedings. *See* Fed. R. Crim. P. 17. Rule 17 also provides authority for the Court, in its discretion, to order a third party to produce documents prior to the trial date. The government recently learned that Gumrukcu is using trial subpoenas directing third parties to produce records prior to trial to counsel's office without judicial authority. Gumrukcu's counsel appeared to concede in court that the defense had issued at least two such subpoenas. The government takes the position that such subpoenas are not authorized by law. The Court should quash these subpoenas and any other similarly served subpoenas. It should direct Gumrukcu to seek Court approval for early production of any such records. It should also direct Gumrukcu to provide information about any such subpoenas for which he already obtained records. The Court should review this submission to determine if the productions were legally appropriate. Even if the Court authorizes early production for past or future subpoenas, such production should typically be made to both parties, not to the defense alone. The Court should order

1

the defense to make the information available to the government now or well in advance of trial.

As noted at the recent hearing, the government recently learned about two responses to defense suboenas for early production. The subjects of the subpoenas returned information to the clerk's office rather than defense counsel's office. The clerk's office provided the information to the United States Attorney, apparently under the impression that the subpoenas had been issued by the government. The government returned the data to the court at the hearing. The defense requested the records immediately. The court allowed the government to file this motion prior to deciding how to proceed.

II.   Law and Analysis

A subpoena is a judicial command to appear or present documents at a court hearing or trial. Rule 17(a) confirms that subpoenas are creatures of a court proceeding. Rule 17(c) provides that a party in a criminal case may use a subpoena to command "the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Rule 17(c) further allows for production of documents "before trial or before they are to be offered in evidence." But the rule contemplates that the documents will be delivered to the Court, not one of the parties alone. "When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." *Id.* The rule does not appear to authorize ex parte production of documents by subpoena.

Defendants in criminal cases cannot use trial subpoenas the way civil litigants use document subpoenas to third parties under Fed. R. Civ. P. 45. Under the federal criminal rules, "although the court's permission is not ordinarily required for a subpoena *duces tecum* to produce evidence at trial or hearing, a court order is needed to require production prior to

that time." Mehler et al., *Federal Criminal Practice: A Second Circuit Handbook*, § 45-3, at 1313 (2023) (citing cases). Production of documents prior to a criminal trial rests on the discretion of the judge handling the case. "Rule 17 provided for the usual subpoena ad testificandum and duces tecum, which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena duces tecum to be produced at a specified time and place for inspection by the defendant. Rule 17(c) was not intended to provide an additional means of discovery." *Bowman Diary Co. v. United States*, 341 U.S. 214, 220 (1951); *accord United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992).

The Supreme Court confirmed the role of judicial discretion in early production under Rule 17(c) two decades later in *United States v. Nixon*, 418 U.S. 683 (1974). There, the Court held that a party seeking early production must make a four-part showing to the judge considering a motion for early production. "In order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Id.* at 699. Moreover, the Supreme Court noted that such subpoenas should not be authorized solely for impeachment purposes. *Id.* at 701. The Second Circuit handbook noted that "[b]ecause of these limitations, courts rarely grant motions for pretrial Rule 17(c) subpoenas." Mehler, *supra*, at 1314. Accordingly, this Court is empowered to ensure that subpoenas are only used in accordance with law "through the Court's power to quash or modify subpoenas." *Arditti*, 955 F.2d at 346.

Here, Gumrukcu has sought early production but apparently did not file the requisite motions for such production. The defendant's obligation to consult with the assigned judge is laid out on the face of the subpoena form, which Gumrukcu presumably used. The United States Administrative Office of Courts form provides notice that "counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16." AO Form 89B.

Not only must the defendant seek judicial approval for the issuance of such a subpoena, the government should ordinarily be allowed to weigh in on both the propriety of the subpoena and the government's ability to inspect the subpoenaed records. Both parties are normally allowed to review records obtained by a trial subpoena. Fed. R. Crim. P. 17(c)(3). After all, a trial subpoena commands the third party to produce them in court when both parties are present. It makes sense, of course, that trials proceed more efficiently if the parties can review the records offered in evidence prior to trial; it makes little sense that defendants can use Rule 17(c) early production subpoenas to secretly obtain potential evidence. The admonition on the subpoena form confirms that the assigned judge should decided whether "counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. 16." AO Form 89B.

Gumrukcu's counsel suggested at the recent hearing that Gumrukcu should be permitted to obtain records ex parte and that the only defense obligation would be to

produce the records if required by Fed. R. Crim. P. 16(b), which governs discovery. Rule 16(b)(1)(A) requires the defense to make available any documents that the defense possesses and "intends to use in its case in chief at trial." Gumrukcu's counsel also suggested that the defense would not share subpoenaed records until after the close of the government's case, presumably when the defense made a final decision about its case in chief.[1]

Such practice would not be consistent with this District's local rules or practice. The local discovery rule obligates the defense to identify its evidence well in advance of trial. DVT Rule 16(b). Moreover, the judges in this District make it a practice for both parties to provide exhibit lists and exhibits at least two weeks before trial. In this case, the government has provided generous Rule 16 discovery that goes well beyond the evidence it plans to use its case in chief. Any additional documents the government received before trial would be quickly shared with the defense. The Court should not permit the defense to hide its documentary evidence until trial, indeed until after the government concludes its case.

The defendant has wrongfully made the place of return for the subpoenas to counsel's New York City law office in contravention of Rule 17(c)(1)'s requirement that documents be produced to the Court where both parties may inspect and review the documents. Under Rule 17(c), the United States has an equal right to inspect and review such documents. Therefore, the United States respectfully requests that any documents produced pursuant to any Rule 17 subpoenas not quashed by the Court be produced to the Court and not to counsel's offices (whether in New York City or elsewhere).

---

[1] At the hearing, Gumrukcu's counsel also suggested that the government analyzed the subpoena response materials that were addressed to counsel's office but sent to the District Court. The government did no such thing.

The Court has discretion in how it regulates Rule 16 discovery and Rule 17 subpeonas. Gumrukcu's stated position about his discovery obligations make the Court's exercise of discretion only more important in regulating early production of records with trial subpoenas. While the Court has the power to grant ex parte permission to obtain and review records, any such ex parte production should be closely supervised and cautiously allowed. For example, even if the defense motion for early production can be submitted ex parte because it outlines defense strategy, the records themselves likely well not disclose defense strategy. The United States respectfully requests a prophylactic order that if Rule 17(c) subpoenas have been issued and documents and data returned to the defense, that they be turned over to the Court for an *in camera* inspection to determine whether they have been properly issued in compliance with Rule 17.

The government and the public should be aware of the Court's exercise of power to order third parties to produce evidence prior to trial. For responses to Rule 17(c) document subpoenas, the Court should make the records available to both parties either when the records are produced or well in advance of trial.

**III.**   Conclusion

The United States respectfully moves this Court to: (i) quash the *subpoena duces tecum* issued improperly under Rule 17; (ii) order that any additional subpoenas issued by defense counsel be made available to the Court for inspection; (iii) order that the defendant consult

the Court before issuing additional subpoenas; and (iv) order that any responsive documents be produced to the Court.

Dated at Burlington, in the District of Vermont, this 26th day of January, 2024.

Respectfully submitted,

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

By:  *s/Paul J. Van de Graaf*
PAUL J. VAN DE GRAAF
ZACHARY STENDIG
Assistant United States Attorneys
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725