1                    UNITED STATES DISTRICT COURT
                              FOR THE
2                       DISTRICT OF VERMONT

3

4    United States of America      )
                                   )
5                                  )
     v.                            ) Case No. 5:22-cr-58-1-2
6                                  )
                                   )
7    Serhat Gumrukcu               )
     Berk Eratay                   )
8    _____)

9    RE:  Status Conference

10   DATE:  February 22, 2024

11   LOCATION:  Via Video Conference

12   BEFORE:  Honorable Geoffrey W. Crawford
                  Chief District Judge

13

14   **APPEARANCES**:

15   Paul J. Van de Graaf, AUSA
     Zachary B. Stendig, AUSA
16   United States Attorney's Office
     District of Vermont
17   PO Box 570
     Burlington, VT 05402-0570

18

19   Ethan A. Balogh, Esq.
     Balogh & Co. APC
20   100 Pine Street, Suite 1250
     San Francisco, CA 94111

21

22   Susan K. Marcus, Esq.
     Law Firm of Susan K. Marcus
23   29 Broadway, Suite 1412
     New York, NY 10006

24

25                   - Continued on Next Page -

```
 1   Lisa B. Shelkrot, Esq.
     Langrock, Sperry & Wool
 2   210 College Street, Suite 400
     Burlington, VT 05401
 3
     Allan J. Sullivan, Esq.
 4   Sullivan PLLC
     59 Coventry Street #702
 5   Newport, VT 05855
 6   Mark D. Oettinger, Esq.
     Montroll, Oettinger & Barquist
 7   126 College Street
     Burlington, VT 05410
 8
 9
10
11
12
13
14
15
16        TRANSCRIBED BY:  Sunnie Elizabeth Donath, RMR
               United States District Court Reporter
17                 verbatim@vermontel.net
18
19
20
21
22
23
24
25
```

```
 1              (The Court opened at 1:45 p.m.)

 2              COURTROOM DEPUTY:  Your Honor, the matter before the

 3    Court is Criminal Case Number 22-cr-58-1-2, United States of

 4    America versus Serhat Gumrukcu and Berk Eratay.  Representing

 5    the government are Assistant United States Attorneys Paul Van

 6    de Graaf and Zachary Stendig.  Representing the defendant

 7    Serhat Gumrukcu is Lisa Shelkrot, Ethan Balogh, and Susan

 8    Marcus.  Representing Mr. Eratay is Allan Sullivan and Mark

 9    Oettinger.  We are here for a status conference.

10              THE COURT:  All right.  I think we'll be brief.  It's

11    nice to see everybody again, at least on Zoom.  Mr. Balogh, I

12    don't see your client, and I know we had trouble at the

13    facility getting him on Zoom.  What's your preference?

14              ATTORNEY MARCUS:  We agreed to waive his appearance

15    for the purpose of this status conference, and, if the Court

16    would like us to get something in writing, we can do so at a

17    later date.

18              THE COURT:  Yeah, if you'd follow up in writing, I'd

19    appreciate it.  Thank you.  And, Mr. Sullivan, I think

20    Mr. Eratay previously filed a written waiver of appearance.

21              ATTORNEY SULLIVAN:  Good afternoon, Your Honor.  Yes,

22    he did.  He waives his appearance.

23              THE COURT:  Good, all right.  I've got three things

24    on my list.  The trial date, it's seven months away.  I don't

25    -- I trust nobody is getting married in September.  I moved it
```

1    up by two weeks for a couple of reasons.  One is it's becoming

2    apparent to me that the, with the additional count and

3    considerable professional energy on both sides which becomes

4    more apparent by the month, the original estimate of a couple

5    of weeks may be a little tight.  So I blocked you another two

6    weeks by moving it to September, September 16th.

7         Is anybody getting married or planning a world cruise

8    between September 16th and October 7th?  I hear nothing.  Is

9    that an inconvenient change for anyone?  Appreciate it.

