## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>SERHAT GUMRUKCU,<br><br>           Defendant. | Case No. 5:22-cr-58 |

## SERHAT GUMRUKCU'S MOTION TO EXCLUDE THE GOVERNMENT'S PROFFERED FED. R. EVID. 404(B) EVIDENCE

Defendant Serhat Gumrukcu, by and through his attorneys of record, hereby moves the Court to exclude from trial the Government's 14 categories of evidence, proffered pursuant to Fed. R. Evid. 404(b). As set forth below, the Government asserts reliance on all permitted bases for admission of Rule 404(b) evidence, without limitation. *Id*. at 1. But the Government offered no presentation on how the noticed evidence fell within the ambit of Rule 404(b). *Id*.; *see also* Fed. R. Evid. 404(b)(3). Some of the items the Government lists are terribly vague and lack the necessary detail required to be noticed to permit Gumrukcu and the Court to assess the proffered "evidence." The Government's failure to meet the obligations imposed by Fed. R. Evid. 404(b)(3) independently support exclusion of the proffered "evidence".

As set for the more fully below, Gumrukcu contends that the Government's notice is insufficient, and it fails to support admission of evidence under the Rule, particularly because the Government cannot establish that its other-act-evidence is "substantially more probative than prejudicial." *United States v. Downing,* 297 F.3d 52, 58 (2d. Cir. 2002). Worse, the

Government's notice (and on-the-record comments) reflect the Government's attempt to introduce other act evidence to argue propensity, both to commit crimes and other acts with Eratay and otherwise.  But use of other act evidence to prove propensity is strictly forbidden. Finally, and in addition, the Court should exclude the evidence pursuant to Fed. R. Evid. 403 because any probative value is eclipsed by a danger of unfair prejudice, confusion of the issues, misleading the jury, and would constitute a waste of the Court's time.

For the reasons that follow, the Court should exclude from evidence all 14 categories of proffered 404(b) evidence.  At a minimum, the Court should defer ruling, and restrict mention or introduction of any 404(b) evidence, until the conclusion of the defense case.

## MEMORANDUM OF LAW

### Overview

On June 10, 2024, the Court held its first status conference with the parties in advance of the September 23 trial.[1]  The Court expressed "concerns about the length of time" the Government believed necessary to try its case.  *See* ECF 183 at 2:18-3:2; *see also id.* at 4:20-24 (observing "that the murder-for-hire [charge is relatively straightforward in terms of witnesses and evidence" and questioning nature of financial evidence); *id.*, at 5:17-18 (expressing belief that "the case could be tried in three weeks.").  Defense counsel had expressed the same assessment to Judge Crawford in the final status conference before the Court advanced the trial to September and transferred the matter.  *See* ECF 157 at 8:14-15 ("I don't understand why this case should take more than two weeks, much less than three weeks."); *see also id.*, at 10:19-11:14 (addressing the simplicity of the murder-for-hire allegations and the lack of a substantial

---

[1] This case was transferred to the Honorable Christina Reiss, United States District Judge, on March 15, 2024.  *See* ECF 164.  ECF refers to the docket entries generated by the Electronic Court Filing system.  We pin-cite to the ECF-generated page numbers atop each filing.

volume of documents with respect to the fraud charges, and observing that the scope of the Government's Rule 404(b) presentation could affect the length of the trial).

After hearing from the parties, the Court ordered the Government to provide defendant, by June 26, notice of the evidence it seeks to offer pursuant to Rule 404(b).  *See* ECF 181; *see also* ECF 183 at 17:17-18:7. The Government timely provided notice of its 14 categories of Rule 404(b) evidence it will seek to admit, but its notice falls short of the Rule's requirements.  *See* Ex. A, June 26, 2024 Letter to Counsel, at 2-3. After reciting the Rule, the Government asserted reliance on all permitted bases for admission of Rule 404(b) evidence, without limitation, or specification.  *Id*. at 1.  The Government offered no presentation on how the noticed evidence fell within the ambit of Rule 404(b).  *Id*.

The Government separated its proffered evidence "into two tranches."  *Id.*  Gumrukcu presents them in turn.

### A.  The Government's Notice of Rule 404(b) evidence from Berk Eratay.

"As to the first portion," of its notice evidence:

> the Government [seeks to] elicit certain evidence from Berk Eratay, as well as evidence that corroborates his testimony, regarding the period from 2015 to 2022 for various uncharged purposes.  This evidence is relevant to the relationship between Mr. Eratay and Mr. Gumrukcu, as well as motive, opportunity, intent, plan, knowledge, identity, absence of mistake, and lack of accident. Gumrukcu directed Eratay, as his employer, to engage in most of, if not all of, this conduct.

