UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

Case No. 5:22-cr-00058-cr

SERHAT GUMRUKCU,
Defendant.

**MOTION IN LIMINE OF THE UNITED STATES**
**REGARDING PROCEDURES FOR TRIAL**

The United States of America, by and through its attorney, Nikolas P. Kerest, United States

Attorney for the District of Vermont, hereby submits this Motion in Limine asking the Court to

establish additional procedures and parameters for the jury trial in this case.  Due to the scope and

breadth of the upcoming trial scheduled to begin on September 23, 2024, the United States believes

addressing certain procedural considerations in advance of trial will promote efficiency.  The

Government hopes to address these points further during the July 29, 2024 hearing.

1.   <u>Trial Schedule</u>.  During a June 10, 2024 status conference (ECF No. 181) the Court

indicated that it may sit four days a week, or on a shortened daily schedule, as a result of the

original trial schedule (September 23, 2024 through October 25, 2024). To assist the government

in scheduling witness travel, the Government seeks a decision in advance of trial as to which

daily/weekly structure the Court will follow for trial. Indeed, the Government anticipates calling

approximately 50 witnesses during trial (before potential stipulations), only a handful of which

live in the District of Vermont.[1] The Government is working to ensure that witnesses are present

---

[1] The parties have yet to reach an agreement as to whether the Government may offer certain records pursuant to
F.R.E. 902(11). The Government initially provided notice of its intent to proceed via certification several years ago.
To the extent the parties are able to reach an agreement regarding the use of certifications as opposed to records
custodians (and other stipulations), the Government may be able to cut a significant number of witnesses from its trial
witness list.

when needed to ensure the prompt presentation of evidence at trial.  Further, although the original

trial schedule covered five weeks, after consolidation of evidence in response to the discussions at

the last status conference, the Government believes that its case in chief will take no more than

four weeks or approximately 15-17 full trial days.  As the Government will explain in its response

to the defendant's motion to exclude evidence under F.R.E. 404(b), that evidence will not slow

down the trial. Indeed, trial length has little to do with the proposed F.R.E. 404(b) evidence.

Finally, the Court indicated that it would accommodate the Jewish holidays, which the government

understood was a reference to the High Holy Days: Rosh Hashanah and Yom Kippur. The

Government believes those holidays occur on Wednesday, October 2, 2024 and Friday, October

11, 2024 respectively. Again, to ensure appropriate arrangements for witness travel, the

Government seeks confirmation that the Court will not sit on those days.  The defense has no

objection to discussing the trial schedule at the upcoming July 29 motion hearing or at the August

5 pretrial conference.[2]

     2.  <u>Allow Use of Electronic Devices by Government Staff</u>: The District of Vermont's

local rules allow the possession of electronic devices by "members of the Bar of the United States

District Court for the District of Vermont" and certain members of the media. Local Rule 82.2

(b)(3).  These permitted individuals may use electronic devices in a non-disruptive manner in the

Courthouse and "[c]ounsel who wish to use electronic devices in any courtroom during and in

connection with judicial proceedings must secure permission, in advance, from the presiding

judge." *Id.* at 83.2 (b)(4)(A).  To coordinate witness appearances, manage a large amount of digital

evidence, and to promote efficiency, the Government seeks permission for two members of the

---

[2] The Government will seek to consolidate the July 29, 2024 hearing and the August 5, 2024 pretrial conference to one date.  The defense objects to moving the date to August 5, but does not oppose having the pretrial conference on July 29 if there is sufficient time that day.

support staff to use electronic devices in the courtroom for official purposes only.  Of course, Government counsel would closely monitor use of electronic devices to ensure that such a privilege, if extended, is not abused.  The defense has no objection and seeks a reciprocal order permitting defense counsel's staff to also have access to electronic devices in Court.

3. <u>Jury Instructions</u>.  The United States requests that the Court finalize jury instructions for the substantive charges in the Third Superseding Indictment prior to trial.  The Government believes that doing so, particularly with regard to Count 4, will allow the Government to further winnow the presentation of evidence. The United States will confer with counsel regarding proposed instructions in advance of the August 5, 2024 pre-trial conference.  The defense objects because they believe this is premature due to their pending motion to dismiss a count of the Third Superseding Indictment. By determining the Court's plan for presenting the elements of the offenses in advance, however, both parties may better prepare for litigation and may make choices to ensure the efficient presentation of evidence on any charges before the jury.

4. <u>Jury Selection and Opening Statements</u>.  The United States believes that the jury selection process in this case will be time consuming.  The defendant has been the subject of significant media attention including several podcasts.   Accordingly, the Government seeks permission to offer an opening statement at the conclusion of jury selection with witness testimony to begin the following calendar day.  This will facilitate the aforementioned scheduling issues with Out-of-District witnesses and will allow the parties to address any matters, for instance, some of the aspects of the 404(b) motion as discussed in a separate filing, which the Court may not be able to determine until after opening arguments.  The defense appears to object to this request.

5. <u>Handling of exhibits</u>.  The United States anticipates using computer projection for nearly all exhibits during trial.   The Government anticipates introducing hundreds of exhibits

during trial. To avoid unnecessary movement in the courtroom, particularly during the identification and authentication of an exhibit, the United States requests that exhibits be visible on the courtroom monitors only to the witness, the bench, and counsel tables prior to the admission of the exhibit. After the admission of the exhibit, the image would then be projected to the jurors' screens. The suggested method would prevent, to the extent practicable, the need for the parties to approach the witness stand. The defense has no objection to this request. The Government will also consult with defense counsel prior to trial to determine if any exhibits may be admitted by stipulation at the opening of trial to further streamline the presentation of evidence with each trial witness.

## CONCLUSION

For the foregoing reasons, the Court should grant the Government's motions in limine and set forth additional guidance for the procedures in trial and address the matters prior to the start of trial currently scheduled for September 23, 2024.

Dated at Burlington, in the District of Vermont, July 23, 2024.

Respectfully Submitted,
UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

By:   /s/ Zachary B. Stendig
PAUL J. VAN DE GRAAF
ZACHARY B. STENDIG
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725