UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Docket No. 22-cr-58 |
| SERHAT GUMRUKCU,<br>  Defendant. | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
SECOND MOTION TO DISMISS COUNT FOUR

The defendant has again filed a motion to dismiss Count Four of the Third Superseding Indictment, which charges him with a wire fraud conspiracy. Though the Court has already decided this issue, the defendant has advanced the same legal and factual arguments essentially resubmitting his prior filings. He now expects a different result. The Court should deny his motion as there have been neither changes to the case posture nor the substantive law since the prior decision on the issue.

I. No Cogent or Compelling Reasons Justify Disturbing the Court's Prior Ruling

The law-of-the-case doctrine states that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). While the rule is not inviolate and does not limit a court's power, "this Court will adhere to its own prior rulings in a given case absent cogent or compelling reasons to deviate, such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*. (internal quotations and citations omitted). Further, "the decision whether or not to apply law-of-the-case is ... informed principally by the concern that disregard of

an earlier ruling not be allowed to prejudice the party seeking the benefit of the doctrine." *Id*. at 758.

In his most recent filing, the defendant offers no new caselaw. *See generally* ECF No. 184. Nor does the defendant identify the availability of new evidence. *See Id*. In fact, the defendant's newest pleading (ECF No. 184) is simply the defendant's prior pleadings (ECF Nos. 110 and 120) cobbled together in one document. To explain the new filing, the defendant states that, "…the Court denied the [prior] motion without prejudice to bringing it anew." ECF No. 184 at 3. That statement mischaracterizes Judge Crawford's prior ruling. In fact, the word "prejudice" appears only once in Judge Crawford's decision, but it is not about denying the motion without prejudice. *See generally* ECF No. 136. Rather, Judge Crawford concluded that "[t]he Court is content to postpone answering the question of whether a breach of the redemption agreement amounts to a loss of property until the Government has introduced its evidence at trial or, at a minimum, provided a full proffer in response to a motion in limine directed at issues of relevance and admissibility." ECF No. 136 at 9. While the Court left open the possibility of litigating Count Four after a fulsome hearing on motions in limine from which the court could discern all the key facts at issue in the case, the better approach is to adhere to the denial of the motion now and revisit at the Rule 29 stage if the proof offered does not support conviction on this count. In any event, Judge Crawford expressed no concerns about Count Four's allegations regarding the fraud on Gregory Gac which was enough to deny the challenge to the sufficiency of the indictment.[1]

---

[1] Judge Crawford did not extend the motions deadline with his ruling, and the defendant's attempt to relitigate the sufficiency of the indictment is also untimely.

Essentially, the defendant asks the court not to "adhere to its own prior rulings…absent cogent or compelling reasons to deviate." *Uccio*, 940 F.2d at 758. The Court should not indulge this tactic. In fact, at the June 10, 2024 status conference the Court started with regard to a second motion to dismiss Count Four, "[i]f it's going to be on the same grounds, you're going to have to provide a reason for a different result." June 10, 2024 Status Conf. Trans. at 20. But the defendant has provided no such reason. The trial has not yet started, and the government has not provided a full proffer in response to a motion in limine. The complexity and breadth of the evidence of fraud will prevent the government from litigating it in advance of trial. Indeed, that is what the trial is for. *Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits"). Thus, there are not "cogent or compelling reasons to deviate" from Judge Crawford's ruling and the Court should deny the defendant's motion. *Uccio*, 940 F.2d at 758. To be sure, the defendant is free to argue about the sufficiency of the *evidence* at the close of the government's case.

II.     Conclusion

Because neither the law nor the facts have changed since Judge Crawford denied the Defendant's prior motion to dismiss Count Four, the Court should not revisit the issue at this time. Accordingly, the Court should deny the defendant motion.

Dated at Burlington, in the District of Vermont, 26th day of July, 2024.

          Respectfully submitted,
.
NIKOLAS P. KEREST
United States Attorney

By: _____/s/_____
PAUL J. VAN DE GRAAF
ZACHARY STENDIG
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725