UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SERHAT GUMRUKCU,<br>         Defendant. | Case No. 5:22-cr-00058-cr |

**GOVERNMENT'S MOTION TO MOTION TO SET A DATE CERTAIN FOR TRIAL**

The United States submits this motion to set a date certain for trial. The Government requests that the Court begin the trial in February 2025 or as soon after that as the court's schedule allows.

Defendant Serhat Gumrukcu's trial was set to begin on September 23, 2024. ECF No. 164. On August 23, 2024, the defense sought a postponement due to defense counsels newly diagnosed medical condition. ECF No. 206. Most recently, at a status conference held on September 27, 2024, defense counsel indicated that he was finalizing a treatment plan but thought that he might be able to commence trial in March 2025. ECF No. 213. Following that status conference, the Court ordered, "the [p]arties to confer and file a proposed trial schedule. Counsel to confirm in trial schedule that the trial dates of March 14, 2025 through April 18, 2025 (5 weeks total) work or offer an alternative date certain." *Id.*

The parties conferred as directed on October 7, 2024. Defense counsel indicated that he would prefer to begin trial in April 2024, but would agree to start the trial on March 17, 2025, if the Government would agree to that date. Government counsel inquired as to when defense counsel's treatment plan would conclude. Defense counsel stated that he would provide the Government with no information regarding his treatment and would not say when his treatment would end. This unwillingness to provide key information about the reasons for delay prevented the government from assessing the reasonableness of the length of the trial continuance.

The Government also conferred with Gregory Davis' widow. Ms. Davis told Government counsel, in no uncertain terms, that she wants the trial to occur as soon as possible. She emphasized the difficulties she faces and how the trial continuance has resulted in delays in resolving this important step in her grief.

Congress has granted crime victims the express "right to be treated with fairness and with respect for the victim's dignity." *See* 18 U.S.C. § 3771(a)(8).  Ms. Davis' husband was murdered nearly seven years ago.  She wishes to have her day in Court as soon as possible.  The Government believes that fairness mandates that the trial of the last of Mr. Davis' accused killers occur promptly.

At the same time, the Government also wants to balance the defendant's right to his counsel of choice.  That said, defense counsel placed his medical condition squarely before the Court when he used it as the reason to request a lengthy postponement, with the explicit understanding between the parties and the Court that defense counsel would commence the trial as soon as he was able.  Now, defense counsel offers no explanation for why the trial should begin in March or April 2025 (more than eight months after it was originally scheduled) and refuses to provide a timetable regarding his treatment plan.  The Government believes that defense counsel should complete his treatment and start trial no later than 30 days after.  Otherwise, Ms. Marcus should proceed to trial alone.

Starting the trial in February 2025 would give defense counsel essentially six months from the initial postponement request to complete treatment and prepare for trial.  The Government believes, based on publicly available information about defense counsel's medical condition, that this is a sufficient amount of time.

2

For the reasons set forth above, the Government respectfully submits that the Court should begin defendant Gumrukcu's trial in February 2025.

Dated at Burlington, in the District of Vermont, on October 9, 2024.

Respectfully submitted,

UNITED STATES OF AMERICA

NIKOLAS P. KEREST
United States Attorney

*/s/Zachary Stendig*
ZACHARY STENDIG
PAUL VAN DE GRAAF
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402
(802) 951-6725