UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SERHAT GUMRUKCU, <br><br> Defendant. | Case No. 5:22-cr-58 |

## SERHAT GUMRUKCU'S MOTION TO SET TRIAL

Defendant Serhat Gumrukcu, by and through his attorneys of record, respectfully moves for an Order setting trial to commence March 14, 2025 and excluding time under the Speedy Trial Act until that date. *See* 18 U.S.C. § 3161 *et seq*. He sets forth the good cause supporting this motion below.[1]

### Statement of the Case

On August 23, 2024, Gumrukcu requested, and the Government consented to, vacatur of the September 23, 2024 trial date based on counsel's medical condition. *See* Dkt. 206. Unbeknownst to Gumrukcu and the Court, the Government planned to return a Fourth Superseding Indictment ("FSI"), which it did less than one week later. Dkt. 209.

On September 27, the Court held an arraignment and a status conference regarding the setting of trial. *See* Dkt. 214 (September 27, 2024 Reporter's Transcript ("RT")). Defense counsel informed the Court he was "settling on [his] treatment" and provided upcoming dates

---

[1] As defendant noted in his discussion with Government counsel, March 14 is a Friday and commencing trial on Monday, March 17 may present a better scheduling choice.

1 | P a g e

with different treatment specialists, one of whom he would select to conduct treatment before "get[ting] scheduled for treatment." *Id*. at 4-5.  Upon inquiry from the Court whether the defense would seek trial to commence in a matter of "months or many months or a year," defense counsel responded "months", and the Court turned to the Government.  *Id*. at 6.

Government counsel began by emphasizing "the interests of Ms. Davis, the widow in the case." *Id*. at 7.  He discussed how "she's very interested in getting this case resolved . . . as soon as we can get it resolved."  *Id*.  He concluded by agreeing to have it tried "as soon as reasonably possible" and hopefully "very early next year[.]" *Id*. at 8.

The Court asked defense counsel to "ballpark" whether a trial in early 2025 was possible, and counsel replied that "very early" 2025 would be "pushing it[.]"  In discussion with the Court, defense counsel suggested mid-March 2025 as a start date he believed he could meet following treatment and recovery from treatment.  *See* RT at 8-11.

The Court informed the parties it was available beginning March 14, and could block out until April 21 or so to schedule this trial, before returning to the Government.  RT 11.

The Government expressed its belief that counsel should be able to treatment before year's end and explained the accommodations to defense counsel's condition it believed reasonable before offering March 2, 2025 as the date to commence trial.  *Id*.  When the Court observed that the prosecutor was quibbling about a matter of days, he conceded that these "days don't make a big difference," before explaining, "to Ms. Davis, every day matters."  RT 12.  The Government then submitted  the matter to the Court's "wide discretion[.]"

The Court then directed the parties to jointly or unilaterally seek a resetting of trial on or before October 9.

## The Parties Meet and Confer

On Friday, October 3, defense counsel asked the Government to hold a telephonic telephone conference on the coming Monday, October 7, and the parties held that conference on that date. The prosecutors began the call by informing defense counsel they were joined on the call by the (unidentified) "prosecution team". Defense counsel explained that they were willing to proceed with the dates discussed with the Court (trial commencing March 14), although good reasons exist for counsel pushing for a mid-April 2025 commencement date.[2]

The Government then declined to provide any position at the scheduled meet-and-confer. It instead told defense counsel that it needed to confer internally before providing its position, which it offered to provide the next day. It then sought information about counsel's treatment schedule. Counsel explained he was disinclined to discuss his treatments or the granularity of his treatment schedule with the prosecution team.

The Government did not call defense counsel the following day to continue its conference on trial dates. It instead sent an email in the afternoon, proclaiming:

> Without any information about the timing of Mr. Balogh's treatment plan, we cannot agree to a March 17 trial date. Accordingly, we will file a motion indicating as much, and we will request a February 2025 trial date.

This response was odd because the Government professed no such need when agreeing to a March 2, 2025 reset less than two weeks ago. RT at 11. And while this response makes no mention of Ms. Davis, the Government then told this Court in a motion filed the very next morning that its change-in-position arises from a conference with Ms. Davis, who "wants the

---

[2] Two factors defense counsel learned when meeting with treatment specialists were (1) a three-month lag before "return to base line" following treatment, and (2) the potentiality of certain complications which will require further medical interventions should they arise.

3 | P a g e

trial to occur as soon as possible." Dkt. 215 at 2.  But this is the identical position the Government presented on September 27 when it sought a March 2, 2025 trial date.

## MOTION

For the reasons stated at the September 27 status conference and as set forth above, defendant Serhat Gumrukcu respectfully moves this Court to schedule trial to commence March 14, 2025, or as soon thereafter as a jury venire may be assembled.  He contends that time is necessary for his counsel to receive treatment and be well enough to try a lengthy murder trial across the country.  He respectfully contends that this scheduling of trial is reasonable to address the availability of his counsel of choice, as guaranteed by the Sixth Amendment to the United States Constitution.  He further contends this request presents a reasonable accommodation for his counsel to receive cancer treatment and recover and be prepared to try his cause.  He further contends that this requested setting supports the exclusion of time of 98 days (from December 6, 2024 until March 14, 2025) because failure to grant this motion would unreasonably deny the defendant continuity of counsel and the reasonable time to prepare, taking into account the exercise of due diligence pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).[3]

Dated this 9th day of October 2024.

Respectfully submitted,

/s/ Susan K. Marcus
SUSAN K. MARCUS
Law Firm of Susan K Marcus LLC
29 Broadway, Suite 1412
New York, NY 10006
(212) 792-5131
susan@skmarcuslaw.com

---

[3] The Government couches this 98-day extension of the Speedy Trial clock as a trial continuance before asserting that a "six month" trial continuance is appropriate. *See* Dkt. 215 at 2.  Six months following the September 23, 2024 trial on the Third Superseding Indictment would be the third week of March 2025, *viz.*, after the date requested by the defense.

*/s/ Ethan A. Balogh*
ETHAN A. BALOGH
Balogh & Co., APC
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 391-0441
eab@balcolaw.com

Attorneys for Defendant
SERHAT GUMRUKCU