UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SERHAT GUMRUKCU, <br><br> Defendant. | Case No. 5:22-cr-58 |

**SERHAT GUMRUKCU'S MOTION TO LIMINE NO. 2:
MOTION TO EXCLUDE UNDISCLOSED EXPERT TESTIMONY**

Defendant Serhat Gumrukcu, by and through his attorneys of record, respectfully moves *in limine* for an Order enforcing this Court's Scheduling Order and precluding the Government from introducing undisclosed expert testimony. As the prosecution recently briefed for this Court:

> Federal Rule of Criminal Procedure 16(b)(1)(C) was recently amended to require [each party], for each expert witness, to provide "a complete statement of all opinions that the defendant will elicit from the witness," along with "the bases and reasons for them." Fed. R. Crim. P. 16(b)(1)(C)(iii). While this "does not require a verbatim recitation of the testimony the expert will give at trial," it requires more than the "written summary" previously required under the Rules. Fed. R. Crim. P. 16 Adv. Comm. Notes, 2022 Amendment. Even before Rule 16(b)(1)(C) was amended in 2022, the advisory notes to the Rule recognized that the purpose of this requirement is "to provide the opponent with a fair opportunity to test the merits of the expert's testimony through focused cross-examination" and "to permit more complete pretrial preparation," Rule 16 Adv. Comm. Notes, 1993 Amendment, and this Court observed that "[m]erely identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions." *Kaufman*, 2021 WL 4084523,

1 | P a g e

> at *19 (collecting cases); *see also United States v. Valle*, No. 12 Cr. 847 (PGG), 2013 WL 440687, at *5 (S.D.N.Y. Feb. 2, 2013) (same). "If a [party] fails to provide disclosures in accordance with Rule 16(b)(1)(C), the district court may exclude the expert's testimony at trial." *Kaufman*, 2021 WL 4084523, at *19; *see also United States v. Mahaffy*, No. 05 Cr. 613 (ILG), 2007 WL 1213738, at *2 (E.D.N.Y. Apr. 24, 2007) (same).

ECF 194 at 2. [1] Fed. R. Crim. P. 16(a)(1)(G) first places these same disclosure obligations on the prosecution.

In this case, the Court directed "[t]he prosecution shall provide expert witness disclosure and reports to the defense by May 1, 2024." ECF 102 ¶ 3. The Government provided its notices of expert witnesses. *See* Ex. A. Accordingly, Defendant Gumrukcu then understood that those notices presented in full the "a complete statement of all opinions that the government will elicit from the witness[es] in its case-in-chief," along with "the bases and reasons for them." Fed. R. Crim. P. 16(a)(1)(G)(iii).

Despite that well-founded understanding, at the end last week, on the afternoon of January 16, defense counsel learned that the Government intended to offer undisclosed expert testimony at trial. More granularly, the Government's disclosures included the expert report of FBI Special Agent Justin Woodford. *See* Ex. B. Therein, the Government first disclosed that S/A Woodford would offer the following opinion:

> The Government will present evidence that Aron Ethridge received payment in bitcoin, which is a type of cryptocurrency, for his part in the murder-for-hire scheme. Ethridge then withdrew cash from a Coinflip ATM. SA Woodford was asked to review Coinflip data associated with Aron Ethridge. His testimony will be based on his review of that Coinflip data and his training, certifications, and experience.

---

[1] ECF refers to the docket entries generated by the Electronic Court Filing system. We pin-cite to the ECF-generated page numbers atop each filing.

Ex. B at 1. In sum, this disclosure is limited to Ethridge and is limited to S/A Woodford's "review of that Coinflip data" and not other evidence.

Thereafter, the report discloses more general information about Coinflip and cryptocurrency, before it discloses its analysis of "wallet information for Ethridge's cryptocurrency account and the related blockchain entries." Ex. B at 4. It summarized this proffered expert testimony as follows:

