UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SERHAT GUMRUKCU, <br><br> Defendant. | Case No. 5:22-cr-58 |

**SERHAT GUMRUKCU'S MOTION TO LIMINE NO. 6:**
**MOTION FOR SEQUESTRATION ORDER FOR WITNESSES AND THEIR COUNSEL**

Defendant Serhat Gumrukcu, by and through his attorneys of record, respectfully moves *in limine* for an Order directing the sequestering of witnesses and extending it to their counsel. *See* Fed. R. Evid. 615(a); *see also* Fed. R. Evid. 615(b)(1) & (2) (providing authority to expand sequestration order to "prohibit disclosure of trial testimony to witnesses who are excluded from courtroom" and to "prohibit witnesses from accessing trial testimony."

The Honorable Eldon E. Fallon, United States District Judge, entered such an Order in *United States v. Ryan, et. al.*, 20-65 (E.D. La), when the defense sought a broad sequestration order "that lawyers not circumvent the sequestration order." Reporter's Transcript, December 15, 2022, at 33.[1] Counsel then offered her experience with the issue before emphasizing that "we don't need [counsel for the Government's witnesses] sitting here taking notes and preparing all of their witnesses, you know, to be ready for their testimony at trial." *Id*.

---

[1] We have provided the entire transcript from that hearing to the prosecution in this case. We will provide a copy upon request of the Court and will have one on hand at the March 14 hearing on motions in limine.

1 | P a g e

Judge Fallone then ruled as follows:

> I agree with that. The whole purpose of having a witness outside of the courtroom is to have the witness testify as to what he knows or what she knows. It goes to the same – it's the same theory with the attorneys. When their witness is on to stand, they ought to be here. When their witness isn't on the stand, they don't need to be here.

*Id*. at 34. Thereafter, Judge Fallon enforced the Order upon being alerted that counsel for a witness had entered the courtroom; counsel was excused on every occasion.

When the defense sought the Government's agreement on this issue, it declined to so agree. *But see United States v. Rom*, 10 Cr. 146 WKS, Dkt. 65 at 5-7 (Government's brief extolling importance and breadth of sequestration of witnesses at trial).

Accordingly, the defense now seeks a Sequestration Order that ensures that no witness's counsel or other representative attend the trial other than during the witness's testimony, prohibits the parties from disclosing any information from the conduct of the trial to any of its witnesses, and prohibiting the excluded witnesses from accessing any information from the conduct of the trial. There is no bona fide reason for a witness's counsel to attend the trial otherwise other than to obtain information to shape the client's testimony.

Rule 615 "gives the court discretion to determine what requirements, if any, are appropriate in a particular case to protect against the risk that witnesses excluded from the courtroom will obtain trial testimony." Fed. R. Evid. 615, Advisory Committee Notes, 2023 Amendments. The Court should issue the requested Order to protect against that risk here.

//

//

//

//

3 | P a g e

Defendant Gumrukcu respectfully requests oral argument on this motion at the March 14 hearing at trial's commencement.

Dated this 28th day of February 2025.

          Respectfully submitted,

          */s/ Susan K. Marcus*
          SUSAN K. MARCUS
          Law Firm of Susan K Marcus LLC
          29 Broadway, Suite 1412
          New York, NY 10006
          (212) 792-5131
          susan@skmarcuslaw.com

          */s/ Ethan A. Balogh*
          ETHAN A. BALOGH
          Balogh & Co., APC
          100 Pine Street, Suite 1250
          San Francisco, CA 94111
          (415) 391-0441
          eab@balcolaw.com

          Attorneys for Defendant
          SERHAT GUMRUKCU