UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SERHAT GUMRUKCU, <br><br> Defendant. | Case No. 5:22-cr-58 |

**DEFENDANT SERHAT GUMRUKCU'S
PROPOSED JURY INSTRUCTIONS (SET ONE)**

  Pursuant to Federal Rule of Criminal Procedure 30, Defendant Serhat Gumrukcu, by and through his counsel, respectfully requests the Court to instruct the jury on the law as set forth herein. He will supplement his Rule 30 requests at the close of evidence.

  In addition, Defendant Gumrukcu requests the Court provide preliminary instructions before opening statements, as follows:

  1.  Role of the Indictment

  2.  Role of the Court, Jury and Counsel

  3.  Presumption of Innocence and Reasonable Doubt

  4.  Evidence

  5.  What Is Not Evidence

  6.  Rule of Objections

  7.  Credibility of Witnesses

  8.  Conduct of the Jury

2 | P a g e

9.  Jurors' Sympathy, Passion, or Prejudice

10  Race, Religion, National Origin, Sex, or Age[1]

11. Equality before the Court

12. Outline of Trial

13. Jurors' Experience or Specialized Knowledge

14. No Transcript Available to Jury

15. Juror Note Taking

16. Jury to Be Guided by English Translation/Interpretation

17. Bench Conferences and Recesses

Defendant Gumrukcu notes that Preliminary Instructions on these subjects are favored by the United States Court of Appeals for the Ninth Circuit. *See* Ninth Circuit Manual on Model Criminal Jury Instructions.[2] He notes further that requested Preliminary Instructions Nos. 1-4, 7, 9-11, 13, and 15 were provided in the final charge in *United States v. Moffitt,* 22 Cr. 67, Dkt. 114, to which the Court directed the parties as a template. *See* Reporter's Transcript, July 29, 2024 Pretrial Conference, at 82-3.

---

[1] Defendant asks the Court to amend this instruction to include "sexual orientation."

[2] https://www.ce9.uscourts.gov/jury-instructions/model-criminal

3 | P a g e

The remaining requested Preliminary Instructions, *viz.*, Nos. 5, 6, 8, 12, 14, and 16-17 come from the Ninth Circuit's Manuel of Model Jury Instructions.

Dated this 10th day of March 2025.

                                    Respectfully submitted,

                                    */s/ Susan K. Marcus*
                                    SUSAN K. MARCUS
                                    Law Firm of Susan K Marcus LLC
                                    29 Broadway, Suite 1412
                                    New York, NY 10006
                                    (212) 792-5131
                                    susan@skmarcuslaw.com

                                    */s/ Ethan A. Balogh*
                                    ETHAN A. BALOGH
                                    Balogh & Co., APC
                                    100 Pine Street, Suite 1250
                                    San Francisco, CA 94111
                                    (415) 391-0441
                                    eab@balcolaw.com

                                    Attorneys for Defendant
                                    SERHAT GUMRUKCU

4 | P a g e

## DEFENDANT SERHAT GUMRUKCU'S REQUESTED INSTRUCTION NO. 1

### Murder for Hire
### (18 U.S.C. § 1958)

The defendant is charged in Count 1 of the indictment with using interstate commerce facilities in the commission of a murder-for-hire in violation of Section 1958 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant caused another to travel via interstate commerce from Colorado to Vermont;

Second, the defendant did so with the intent that murder be committed; and

Third, the defendant intended that the murder be committed in exchange for [*specify thing of pecuniary value*].

Authority: Ninth Circuit Manual of Model Criminal Jury Instructions No. 16.7; *see also United States v. Gellen*, 22 Cr. 276 (N.D. Cal. 2022) (Corley, J.), Dkt. 77 at 14.

5 | P a g e

## DEFENDANT SERHAT GUMRUKCU'S REQUESTED INSTRUCTION NO. 2
### Aiding and Abetting

Let me say something about aiding and abetting. The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that ordinarily anything a person can do for himself may also be accomplished by him through the direction of another person as his or her agent or by acting in concert with or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting upon the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct. Before any defendant may be held criminally responsible for the acts of another, however, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed, aided, or abetted the crime unless you, the jury, find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator. In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense [presented in Count 2, murder-for-hire] as defined in these instructions was committed by some person or persons and that the defendant voluntarily participated in its commission with the intent to violate the law.

6 | P a g e

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt: First, that the charged offense was committed by some person; Second, that the defendant associated with the criminal venture; Third, that the defendant purposefully participated in the criminal venture; and Fourth, that the defendant sought by action to make that venture successful.

Now, to associate with a criminal venture means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant has no knowledge of the principal's criminal venture. To participate in the criminal venture means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

Authority: *United States v. Ryan*, 20 Cr. 65 (E.D. La) (Fallon, J.); *see also* Ex. A.

7 | P a g e

**DEFENDANT SERHAT GUMRUKCU'S REQUESTED INSTRUCTION NO. 3**
(Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea).

You have heard testimony from [*name of witness*], a witness who

[received immunity. That testimony was given in exchange for a promise by the government that [the witness will not be prosecuted] [the testimony will not be used in any case against the witness]];

[received [benefits] [compensation] [favored treatment] from the government in connection with this case];

[admitted being] [was alleged to be] an accomplice to the crime charged. An accomplice is one who voluntarily and intentionally joins with another person in committing a crime];

[pleaded guilty to a crime arising out of the same events for which the defendant is on trial. This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability].

For [this] [these] reason[s], in evaluating the testimony of [*name of witness*], you should consider the extent to which or whether [his] [her] testimony may have been influenced by [this] [any of these] factor[s]. In addition, you should examine the testimony of [*name of witness*] with greater caution than that of other witnesses.

Authority: Ninth Circuit Manual on Model Jury Instructions No. 3.9.