10        ATTORNEY MARCUS:  It, well, it certainly is for Dr.

11   Gumrukcu and our preparations for the trial.

12        THE COURT:  It's two weeks out of seven months.

13        ATTORNEY MARCUS:  I thought we were starting on

14   October 7th and it would be three weeks --

15        THE COURT:  Yeah.

16        ATTORNEY MARCUS:  -- which is significant for --

17   Mr. Balogh and I, of course, have to relocate and have taken a

18   considerable amount of effort to carve out the time, and we've

19   been planning on these dates for a significant period of time.

20   We also, of course, when we said that was the earliest date

21   that we thought we could be prepared, we do need all the time

22   that --

23        THE COURT:  If I can interrupt you, Ms. Marcus, it

24   was a year and a half, which I have never seen anybody ask for,

25   but your colleague made an impassioned case for it.  I've got a

1    hard stop.  I should put all my cards on the table.  I've got a

2    hard stop personally at the end of October, and I'm worried

3    that, if we start on the 7th, that we're going to run out of

4    time, because I think this is going to take a very long time.

5    Do you see it differently?

6           ATTORNEY MARCUS:  It's hard to know without, you

7    know, what, how this is going to shape up.  This could be a

8    shorter trial or a longer trial depending on what the

9    government is intending to put in evidence.

10          THE COURT:  A lot.  We've seen it.  I mean, with the

11   motion practice, it's becoming apparent.

12      The government, a longer trial or a shorter trial?

13          ATTORNEY VAN DE GRAAF:  Well, Your Honor, I certainly

14   think we, we can't risk that it will, that it will not take

15   more than four weeks.  I don't know if that -- so, if we

16   started on the 7th, your hard stop is four weeks or less than

17   four weeks.  I think it is possible that this trial goes more

18   than four weeks, and so I don't think that -- if that is really

19   a hard stop for you, we should definitely start earlier,

20   because I think it's more important to have a little bit of

21   cushion than to not have cushion.

22      Now, I mean, I hope -- I mean, I sort of hope it doesn't

23   take more than four weeks, but I certainly can't guarantee that

24   now, and it's very possible it will.  And so, if there is no

25   time in November that the Court has right after, you know, to

 1   continue this beyond, October 31st, then I think we've got to

 2   start earlier.

 3          THE COURT:  That's about how I saw it from my

 4   perspective.  Ms. Marcus, I just don't want to run out of time

 5   for you, and I have come to appreciate -- I don't mean it in

 6   anything except a positive way -- the passion that you and your

 7   colleague bring to the case.  I think it's going to take you a

 8   long time.  I've just had, you know, we've all had a peek at

 9   some of the documents that have been obtained, and I think

10   that's probably the tip of the iceberg as far as both the

11   government's case and yours.  I think it's hard for all of us

12   to judge, but I think we'd be foolish to think that it would be

13   over in three weeks.

14          ATTORNEY MARCUS:  And is, the hard stop at the end of

15   October, what about a date in November to start, or is Your

16   Honor saying that --

17          THE COURT:  We just have to get this on, and you'll

18   much prefer the weather in September to November.  I, I mean, I

19   don't want to pry at all into your preparations, but I can't

20   imagine, with a year under your belt, well, close to it -- when

21   did you guys come into the case, last summer, right?

22          ATTORNEY MARCUS:  Yes.  It's a tremendous amount of

23   work --

24          THE COURT:  Yeah.

25          ATTORNEY MARCUS:  -- and evidence and work to do on

1    our part, of course.  We're not -- you know, we have multiple

2    terabytes of discovery from the government, and then, of

3    course, there is our own work to do, and we don't take this

4    lightly.  We, our client is, you know, we want to do everything

5    that we can to defend him --

6               THE COURT:  Yes, absolutely.

7               ATTORNEY MARCUS:  -- the best we can.  We don't want

8    --

9               ATTORNEY BALOGH:  Your Honor.

10              ATTORNEY MARCUS:  -- our preparation.

11              THE COURT:  Right.

12              ATTORNEY BALOGH:  Can I be heard, Your Honor?

13              THE COURT:  Well, it's usually one to an issue.  Who

14    is that?  I can't tell.