*Id*.  The Government's notice then declares "[t]his evidence *includes*:

1.  Testimony from various witnesses about a meeting at The Cosmopolitan of Las Vegas in May 2015 where Halis Kaya posed as a member of royalty, Aron Ethridge posed as his bodyguard, and Eratay posed as an accountant for a meeting with an American corporate executive concerning a potential transaction.

2.  Testimony and documents about obtaining Russian "degrees" and dissertations between 2019 and May 2022 and about Gumrukcu's false statements made from 2017 to 2019 about his

medical degree and training (and other advanced degrees) that he did not actually possess, which false statements led to obtaining the Russian credentials.

3. Testimony and documents about seeking a resolution of the criminal charges pending in Turkey against Gumrukcu between 2019 and 2022. This will include testimony about the underlying Turkey case and Eratay's role in acting as an advisor and intermediary with Turkish attorneys in an attempt to obtain dismissal of the Turkish case.

4. Testimony and documents about Eratay's role in creating negative social media and internet content to retaliate against Caleb Hannon for investigating Gumrukcu in 2022. Hannon's investigation led to negative publicity against Gumrukcu.

5. Testimony about Eratay posing as a medical assistant for Gumrukcu when he performed medical services without a medical license. Eratay also helped Gumrukcu obtain Turkish Vitamin C and other pharmaceuticals.

6. Testimony that Gumrukcu purchased drugs from Aron Ethridge during transactions that were brokered by Berk Eratay. This occurred because Gumrukcu was a recreational user of cocaine (and potentially other controlled substances).

7. Testimony that Gumrukcu asked Berk Eratay to help him avoid mandatory military service in Turkey and potential penalties for not serving.

8. Testimony and documents that Gumrukcu wanted to obtain a fraudulent passport from Cyprus because of the expiration of Turkish passport in light of his criminal case in Turkey and asked Berk Eratay to obtain that passport.

9. Testimony and documents that Gumrukcu directed Berk Eratay to influence Gumrukcu's social media and internet presence, both negatively and positively. This included conducting negative SEO. Negative SEO is a malicious attempt to stop the visibility of certain content on the internet. Specifically, in 2019, Gumrukcu sent Berk Eratay a link to an article on the White Diamond website about Gumrukcu's California fraud case (as charged in the Indictment) and asked Eratay to get rid of it by de-listing access to it and removing the article from Google indexing. Berk Eratay did this in two ways. First, he ran code to make it appear as though a link did not in fact work. When users searched for the article, they found a 403 error. And second, Eratay worked to make sure any searches for the article on Google would appear beyond the first page of responsive results.

10. Testimony and documents relating to a loan Gumrukcu obtained from Devon Archer and directing Eratay to assist him in delaying and avoiding repayment of the loan, which was never completely repaid.

*Id*. at 1-2 (emphasis added).[2]

---

[2] NB., we have replaced the Government's use of bullet points with numbering for more convenient reference below; we continue sequential numbering in place of bullet points with respect to the Government's second tranche of proffered evidence.

**B. The Government's Notice of Rule 404(b) evidence from other, mostly unidentified, witnesses.**

"As to the second portion," of its Rule 404(b) notice, "the Government [seeks to] elicit the following evidence pursuant to Rule 404(b):

11. Testimony and documents that, in connection with the Ersin Akyuz fraud case, Gumrukcu caused various false representations about the real estate deal in which Akyuz invested, and Gumrukcu provided various false documents, including phony emails from an attorney.

12. Testimony that, in connection with the Ersin Akyuz fraud case, Gumrukcu told Eratay that he wanted to kill someone in Turkey, whom Eratay understood to be Akyuz. Eratay determined that the fraud case was tied to a bank manager, so Eratay located a Swiss woman who mentioned there was a substantial loan that she wanted repaid by Gumrukcu. While Eratay did not agree to help have Akyuz killed, Eratay did agree to assist with stalling the Swiss woman in connection with the repayment of the loan. Eratay understood that Gumrukcu paid money to someone in Turkey but that the money was lost.

13. Testimony and documents that Gumrukcu provided false statements/records to his accountants in connection with the 2018 preparation of FBAR (Report of Foreign Bank and Financial Accounts) documents.

14. Testimony and documents about the California fraud case for which Gumrukcu was arrested in February 2017 and in which he pleaded guilty in January 2018.

*Id.*, at 2.

## ARGUMENT

To assess the Government's Rule 404(b) notice, we must begin with the charges.

**A. The allegations.**

The Third Superseding Indictment ("TSI") charges Gumrukcu with conspiring to use facilities of interstate commerce to murder Gregory Davis. ECF 69 at 1 (Count One). It alleges the conspiracy began in May 2017 and concluded in February 2018. *Id.* Relatedly, the TSI charges Gumrukcu with aiding and abetting Jerry Banks's January 6, 2018 murder of Davis. *See id.*, at 2 (Count 2).