> Specifically, SA Woodford's review revealed that on March 4, 2020, someone with a Bitlo account sent approximately 1.11 Bitcoins (BTC) or $9,370 to wallet address lIMN aXnaP 1hFD9W zzNNVJGTRfyWL TII asE.
>
> On March 5, 2020, address IJMNaXnaPlhFD9WzzNNVJGTRfyWLTIIasE sent 1.10988996 BTC ($9,737.93 USD) in transaction hash 83f2681 d256694065e03691a36c51 d728a49fabee73ef92246685ea6ae705ee6. The amounts output in the transaction were 0.342201 BTC ($3,002.39 USD) to 32xZ9tBYha9JA7a6VUb8WqcRjTmHMzw18P and 0.76768218 BTC ($6,735.47 USD) to 1DPxpU3KyY6VudivZJvu7m1 YuQyEjSwAMa. Based on the UTXO method of matching the address type, Legacy type in this case, and the fact that CoinFlip records revealed Ethridge placed a sell order at CoinFlip ATM number BT300605, located at 450 Fremont Street #130 Las Vegas, NV 89101, (hereinafter "BT300605"), address 1DPxpU3KyY 6VudivZJvu7m 1YuQyEjSw AMa is likely a change address and in the same wallet as 1JMNaXnaP 1hFD9WzzNNVJGTRfyWLTJ 1asE.
>
> On March 6, 2020, address 1DPxpU3KyY6VudivZJvu7m1YuQyEjSwAMa sent 0.76768218 BTC ($6,966.57 USD) in transaction hash 2976c83f1c5005afab340b592bOa0682775e1263e601eb2218d4e83f3cba8bec. The amounts output in the transaction were 0.343674 BTC ($3,118.77969 USD) to 394WsW3qUhFnuAFPAtgV58Gt83K3t7rdyF and 0.42397202 BTC ($3,847.46977 USD) to 1YGn14zH8AC4imFSMZBEYsn62RxCuBPi3. Based on the UTXO method of matching the address type, Legacy type in this case, and the fact that CoinFlip records revealed Ethridge placed a sell order at CoinFlip ATM number BT300605, address 1YGn14zH8AC4irnFSMZBEYsn62RxCuBPi3 is likely a change address and in the same wallet as 1DPxpU3KyY6VudivZJvu7m1 YuQyEjSwAMa.
>
> On May 13, 2020, address lYGn14zH8AC4imFSMZBEYsn62RxCuBPi3 sent 0.42397202 BTC ($3,739.9335 USD) in transaction hash c4f353fdO 1087996dc60aaa281c33740 139f75a2f8a195f3e09aOd6f2278d1 cO. The amounts output in the transaction were 0.08861018 BTC ($781.64 USD) to 19T5st3JYrnEPDEgPKawZ6XECoJ15wsJ72u and 0.335285 BTC ($2,957.60

> USD) to 31skUTb8TbMqY1dFMYMh5ab9SbckJT7sP8. Based on the UTXO method of matching the address type, Legacy type in this case, and the fact that CoinFlip records revealed Ethridge placed a sell order at CoinFlip ATM number BT300860, located at 4305 Dean Martin Drive #120, Las Vegas, NV 89103, (hereinafter "BT300860"), address 19T5st3JYmEPDEgPKawZ6XECoJ15wsJ72u is likely a change address and in the same wallet as 1YGn14zH8AC4imFSMZBEY sn62RxCuBPi3.
>
> On July 29,2020, address 19T5st3JYrnEPDEgPKawZ6XECoJ15wsJ72u sent 0.08861018 BTC ($994.62 USD) in transaction hash 988070be1c4a633e6d5bd41f9494aa7a8dOa8317ae3b4fe7367d064b784faOcc. The amounts output in the transaction were 0.00475748 BTC ($53.40 USD) to 125tJwnJN4DRzvUWDNkCQoWM6vsmNErY1D and 0.083525 BTC ($937.54 USD) to 3JpyPUp3SsxS8p1AVwxhow87Fh83PvAA8s. Based on the UTXO method of matching the address type, Legacy type in this case, and the fact that CoinFlip records revealed Ethridge placed a sell order at CoinFlip ATM number BT300860, address 125tJwnJN4DRzvUWDNkCQoWM6vsmNErYID is likely a change address and in the same wallet as 19T5st3JY mEPDEgPKawZ6XECoJ15wsJ72u.
>
> On April 6, 2021, addresses 15BG86X8QRwbqjJTfqy1 vVaplAZMBemtrv, 125tJwnJN4DRzvUWDNkCQoWM6vsmNErY1D, and 1DLF6BW7KrogZPYyETR92332d9Hy38vrN8 co-spent 0.00062461 BTC ($36.92 USD), 0.00475748 BTC ($281.26) USD, and 0.00093264 BTC ($55.13 USD) respectively in transaction hash 66cce31 a7a1 ea2287b6050ab776d1604fb66586df6706d35a56de5afc7ddl cda. The amount output in the transaction was 0.00600675 BTC ($355.11 USD) to 3DYnyYyCh3 JcppmcZw 1rmVeWI LksZNgAzD. Based on the UTXO method of matching the address type, Legacy type in this case, and the fact that CoinFlip records revealed Ethridge placed a sell order at CoinFlip ATM number BT300860. Since 15BG86X8QRwbqjJTfqylvVaplAZMBemtrv, l25tJwnJN4DRzvUWDNkCQo WM6vsmNErY 1D, and lDLF6BW7KrogZPYyETR92332d9Hy38vrN8 co-spent together, they are likely in the same wallet.