15              ATTORNEY BALOGH:  This is Mr. Balogh.

16              THE COURT:  Oh.  Well, yes, but --

17              ATTORNEY BALOGH:  The point that -- if I may, Your

18    Honor.

19              THE COURT:  Go ahead.

20              ATTORNEY BALOGH:  I guess my points would be three.

21    One, I think it's three weeks, and that's basically 10 percent

22    of the remaining time, and focusing on the time we've had,

23    we've structured our lives around the agreements we made to you

24    and the promises we got about when we'd start, and those were

25    settled expectations, and the idea that we can upset those

1    easily, I think that's incorrect, and I think that's unfair to

2    us.

3        Two, one of the things Your Honor said is we're getting a

4    look at documents.  I'm confused by this.  I saw all the motion

5    practice.  It was motions on the pleadings.  I didn't see any

6    papers.

7            THE COURT:  I saw the papers you requested.

8            ATTORNEY BALOGH:  You might be reflecting on what our

9    colleague is going to do for a motion to suppress, and that

10   will only enhance the litigation by having my colleague perhaps

11   litigate some of those issues early, but that doesn't sort of

12   augur for shortening the schedule.  That augurs for time to

13   hear those motions and make sure there's space to hear them.

14   But I don't understand why this case should take more than two

15   weeks, much less than three weeks.

16       But, in any case, when we set the trial setting, we

17   settled defense expectations in a meaningful way.  We also have

18   the other obligations of small practitioners of covering,

19   finishing, resolving, and managing other cases for other

20   courts.

21           THE COURT:  Can I interrupt you there?

22           ATTORNEY BALOGH:  Yes, you may.

23           THE COURT:  I got a straight promise from Ms. Marcus

24   that it was not that problem, this was your main case, and that

25   other --

```
 1              ATTORNEY BALOGH:  Correct.  I would --
 2              THE COURT:  Hey, don't interrupt me, Mr. Balogh.
 3              ATTORNEY BALOGH:  I apologize.
 4              THE COURT:  Give me a chance to finish, and I'll hear
 5    you out.  That I was not going to hear from you that you had
 6    other things that you needed to do.  She was very straight
 7    about that.
 8              ATTORNEY BALOGH:  I couldn't agree more, and that was
 9    in the context of we will show up and we won't seek a
10    continuance.  We will show up on time.  We will manage our
11    schedule.  We will not seek more time.  We promised you that.
12    We are meeting that promise.  This is not breaking that
13    promise.  This is us resisting a change in circumstances that
14    we believe prejudices the defense in a material way that's
15    unfair to the defense.  That's our position, respectfully, Your
16    Honor.
17              THE COURT:  All right.  Anything else on this one?
18    I, I take your point that it is three weeks and not two.  We'll
19    start on the 24th.  I can't think two weeks seven months from
20    now is an insuperable obstacle, and it buys you the flexibility
21    to either have a shorter trial or a longer trial, however it
22    develops, without everybody worrying about whether there is
23    going to be sufficient time to complete it.
24         So, if we start on the 23rd, that gives us five weeks.
25    Mr. Van de Graaf, do you see this going past five weeks?
```