Separately, the TSI alleges as Count Four a conspiracy to commit wire fraud. ECF 69 at 9. It alleges the conspiracy occurred between January 2015 and January 2018. *Id.* The

Government therein contends that count four sets forth sufficient facts that, if believed, would support the charge that Gumrukcu with "knowingly and willfully conspired to commit wire fraud, in violation of 18 U.S.C. § 1343." ECF 69, ¶ 17.[3]  The Government claims that the scheme alleged establishes that Gumrukcu and Mr. Eratay violated section 1349 "by devising and executing a scheme to defraud [Greg Gac] and Gregory Davis by attempting to deceive them about funds available to Gumrukcu and Lauran Trading, about the identity of individuals involved with Gumrukcu and his business activities, and about past and future financial transactions related to Mode Lauran."  ECF 69 at 9 (¶ 17).[4]

Accordingly, the proffered evidence must advance a proper limited purpose, subject to a limiting instruction, that makes it more likely either that Gumrukcu (1) agreed to the murder of Greg Davis, or (2) agreed to defraud Davis of his money or property.  The Government's notice establishes neither.

## B.    Legal standards.

Only relevant evidence is admissible. Fed. R. Evid. 401, 402.  But all relevant evidence is not necessarily admissible; Fed. R. Evid. 403 provides this Court with discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of

---

[3] Gumrukcu files herewith his motion to dismiss Count Four for failure to state a claim. That motion addresses the fraud allegations in far greater detail.

[4] In opposition to defendants' initial motion to dismiss Count Four, *see* ECF 109, 111, the Government argued that Gregory Gac, in addition to Davis, was a victim targeted the scheme alleged.  *See* ECF 112 at 1, 3-10.  In contrast, at the June 10 status hearing, the Government argued differently, and claimed that only Davis was the targeted victim, and not Gac:

> But there is a lot of information about the interactions between the defendant and this middleman, Greg Gac, as well as the victim, Greg Davis.

ECF 183 at 6:14-17.  That certainly raises the question: which one is it?  Gumrukcu respectfully asks the Court to inquire of the Government at the July 29 hearing on this matter.

the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."   Evidence is unfairly prejudicial if it "tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (internal quotation marks omitted); *see also Old Chief v. United States,* 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice', as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.  So, the Committee Notes to Rule 403 explain, 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.") (internal citation omitted).

　　　Fed. R. Evid. 404 presents additional hurdles before permitting the admission of other act evidence against a criminal defendant.[5]  First, there is the heightened disclosure obligations.

---

[5] Rule 404 provides in relevant part:

(a) Character Evidence.

　　　(1) *Prohibited Uses*. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait….

(b) Other Crimes, Wrongs, or Acts.

　　　(1) *Prohibited Uses*. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

　　　(2) *Permitted Uses*. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Unlike the Government's general Fed. R. Crim. P. 16 discovery obligations, Rule 404 mandates

additional advance notice to the defendant, as follows:

> **(b) (3) Notice in a Criminal Case.** In a criminal case, the prosecutor must:
>
> > **(A)** provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
> >
> > **(B)** articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> >
> > **(C)** do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

As the Advisory Committee explained when it recommended, and Congress approved,

the enactment of these additional notice provisions:

> The prosecution must not only identify the evidence that it intends to offer pursuant to the rule but also articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose. The earlier requirement that the prosecution provide notice of only the "general nature" of the evidence was understood by some courts to permit the government to satisfy the notice obligation without describing the specific act that the evidence would tend to prove, and without explaining the relevance of the evidence for a non-propensity purpose.

Fed. R. Evid. 404, Advisory Committee Notes, 2020 Amendments (bullet point

1).  The amendments that led to the current rule were made in a two-step process.

The original Rule 404 "did not contain a notice requirement.  But in 1991, the

Supreme Court prescribed one that compelled the government, upon request, to

give "reasonable notice of the general nature" of the other acts it intends to offer

at trial." *United States v. Padilla-Galarza*, 2022 WL 1153465, (D. PR), Apr. 18,

2022 (Carreno, Coll., J.), *1. (citing *United States v. Melo*, 954 F.3d 334, 346 n.3

(1st Cir. 2020) (quoting Fed. R. Evid. 404(b)(2)(A) (amended Dec. 2020)).  Then:

> effective December 2020, the Court expanded the notice
> requirement.  Now the government must "provide reasonable
> notice of any such evidence that [it] intends to offer at trial, so that
> the defendant has a fair opportunity to meet it" and "articulate ...
> the permitted purpose for which [it] intends to offer the
> evidence and the reasoning that supports the purpose." Fed.
> R. Evid. 404(b)(3).  Explaining this amendment, the Advisory
> Committee stated that notice "is important so that the
> parties and the court have adequate opportunity to assess the
> evidence, the purpose for which it is offered, and whether the
> requirements of Rule 403 have been satisfied." Fed. R. Evid.
> 404 adv. comm. note 2020 amend.  So we evaluate whether
> the government's notice has provided Padilla-Galarza with a
> "fair opportunity to meet" its proposed Rule 404(b) evidence
> through that lens.