Ex. B at 5-6.

Apart from the first entry, which does not identify the source of the original funding transaction, the remaining entries—consistent with the limited expert notice—address Ethridge's ATM transactions within his CoinFlip account years after the alleged conspiracy and homicide.[2]

---

[2] The relevance of this evidence is lost on Gumrukcu, and he reserves the right to interpose relevance and other evidentiary objections to this evidence at trial.

The Government continued its expert notice by summarizing its previous disclosures to provide S/A Woodford's conclusion:

> Below is the specific part of the chart that shows the transfers, including the specific "change addresses," that SA Woodford identified based on his review of the change address analysis described above. This represents SA Woodford's opinion that addresses that sent bitcoin to Coinflip are part of a wallet owner [sic] or administrated by Aron Ethridge.

Ex. B at 7.[3]  The Government thus concluded its expert notice with a clear summary:

> In total, from reviewing the coinflip records, Special Agent Woodford identified five (5) transactions from Aron Ethridge's wallet to addresses controlled by Coinflip in order to withdraw cash equivalents of the value of the bitcoin.

*Id*. at 8.

In sum, the Government disclosed that S/A Woodford's testimony concerned Ethridge and only Ethridge. Indeed, defendant Gumrukcu's name appears nowhere in the Government's disclosure.

Defendant was thus surprised last week when the Government suggested that the Woodford expert notice actually disclosed that Gumrukcu funded Ethridge's crypto wallet, and that the Government would rely on foreign-sourced evidence (and perhaps other materials) regarding IP addresses to support Woodford's presentation of such expert testimony. The problem is, of course, that the Government never has noticed *any* expert testimony regarding either (1) Gumrukcu's alleged connection to crypto payments to Ethridge, or (2) the subject of IP

---

[3] It appears that the Government meant the account was "owned" by Ethridge and "owner" is a typo in the disclosure. The prosecution should clarify this ambiguity in its response.

addresses, how evidence of IP addresses is generated and maintained, or (3) any IP address tracing.[4]

Because the Government did *not* provide any such notice of expert testimony on any such subjects, the Court should enforce the case scheduling order, enforce Rule 16, and preclude the Government from introducing any undisclosed expert testimony at trial generally, and specifically from introducing any crypto evidence against Gumrukcu, and any IP tracing evidence at all. The Government's failure to notice any such expert testimony should preclude the introduction of such surprise evidence.

Defendant Gumrukcu requests oral argument at the February 4, 2025 hearing currently scheduled. He has filed this motion *in limine* 14 days in advance of the hearing to provide the United States the full complement of time to respond. *See also* June 10, 2024 Reporter's Transcript at 9:23-25; July 29, 2024 Reporter's Transcript at 81:23-82:2.

Dated this 21st day of January 2025.

Respectfully submitted,

*/s/ Susan K. Marcus*
SUSAN K. MARCUS
Law Firm of Susan K Marcus LLC
29 Broadway, Suite 1412
New York, NY 10006
(212) 792-5131
susan@skmarcuslaw.com

---

[4] Alleged records relating to Gumrukcu's accounts with Bitlo, a Turkish Crypto Currency Company, were first disclosed to the defense on September 6, 2024. On December 11, 2024, AUSA Van de Graaf emailed defense counsel with proposed exhibits and asked for a stipulation. A call was scheduled with the Government in December; they asked to postpone and said they would get back to us with a date. They reconnected in January, and we scheduled the call for January 16, 2025. This was the first we learned, in an indirect way, that the Government was planning to use Woodford to discuss the Bitlo accounts.

*/s/ Ethan A. Balogh*
ETHAN A. BALOGH
Balogh & Co., APC
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 391-0441
eab@balcolaw.com

Attorneys for Defendant
SERHAT GUMRUKCU