1           ATTORNEY VAN DE GRAAF:  Your Honor, I can't
2      anticipate the future, but I will do everything in my power to
3      get it done in five weeks.  I don't control everything, but I
4      will do everything in my power to get it done in five weeks.
5           THE COURT:  I can't say I'm loving it.  Ms. Marcus,
6      five weeks?
7           ATTORNEY MARCUS:  No.  It's probably -- it really
8      depends on the government.
9           THE COURT:  Yeah.  They say it depends on you.  So
10     the one person that doesn't know how long either of you plan is
11     the judge.  So help me out.
12          ATTORNEY MARCUS:  It is, it is hard to say.  The last
13     thing I would want to do is agree to cabin or reduce evidence
14     or not make arguments or not allow the jury sufficient time to
15     deliberate.  So the hard stop, I don't --
16          ATTORNEY BALOGH:  Can we inquire what's the nature of
17     the hard stop, Your Honor?
18          THE COURT:  Yeah.  I have to see my sister.
19          ATTORNEY BALOGH:  I can't imagine this case going
20     longer than five weeks.  I can't imagine this case going longer
21     than four weeks, quite frankly, but I guess, when we'll get the
22     government's 404(b) notice, that will tell us a lot more what's
23     in play, but as far as what's in-bound on this indictment, Your
24     Honor, the indictment is in.  The government offered a proffer
25     last time what the fraud case was.  That doesn't seem terribly

1   complex or involved.  It's not document-heavy in any way,

2   shape, or form, much like most paper cases.  So I don't get

3   that being extensive.

4       As I understand the murder allegations, you've got Jerry

5   Banks who pulled the trigger, and he's pled guilty and is

6   cooperating.  You got Ethridge, the guy that hired him.  He

7   pled guilty and is cooperating.  And the people he sent the

8   transaction on the dock, that those are two witnesses, and then

9   there's the forensics of putting together the case against

10  Banks.  That's pretty simple.  We know that from the search

11  warrant.

12      How do we get beyond one week of trial?  That's a five-day

13  case that I just described to you, and that's being generous.

14  So, yeah, five weeks, I feel comfortable.

15          THE COURT:  All right, the 23rd it is.  I appreciate

16  it.  Thank you.  Subpoenas, I left it to you guys to meet and

17  exchange information.  Is that going, okay?  Mr. Balogh, why

18  don't I ask you?

19          ATTORNEY MARCUS:  We've been busy with the search

20  warrant motions, and we just got a response from the government

21  today on that.  So we need to confer about that.  So we've kind

22  of tabled -- at least as far as our team goes, we've been

23  spending a lot of time on those, the search warrant motion.

24          THE COURT:  Oh, the suppression motion?

25          ATTORNEY MARCUS:  Yes.

1          THE COURT:  Yeah.  All right.  It was the Rule 17

2    sharing the information of the pretrial.  I just wanted to make

3    certain that that was going forward.

4          ATTORNEY BALOGH:  That's right.  That's next on our

5    hit parade, Your Honor.  We plan to resolve that.  We're

6    obviously engaged with the government now on related issues or

7    at least motion practice, and we're focused on the case, but we

8    will be addressing that with Mr. Van de Graaf and Mr. Stendig

9    presently and proceeding in course.  Or, if we seek another --

10   if we decide on a different course of conduct, we'll, of

11   course, let you know through motion practice.

12         THE COURT:  I'm not sure what you said exactly.  But,

13   Mr. Van de Graaf, you're content with this or no?

14         ATTORNEY VAN DE GRAAF:  Well, I mean, I think that we

15   still have -- we haven't heard exactly from the defense on

16   what's going on, but we certainly will wait and get some

17   information about, you know, what's happening.  If there is

18   stuff happening with the Rule 17(c) that the Court anticipated,

19   we haven't heard yet.  We got some documents from the Court

20   that were produced previously, but we haven't heard about other

21   subpoenaed material yet.

22         ATTORNEY BALOGH:  We'll be addressing that presently,

23   Your Honor.

24         ATTORNEY MARCUS:  So I will say whatever was sent,

25   whatever was mistakenly picked up by the government and given

1    back to the Court, we have not received a copy.

2              ATTORNEY BALOGH:  Maybe Mr. Van de Graaf can serve

3    us.

4              ATTORNEY VAN DE GRAAF:  No, I definitely got it, so I

5    thought that you got it, too, but I can certainly give a copy

6    to them.