*Padilla-Galarza*, *supra.* at *1.

Second, the Government may not offer other act evidence to argue a defendant's

propensity to commit the alleged crimes.  Fed. R. Evid, 404(a); *United States v. Scott,* 677 F. 3d

72, 79 (2d Cir. 2012).  More directly, Rule 404 "prohibits the introduction of evidence of

extrinsic acts that might adversely reflect on the actor' s character."  *Id.*, at 80.  As the Seventh

Circuit has explained succinctly, simply identifying a proper purpose is not enough.  *United*

*States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (*en banc*) ("[T]he Rule allows the use of

other-act evidence *only when its admission is supported by some propensity-free chain of*

*reasoning*.") (emphasis added); *see also United States v. Norweathers*, 895 F.3d 485, 490 (7th

Cir. 2018) (same); *accord Curley*, 639 F.3d at 57 ("'Other act' evidence serves a proper purpose

so long as it is not offered to show the defendant's propensity to commit the offense."); *United*

*States v. Charley*, 1 F.4th 637, 640 (9th Cir. 2021) (If the other act "evidence is relevant to some

other purpose—using a propensity-fee chain of reasoning—Rule 404 does not prevent its admission.").

Instead, other act evidence "must be (1) offered for a proper purpose, (2) relevant, and (3) *substantially more probative than prejudicial*.  In addition, (4) at defendant's request, the district court should give the jury an appropriate limiting instruction." *Downing,* 297 F.3d at 58 (citing *Huddleston,* 485 U.S. at 691–92 (1988) (emphasis added).

Under the Second Circuit's "inclusionary approach" to other act evidence under, trial courts must carefully police the application of the rule to ensure that propensity evidence is not smuggled in under the guise of a Rule 404(b) exception.  *See United States v. McCallum,* 584 F.3d 471, 477 (2d Cir. 2009) (holding that evidence of prior convictions was 'propensity evidence in sheep's clothing'); *Scott,* 677 F. 3d at 80 (reversing conviction due to improper admission of 404(b) evidence that reflected defendant's "propensity to engage in wrongful, criminal or otherwise unusual behavior that would attract the attention of the police.").  In other words, "this inclusionary approach does not invite the government 'to offer, carte blanche, any prior act of the defendant in the same category of crime.'" *McCallum,* 584 F.3d at 475 quoting *United States v. Garcia,* 291 F.3d 127, 137 (2d Cir. 2002).

Where such evidence is offered for the purpose of establishing the defendant's knowledge or intent, [the Second Circuit] require[s] that the government "identify a similarity or connection between the two acts that makes the prior act relevant to establishing knowledge of the [charged] act." *Garcia,* 291 F.3d at 137; *see also id.* at 138 (holding that admission of prior conviction was abuse of discretion because "the government did not establish that [the] prior drug conviction was meaningfully probative of [the defendant's] knowledge" with respect to the charged narcotics conspiracy; "[t]he only similarity between the two drug transactions ... [was]

that both involved cocaine"; and "[t]he government did not offer evidence of any other similarity or connection between the two transactions"); *United States v. Brand,* 467 F.3d 179, 197 (2d Cir. 2006), abrogated on other grounds, *United States v. Cabrera*, 13 F.4th 140 (2d Cir. 2021) (government must show "similarity or some connection" of prior act evidence to charged crime in order to establish that the prior act is relevant to a disputed element, such as intent (internal quotation marks omitted).

With respect to other-act evidence of prior convictions, "evidence of prior convictions merits particularly searching, conscientious scrutiny.  Such evidence easily lends itself to generalized reasoning about a defendant's criminal propensity and thereby undermines the presumption of innocence." *McCallum*, 584 F.3d at 476.  This is because "standing alone, prior convictions are capable of undermining the presumption of innocence and distracting the jury from the business of determining guilt or innocence based on proof of the charges in the indictment." *Id*. at 478.  As a result:

> a court must balance the probative value of the conviction against its prejudicial effect to the defendant.  Unlike the rule that prevailed before Rule 609, *see e.g.*, *United States v. Palumbo*, 401 F.2d 270, 273 (2d Cir. 1968), *cert. denied*, 394 U.S. 947 (1969), the Government has the burden of showing that probative value outweighs prejudice.  *United States v. Smith, supra*, at 359-360; *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976).

*Hayes*, 553 F.2d at 828 (parallel citations omitted).