7              ATTORNEY MARCUS:  We did not.

8              THE COURT:  It's a disc.  Neither of you received it,

9    Ms. Marcus, Mr. Balogh?

10             ATTORNEY MARCUS:  We have not received a disc.

11             ATTORNEY BALOGH:  We didn't get it.

12             THE COURT:  Okay.  I think we sent a disc to each of

13   you, but I'll look into it and make certain that you get it,

14   but I'm glad we're having this discussion.  I thought it was,

15   you had received it.  And you have other material that you've

16   received directly at your offices, right?

17             ATTORNEY MARCUS:  Not much.

18             THE COURT:  Ms. Marcus, I thought it was only one

19   recipient that returned the material to the court and there

20   were, I thought, several.

21             ATTORNEY MARCUS:  Right.  We need to see if there was

22   anything else returned.  I don't offhand believe so, but we

23   will check.

24             THE COURT:  All right.  I'll leave it to the two

25   sides to talk it through, except our, my part is to make

1   certain that you each get the disc -- that was the intention --
2   that the phone company sent in.  It's getting away from me.
3   But I'll make certain to follow up and make sure that the
4   defense gets that as well.  It was a, that was the plan.

5         And the suppression motion, I only wanted to get an idea,
6   Mr. Balogh, Ms. Marcus, whoever wants to take it, as to when
7   you would like to come and what kind of a hearing you think you
8   might like to have just for scheduling purposes.

9               ATTORNEY MARCUS:  I think we --

10              ATTORNEY BALOGH:  Go ahead, Ms. Marcus.

11              ATTORNEY MARCUS:  You know, we're reviewing.  The
12   government gave us a response today on their execution of the
13   search warrants, which is what we're looking into, whether that
14   was broader than what they were allowed to search.  It seems
15   like it is going to require either more conversation with them
16   or more digging on our part to determine if it's a fair motion
17   to bring.  We're certainly not going to bring a motion if we
18   don't think we have reason to.  So that's why we wanted
19   additional time is to just make sure that there is an issue and
20   that we want to bring a motion.  So, you know, I don't think it
21   will be a lengthy hearing if we are going to be bringing a
22   motion.

23              THE COURT:  Okay, easy.  It's just cumbersome getting
24   everybody together.  So, as soon as you -- well, I'll look at
25   the motion, but perhaps accompanying it you could put in a

1    request for time and what you think you need, and we'll hear

2    from the government as well and try and get it set up so we

3    don't lose time scheduling it.  That's all I'm saying.

4             ATTORNEY MARCUS:  Understood.

5             THE COURT:  Yeah, all right.  Those were the things

6    that I had on my mind.  Mr. Van de Graaf, anything from the

7    government?

8             ATTORNEY VAN DE GRAAF:  Your Honor, can you hear me?

9             THE COURT:  Yes.

10            ATTORNEY VAN DE GRAAF:  So, no, I didn't -- the

11   Court's order made it sound like the trial was only going to

12   last until October 11th, and that made me nervous.  So it, now

13   I think you're being clear that we'll begin on the 23rd and

14   continue, we have until the end of October.

15            THE COURT:  Yeah.

16            ATTORNEY VAN DE GRAAF:  So I was worried that you

17   were actually moving the trial and shortening the trial.

18            THE COURT:  No.  I was, it was probably my poor

19   choice of words.  I was trying to give you more time, not less.

20            ATTORNEY VAN DE GRAAF:  That's why we're having the

21   status conference, to make sure we're all on the same page.  So

22   that was my biggest question.  I think that it would be

23   important for us -- it's probably too early right now, but I

24   think it's important for us, you know, as we get closer to

25   summer, to have a better schedule for different types of

1    motions and motions in limine and things like that.  So the

2    Court hasn't really scheduled those yet.  Maybe, at the hearing

3    on the motions to suppress, we also talk about a scheduling of

4    other things over the summer so that people can have that, you

5    know, we can have a good plan on how we're going to address

6    those issues over the summer.