Thus, to admit Rule 404(b) evidence, it must be relevant to an issue truly in dispute, and the trial court must still weigh the probative value of the evidence against its prejudicial consequences before admitting it.  *Huddleston*, 485 U.S. at 685, 691-92.  So too, the Second Circuit repeatedly has emphasized that "introduction of such evidence should normally await the conclusion of the defendant's case, *i.e.*, under normal circumstances it should not be admitted on

the government's direct case." *United States v. Halper,* 590 F.2d 422, 432 (2d Cir. 1978)

(citations omitted). This approach helps the Court ensure that the evidence is truly relevant to a

disputed issue in the case, and it can then assess its probative and prejudicial values with a

complete understanding of the issues actually in dispute, and the prejudice threatened by other

act evidence. *See id.* (The proffered evidence's "relevance to an issue truly in dispute must be

demonstrated. And even if the evidence is deemed relevant, the trial court must still weigh the

probative value of the evidence against its prejudicial consequences before admitting it.")

**C.     Analysis.**

As the Ninth Circuit recently observed:

> Rule 404 of the Federal Rules of Evidence prohibits evidence
> about a defendant's character trait to prove that the defendant
> committed the charged crime when he acted in accordance with
> that character trait. The rule is rooted in the "basic premise of our
> criminal justice system" that "[o]ur law punishes people for what
> they do, not who they are." *Buck v. Davis*, ⸻ U.S. ⸻, 137 S.
> Ct. 759, 778, 197 L.Ed.2d 1 (2017) (Roberts, C.J.). Courts, as
> gatekeepers of evidence, are tasked with ensuring that a jury
> convicts a defendant based only on his alleged conduct and mental
> state underlying the charged crime, not based on his generalized
> disposition or tendency to act in a particular way—however
> offensive his behavior may have been in the past.

*Charley*, 1 F.4th at 640. In this case, the Government's notice reflects a desire to lengthen this

trial with a welter of forbidden propensity evidence, much of which occurred *after* the charged

crimes. Indeed, the prosecutor's recitation of its 404(b) evidence at the June 10 status

conference announced an intent to argue propensity:

> Let me give you just a for-instance. I think that, you know, one of
> the arguments the defense may make is that Mr. Eratay did this on
> his own and that Mr. Gumrukcu didn't know about it, so they'll
> acknowledge, may perhaps, that Mr. Eratay was involved in the
> murder for hire plot but Mr. Gumrukcu didn't know about it, and
> that opens the door to the relationship between Mr. Gumrukcu and
> Mr. Eratay to assess whether that is likely or not likely. So, you

> know, I don't know what the defense will be.  They haven't told
> me what the defense is.

ECF 183 at 11:23-12:7.  In other words, the Government contends that Gumrukcu's plea of not

guilty "opens the door" to the presentation of other act evidence to prove his guilt.  A neat trick,

if it were true, but Rule 404 permits no such thing.  Rather, the Government argues propensity:

because it claims Gumrukcu did other deeds with Eratay, he's likely guilty of the crimes alleged.

As set forth above, the law is decidedly to the contrary.  The Court should hold the prosecution

to its confession—it seeks to use Eratay to tar Gumrukcu with other misconduct to prove

propensity—and deny its admission of categories of Eratay's "other act" evidence on that basis

alone.  The Court's vigilance is all the more important because a co-defendant's statement

implicating another co-defendant is "inherently unreliable." *Lilly v. Virginia*, 527 U.S. 116, 131

(1999); *see also Huddleston*, 485 U.S. at 692 (The Government must present "sufficient evidence

to support a finding by the jury that the defendant committed the similar act.")  Or as Justice

Jackson observed more than 70 years ago:

> The use of informers, accessories, accomplices, false
> friends, or any of the other betrayals which are 'dirty
> business' may raise serious questions of credibility.

*On Lee v. United States,* 343 U.S. 747, 757 (1952).

In addition, Gumrukcu moves for exclusion on the following grounds, presented on a

disclosure-by-disclosure bases.

### 1.  The Court should enforce its June 10 Order.

The Court ordered pretrial notice of the Government's Rule 404(b) evidence.  ECF 181;

ECF 183 at 17:17-18:7. Despite the Court's clear Order, the Government's notice declined to

provide complete notice, and instead provided notice of 404(b) "evidence [that] includes" the 14

categories it lists.  Why the prosecution can withhold additional 404(b) evidence from Gumrukcu

in the face of the Court's Order is a mystery.  In any case, the Court should decline to consider

future applications to admit 404(b) evidence, absent proof that the Government had not and

could not have uncovered such evidence as of June 26.  The Government's contention that its

disclosure "includes" the disclosed categories, suggests it is withholding other undisclosed

categories.  The Court should not permit any untimely disclosure.