7            THE COURT:  All right.  I'm thinking, Ms. Marcus, the

8    motion to suppress, I'm thinking about what Mr. Balogh just

9    said.  So you're not certain -- or that you did -- you're not

10   certain that you'll file one at all; you're still sort of

11   making that determination, so it would be premature just to put

12   a date in so you can all start to plan, right?

13           ATTORNEY MARCUS:  That's correct.

14           THE COURT:  But we could put a date in and cancel it

15   when we knew.

16           ATTORNEY MARCUS:  That also works.

17           THE COURT:  Let's do that.

18           ATTORNEY MARCUS:  Okay.

19           THE COURT:  All right?  So May and June get busy for

20   all of us with meetings, but how about a date in May; would

21   that be reasonable?  I'm trying to think.  You've got another

22   week or so to, on the extension, right, for the deadline?

23           ATTORNEY MARCUS:  They're due March 7th now.

24           THE COURT:  March 7th, and then April 7th for the

25   government and a response.  So, if we looked for a -- we'll

1    pick a date in May.  Do you have some times to avoid?

2              ATTORNEY MARCUS:  I don't, no.

3              THE COURT:  Mr. Van de Graaf?

4              ATTORNEY BALOGH:  Nor do I, Your Honor.  I'm

5    available at your convenience.  Just for the record, so the

6    Court knows, I've gotten notices from the Ninth Circuit Court

7    of Appeals that two of my cases are being considered for

8    argument in, one of my cases will be considered for argument in

9    May.  So that's the only thing that could keep me away, but I

10   will address that should it come to light, but there's nothing

11   -- I have no other conflict that I know of.  So whatever works

12   for Your Honor.

13             THE COURT:  Okay.  And is there -- a Friday or a

14   Monday is probably best for you, right, so you don't sort of --

15             ATTORNEY BALOGH:  Friday is better than Monday.  In

16   my experience, the Circuit has never heard from me on a Friday,

17   but they hear from me on Monday all the time.  So a Friday

18   would be wonderful.

19             THE COURT:  All right.  We'll find a Friday in May

20   and put that on.  We'll take it off if it's not needed, and

21   I'll give some thought to doing the same thing for the motions

22   in limine, but that's as --

23             ATTORNEY BALOGH:  As long as we're talking about

24   dates, though, if we could avoid the Memorial Day Friday, which

25   I believe is the 24th, just because that's traditionally a

1    family weekend, and so I have family obligations, but apart

2    from that --

3              THE COURT:  You got it.  The guy who has to see his

4    sister has not got much standing to impinge on your family

5    weekend.

6              ATTORNEY BALOGH:  Thank you, Your Honor.  Exactly,

7    family is important.

8              THE COURT:  Yeah.  No.  I get it.  So Memorial Day is

9    off.  We'll find a date earlier in May.

10             ATTORNEY SHELKROT:  Your Honor, I am scheduled to be

11   out of the country the last two weeks in May, but I think that,

12   if we're already taking the 24th off, we'll make that work one

13   way or the other.

14             THE COURT:  Okay, good.  Thank you.  I'm glad for the

15   chance to talk.  Anybody else have anything they need to bring

16   up?  Otherwise, I'll let you guys go.

17             ATTORNEY BALOGH:  No.  Thank you kindly for the

18   audience, Your Honor.

19             THE COURT:  All right.  Appreciate it, thanks.

20             ATTORNEY VAN DE GRAAF:  Thank you, Your Honor.

21             ATTORNEY MARCUS:  Thank you.

22

23        (Whereupon at 2:09 p.m. the hearing was adjourned.)

24

25

```
 1                    C E R T I F I C A T E

 2              I, Sunnie Donath, RMR, Official Court Reporter

 3    for the United States District Court, District of Vermont, do

 4    hereby certify that the foregoing pages are a true and accurate

 5    transcription of my stenographic notes of the hearing taken

 6    before me in the above-titled matter on February 22, 2024 to

 7    the best of my skill and ability.

 8                           Sunnie Donath, RMR
                     --------------------------------
 9

10                         Sunnie Donath, RMR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```