     **2.   The Eratay Rule 404 "evidence."**

         **a.   Category 1: Accounts from unidentified witnesses, including 5K co-defendants Eratay and Ethridge, regarding a May 2015 meeting at the Cosmopolitan Hotel with an American corporate executive.**

First, the Government's notice is insufficient under the Rule and under *United States v.*

*Abarca,* 61 F.4th 578 (8th Cir. 2023).[6]  Rule 404(b)(3)(B) is plain and easily understandable: "In

a criminal case, the prosecutor **must** articulate in the notice the permitted purpose for which the

prosecutor intends to offer the evidence **and the reasoning that supports the purpose[.]**"

(emphasis added).  The Government's notice doesn't even attempt compliance with this

obligation, despite this Court's clear Order setting the deadline for the Rule 404(b) disclosures.

Simply reciting all possible bases listed in the rule does not satisfy the Government's burden.

The Court should enforce the rule and its Order and exclude the evidence.

*Alcarba* addressed deficiency in notice more broadly and provides further support to

Gumrukcu's challenge to the Government's deficient notice.  There, the Government's

---

    [6] Gumrukcu notes that *Abarca* establishes that the Eighth Circuit applies substantially the same 404(b) test as the Second as expressed in *Downing*, 297 F.3d at 58:

        To admit evidence under Rule 404(b), it must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect.

*Abarca*, 64 F.4th at 681.

witness—Muhle—testified to 404(b) evidence, but the Government had only provided "the report of Muhle's pretrial interview[.]" *Id.*, at 581.  But that constituted "notice of only the 'general nature' of his testimony."  *Id.*  Accordingly, the Court found "[t]he government failed to give the notice required under Fed. R. Evid. 404(b)(3)."  *Id.*[7]; *see also Padilla-Galarza*, *supra.*, at *1 (finding deficient 404(b)(3) notice and excluding evidence: the Government's notice "does not describe the acts [allegedly perpetrated by defendant with enough specificity for [defendant] to assess them, conduct an independent investigation of them, and prepare for cross examination.").[8]

The district court's decision is *Padilla-Galarza* is similarly instructive.  That court addressed the deficiencies of the Government's Rule 404(b) notice as follows:

> The government does not name the witness, state when the acts occurred, or share any other identifying details.  *See* 22B Charles Alan Wright et al., Federal Practice & Procedure § 5242.1, Westlaw (database updated Apr. 2022) (explaining that, to comply with the December 2020 amendments, "the other act itself should also be described with helpful specificity, including date, place, and the nature of the conduct as well as the source of proof").  This lack of detail is especially problematic where, as here, the government alleges that the defendant has a long history of criminal activity, Docket No. 578, pg. 4, because neither the Court nor Padilla-Galarza, *see* Docket No. 586, pg. 2, can discern which of ***his acts*** the government intends to elicit from this witness based only on the nature of the conduct.

---

[7] *But see id.* (despite the plain error, declining vacatur because "the error did not affect Abarca's substantial rights[,]" he failed to meet the third prong of the *Olano* plain error test).

[8] Like the Eighth, the First Circuit follows a test substantially the same as the Second:

> The First Circuit uses a two-part test to determine whether to admit evidence under Rule 404(b).  First, the evidence must have "some 'special relevance' independent of its tendency to show criminal propensity." *United States v. Martínez-Mercado*, 919 F.3d 91, 102 (1st Cir. 2019) (quoting *United States v. Rodríguez-Barríos*, 573 F.3d 55, 64 (1st Cir. 2009)). Second, its probative value must not be substantially outweighed by a danger of unfair prejudice.  *Id.*

*Id.*

> ***The second witness fares even worse.  For the government does
> not even name the other acts it intends to elicit from him***. Docket
> No. 578, pg. 1. Instead, it merely says that the second witness will
> testify about his time or interactions with Padilla-Galarza at MDC-
> Guaynabo from 2000 to 2005. *Id.*  Without knowing what the acts
> are, Padilla-Galarza cannot possibly have a fair opportunity to
> meet them. In short, the government's notice is not reasonable
> because it does not provide enough detail for Padilla-Galarza to
> identify the acts that it intends to elicit from these two witnesses
> and, thus, its notice fails to give him a "fair opportunity to meet
> [the acts]." Fed. R. Evid. 404(b)(3)(A).

*Id*.  (emphasis added).

The Government's notice of Category 1 suffers the same deficiencies, and the Court should make the same findings.  Nothing in the Government's notice of Category 1 identifies any acts by Gumrukcu, must less any information to support the conclusion that he committed any such act, or that the unidentified act he committed demonstrates a motive to defraud or murder Davis, as alleged.

Nor does Category 1 reflect an opportunity an intent, a preparation, a plan or knowledge about the charges alleged in this case.  The same is true for the other Rule 404(b) predicates, *i.e.*, absence of mistake or lack of accident.

Finally, whatever probative value the Government can conjure from this "evidence" confuses the issues and wastes valuable Court time.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 1.

**b.  Category 2: "testimony and documents" about false medical degrees.**

This category is insufficient under Rule 404(b)(3), *Abarco*, and *Padillia-Galarza*.  Nor does the notice explain how or why Gumrukcu's alleged false medical degrees played any role in the fraud or murder allegations alleged against him.  Indeed, from the notice, it appears that this

evidence concerns conduct that post-dated the alleged crimes, and thus necessarily played zero role in motivating or planning them.

Rather, the Government's notice suggests a propensity argument: the prosecution wants to argue that Gumrukcu lied about his medical studies and thus he likely defrauded Davis.  This illogical assertion transgresses the limits of Rule 404, and the Court should exclude from trial the "evidence" noticed in Category 2.  Additionally, this would create a collateral factual dispute, thus distracting the jury and wasting valuable time arguing a point irrelevant to the charges in the indictment. Last, any probative value of this evidence is outweighed by the prejudice, confusion of issues, and waste of valuable Court time its admission would effect.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 2.

### c.  Category 3: "testimony and documents" about the alleged resolution of purported criminal charges in Turkey from 2019-2022.

The Government's notice falls short of the prosecution's disclosure obligations, and the Court should exclude the "evidence" pursuant to Rule 404(b)(3), *Abarca*, and *Padilla-Galarza*.

In addition, this so-called evidence post-dates the conduct alleged in the TSI, and necessarily played no role in those alleged crimes, and thus does not support admission under any authorized Rule 404(b) category.  This is also, again, naked propensity evidence. The government would simply like to raise that Gumrukcu has a purported criminal case in Turkey. Yet this would necessitate having a trial within a trial, as the facts are in dispute. It would be an inordinate waste of time, and likely require a continuance, to have to defend against these purported allegations in Turkey. Thus too, any probative value of this evidence is outweighed by the prejudice, confusion of issues, and waste of valuable Court time its admission would effect.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 3.

### d.  Category 4: "testimony and documents" about an alleged negative social media campaign in 2022.

This notice is insufficient, suffers the same defects as Category 3 and this evidence should be excluded for the same reasons.  This conduct, which post-dates the TSI's allegations, constitutes propensity evidence, and it has no bearing on the charges alleged. Yet again, the facts are in dispute.  In addition, any minimal probative value is outweighed by the prejudice, confusion of issues, and waste of valuable Court time its admission would effect.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 4.

### e.  Category 5: "testimony" that Eratay posed as a medical assistant for Gumrukcu at some unspecified time and place.

The Government's notice falls short of the prosecution's disclosure obligations, is insufficient, and the Court should exclude the "evidence" pursuant to Rule 404(b)(3), *Abarca*, and *Padilla-Galarza*.  The lack of any detail with respect to these allegations fails to comply with this Court's Order directing proper Rule 404(b)(3) notice. Again, the government wishes to introduce this to show propensity. And again, the facts are in dispute, and this is an inordinate waste of time. So too, any probative value of this evidence is outweighed by the prejudice, confusion of issues, and waste of valuable Court time its admission would effect.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 5.

     **f.   Category 6: Eratay's testimony that he purchased recreational drugs from Ethridge for Gumrukcu at some unspecified times.**

The Government's notice falls short of the prosecution's disclosure obligations, and the Court should exclude the "evidence" pursuant to Rule 404(b)(3), *Abarca*, and *Padilla-Galarza*.

In addition, these claims constitute classic propensity evidence, and it bears no relation to any of the counts alleged in the TSI.  *See United States v. Johnson*, 617 F.3d 286, 297 (4th Cir. 2010) ("The fact that a defendant may have been involved in drug activity in the past does not in and of itself provide a sufficient nexus to the charged conduct where the prior activity is not related in time, manner, place, or pattern of conduct."); *see also United States v. Nachamie*, 101 F.Supp.3d 134, 142 (S.D.N.Y. 2000) (citing *Old Chief*, 519 U.S. at 182-83 (excluding evidence of defendant's use of marijuana with informant as evidence of their relationship).   So too, any probative value of this evidence is outweighed by the prejudice, confusion of issues, and waste of valuable Court time its admission would effect.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 6.

     **g.   Category 7: Eratay's claim that at some unspecified time, Gumrukcu asked him for help in avoiding military service in Turkey.**

The Government's notice falls short of the prosecution's disclosure obligations, is insufficient, and the Court should exclude the "evidence" pursuant to Rule 404(b)(3), *Abarca*, and *Padilla-Galarza*.

This claim, again, reflects propensity evidence, and it bears no relation to any of the counts alleged in the TSI.  And again, the facts are in dispute. So too, any probative value of this evidence is outweighed by the prejudice, confusion of issues, and waste of valuable Court time its admission would effect.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 7.

**h. Category 8:  Eratay's claim that Gumrukcu asked him to obtain a fraudulent Cyprian passport at some unspecified time.**

This notice suffers the same defects as Category 7 and this evidence should be excluded for the same reasons.  This alleged conduct constitutes propensity and character evidence and has no bearing on the charges alleged. Yet again, the facts are in dispute, and would require evidence and testimony on an issue totally insignificant to the crimes charged.  Thus, any minimal probative value is outweighed by the prejudice, confusion of issues, and waste of valuable Court time its admission would effect.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 8.

**i. Category 9:  Eratay's claims that Gumrukcu asked him to influence his social media presence in 2019.**

This alleged conduct post-dates the allegations in the TSI, qualifies as propensity and bad character evidence, bears no relation to the crimes charged in this case, and threatens prejudice, confusion of the issues, and will waste valuable Court time. For all of the same reasons argued in Counts 2-8, the Court should exclude from trial the "evidence" noticed in Category 9.

**j. Category 10: "testimony and documents" regarding Gumrukcu's failure to repay a loan at some unspecified time.**

The Government's notice falls short of the prosecution's disclosure obligations, and the Court should exclude the "evidence" pursuant to Rule 404(b)(3), *Abarca*, and *Padilla-Galarza*.

In addition, this claim reflects propensity evidence, and it bears no relation to any of the counts alleged in the TSI.  And yet again, these facts are in dispute, so again, this would cause a a waste of time on an utterly insignificant issue to the crimes charged. So too, any probative

value of this evidence is outweighed by the prejudice, confusion of issues, and waste of valuable Court time its admission would effect.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 10.

### 3. The other Rule 404 "evidence."

#### a. Category 11: "testimony and documents" about Gumrukcu's now-vacated California conviction for real estate fraud.

The Government's notice falls short of the prosecution's disclosure obligations, and the Court should exclude the "evidence" pursuant to Rule 404(b)(3), *Abarca*, and *Padilla-Galarza*.

In addition, this claim reflects propensity evidence, and does not reflect Gumrukcu's mens rea with respect to any of the charges in this case. So too, any probative value of this evidence is greatly outweighed by the prejudice, confusion of issues, and waste of valuable Court time its admission would effect.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 11.

#### b. Category 12: Eratay's testimony that Gumrukcu "wanted to kill someone in Turkey" at some unspecified time and Eratay declined.

Category 12 constitutes nothing but naked propensity evidence and does not bear on the issues alleged in this case. And again, the facts are in dispute, necessitating a trial within a trial, with evidence and witnesses in another country. So too, any probative value of this evidence is greatly outweighed by the prejudice, confusion of issues, and waste of valuable Court time its admission would effect.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 12.

### c. Category 13: "testimony and documents" reflecting false statements on banking documents in 2018.

The Government's notice falls short of the prosecution's disclosure obligations, and the Court should exclude the "evidence" pursuant to Rule 404(b)(3), *Abarca*, and *Padilla-Galarza*.

In addition, this claim reflects propensity evidence, and does not reflect Gumrukcu's mens rea with respect to any of the charges in this case.  And again, there is a factual dispute. So too, any probative value of this evidence is greatly outweighed by the prejudice, confusion of issues, and waste of valuable Court time its admission would effect.

For these reasons, and each of them, the Court should exclude from trial the "evidence" noticed in Category 13.

### d. Category 14: "testimony and documents" about the fraud case noticed in Category 11.

The Government's notice for Category 14 is the same as Category 11, and the Court should exclude this evidence for the same reasons.  Should Gumrukcu testify, because this conviction was vacated, nor would the Government be permitted to impeach him with a prior conviction under Fed. R. Evid. 609. The Court should exclude the "evidence" for the same reasons presented for Category 11.

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and should exclude each of the Government's 14 categories of Rule 404(b) evidence.  At a minimum, the Court should rule that no such evidence may be admitted or mentioned until the Government's rebuttal case, at which time the Court can determine any arguments in favor of admissibility in the full context of trial so as to assess which issues are actually in dispute.  *See Halper*, 590 F.2d at 432-33.

Dated this 16th Day of July 2024.

Respectfully submitted,

*/s/ Susan K. Marcus*
SUSAN K. MARCUS
Law Firm of Susan K Marcus LLC
29 Broadway, Suite 1412
New York, NY 10006
(212) 792-5131
susan@skmarcuslaw.com

*/s/ Ethan A. Balogh*
ETHAN A. BALOGH
Balogh & Co., APC
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 391-0441
eab@balcolaw.com

*/s/ Lisa B. Shelkrot*
Lisa B. Shelkrot
Langrock Sperry & Wool
210 College Street, Suite 400
Burlington, VT 05402-0721
(802) 864-0217
lshelkrot@langrock.com

Attorneys for Defendant
SERHAT GUMRUKCU