UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SERHAT GUMRUKCU, <br><br> Defendant. | Case No. 5:22-cr-58 |

**DEFENDANT SERHAT GUMRUKCU'S OBJECTIONS TO
THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Defendant Serhat Gumrukcu, by and through his attorneys of record, respectfully files his objections to the Government's proposed jury instructions, filed March 7, 2025, *see* Dkt. 252, as follows.[1] He separately files his proposed jury instructions (set one) this day.

**OBJECTIONS**

**OBJECTION NO. 1**

Defendant Gumrukcu objects to the Government's ordering of instructions on the three counts charged. He contends the Court should instruct the jury in the same order the charges appear in the indictment. To do otherwise would emphasize Count 2 disproportionately by calling it out first.

**OBJECTION NO. 2**

Defendant Gumrukcu further objects to Request No. 1, which follows the indictment's charging language with the statute. He objects to the inclusion of the statutory language. The

---

[1] We number the Objections for ease of reference.

jurors are not being called to interpret a statute; they're being directed to follow the Court's instructions. That goal is frustrated by an instruction that puts the statute—and interpretations jurors might make about it—in the instruction. He maintains that for Counts 1 and 2, the Court should correctly identify the established elements required to support the charged offenses, *as charged* by the grand jury. It should not include the statutory language.

### **OBJECTION NO. 3**

Defendant Gumrukcu objects to Request No. 2 (elements for Count 2, aiding and abetting murder in violation of 18 U.S.C. § 1958) on three grounds.

He first disagrees with the Government's formulation of the first element. The Government hasn't charged an "interstate facility" theory supporting the section 1958 charge, *see* Dkt. 209 (Fourth Superseding Indictment) at 2 (Count Two). Accordingly, that language should not be included in the charge for Count 2. The instruction instead should be limited to the charges, *viz.*, "First, the defendant caused Jerry Banks to travel in interstate commerce, from Colorado to Vermont[.]" *See also* Ninth Circuit Model Criminal Jury Instruction No. 16.7 (murder-for-hire pursuant to 18 U.S.C. § 1958); *see also United States v. Gellen*, 22 Cr. 276 (N.D. Cal. 2022) (Corley, J.), Dkt. 77 at 14.[2]

He next disagrees with the Government's formulation of the second element for Count 2. The part of the second element following the word "committed" is surplusage. Rather, the instruction should read as follows: "Second, the defendant did so with the intent that murder be committed; and[.]" *See also* Ninth Circuit Model Criminal Jury Instruction No. 16.7.

---

[2] We attach a copy hereto as Ex. A.

3 | P a g e

Last, he disagrees with the Government's formulation of the third element. The instruction should read as follows: "Third, the defendant intended that the murder be committed in exchange for money [or other specific thing of pecuniary value.]" *See id.*

Defendant Gumrukcu separately files his proposed instruction for Count 2 this day.

**OBJECTION NO. 4**

Defendant Gumrukcu objects to Request No. 3, which doesn't appear to capture relevant authorities, particularly *Rosemond v. United States*, 572 U.S. 65 (2014), which requires the defendant's "advance knowledge" of the plan to establish aiding and abetting: "What matters for purposes of gauging intent, and so what jury instructions should convey, is that the defendant has chosen, with full knowledge, to participate in the illegal scheme." 572 U.S. at 69.

Defendant Gumrukcu separately files an aiding and abetting instruction, provided by Judge Fallon in *United States v. Ryan*, *et al.*, 20 Cr. 65 (E.D. La).

**OBJECTION NO. 5**

Defendant Gumrukcu objects to Request No. 4 on two grounds. First, the inclusion of the "interstate facility" parentheticals as inapplicable, *see* ECF 209 (Fourth Superseding Indictment) at 1 (Count One). Second, the third paragraph is surplusage. The purpose of the interstate travel will be contained in the instruction that sets for the elements. The intent is clear and the surplusage in Request No. 4 is distracting and waters down the Government's burden.

**OBJECTION NO. 6**

Defendant Gumrukcu objects to Requests Nos. 5 and 6. The second and third elements for Count One need no further explanation. *See* Ninth Circuit Model Criminal Jury Instruction 16.7. Nor does the fourth element need further explanation.

4 | P a g e

**OBJECTION NO. 7**

Defendant Gumrukcu objects to Request No. 8, which follows the language in the charge with the statutory language. He objects to the inclusion of statutory language for the reasons articulated in Objection No. 2. He again contends that the Court should correctly identify the established elements required to support the charged offenses, *as charged* by the grand jury. It should not include the statutory language.

**OBJECTION NO. 8**

Defendant Gumrukcu objects to Request No. 9. Conspiracy has three elements to be proven:

First, the existence of the charged conspiracy to commit murder-for-hire;

Second, that the defendant unlawfully, knowingly, and intentionally joined this conspiracy during the applicable time period; and

Third, that at least one of the co-conspirators committed an overt act in furtherance of the conspiracy in the District of Vermont.[3]

**OBJECTION NO. 9**

Defendant Gumrucku objects to Request No. 10. Contrary to the Government's recitation, there is more than "one difference" between counts 1 and 2, and its proposed instruction incorrectly states otherwise. So too, nearly the entire instruction is argumentative, including particularly the final paragraph. In sum, Defendant Gumrukcu objects to everything after the second paragraph as argumentative and/or inapplicable.

---

[3] We rely on the Judge Rakoff's charge on conspiracy from *United States v. Fleishman*, 11 Cr. 32 (S.D.N.Y.) (Rakoff, J.), Dkt. 129 at 11. We attach a copy here as Exhibit B.

5 | P a g e

**OBJECTION NO. 10**

Defendant Gumrukcu objects to the Request No. 11 on the grounds that it is argumentative and contains misstatements of law, including (1) the jury does not decide who the members of the conspiracy were; instead, the jury determines whether the separate conspiracies alleged in Counts 1 and 3 existed, and if so, did the defendant knowingly, willfully, and voluntarily join it either or both with the intent to accomplish the object(s) alleged; and (2) there is no element that the defendant "must have a stake in the venture or its outcome." The fourth paragraph of Request No. 11 is close to correct, but then waters down the scope of defendant's knowledge in an argumentative and inappropriate manner.

Defendant Gumrukcu instead suggests language like Judge Rakoff fashioned in *Fleishman*:

> Turning to the second essential element, if you conclude that the Government has proved beyond a reasonable doubt that the charged conspiracy existed, you must then consider whether it has also proved beyond a reasonable doubt that the defendant, [Serhat Gumrukcu], unlawfully, knowingly, and intentionally joined the conspiracy.
>
> "Unlawfully," obviously, means contrary to law. But in terms of its application to the defendant's state of mind, the Government is not required to show that the defendant knew that he was breaking any particular law. The Government must prove, however, that the defendant was aware of the generally unlawful nature of his acts.
>
> "Knowingly" means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence.
>
> "Intentionally" here means to act deliberately and with a bad purpose, rather than innocently, and with an intent to [case Gregg Davis to be killed].
>
> If you find beyond a reasonable doubt that the defendant joined in the charged conspiracy and did so unlawfully, knowingly, and intentionally, then the second element is satisfied.

6 | P a g e

In this regard, it is not necessary that the defendant be fully informed of all the details of the conspiracy in order to justify an inference of membership on her part. Nor does the defendant need to know the full extent of the conspiracy or all of its participants. Indeed, it is not necessary that the defendant know more than one other member of the conspiracy. Nor is it necessary that the defendant receive any monetary benefit from participating in the conspiracy.

What is necessary is proof beyond a reasonable doubt that the defendant intentionally joined in the conspiracy for the purpose of furthering ... its unlawful objects. [I struck "one or both of" from the Rakoff instruction as that was a dual-object conspiracy case; we strike "or objects" form the formulation below for the same reason]

The defendant also need not have joined the conspiracy at the outset. The defendant may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined, as well as all that was done during the conspiracy's existence while the defendant was a member.

Similarly, the law does not require that each conspirator have an equal role in the conspiracy. Even a single act may be sufficient to draw the defendant within the ambit of a conspiracy if it meets the essential requirements I have described.

However, I want to caution you that mere association or discussions without agreement by one person with another person does not make that first person a member of the conspiracy even when coupled with knowledge that a conspiracy is taking place. In other words, knowledge without participation is not sufficient. What is necessary is that the defendant, knowing the conspiracy's unlawful object, participated in some way in the conspiracy for the purpose of furthering that object.

## **OBJECTION NO. 11**

Defendant Gumrukcu objects to Request No. 12, which follows the language in the indictment with the statutory language. For the same reasons presented in Objection Nos. 2 and 7, he objects to the inclusion of statutory language. In addition, based on defendant's contention

that Count 3 fails to allege a cognizable conspiracy to commit wire fraud allegation, the formulation of this instruction should take place following the close of all evidence.

### **OBJECTION NO. 12**

Defendant Gumrukcu objects to Request No. 13, including the unnecessary prefatory language in the first paragraph. He again contends this instruction should be addressed following the conclusion of the case.

### **OBJECTION NO. 13**

Defendant Gumrukcu objects to Request No. 14 because it fails to define correctly a scheme to defraud, which means "a scheme to obtain money from Davis and/or Gac." The instruction for Count 3 also must define "intent to defraud" which means an intent "to deceive *and* cheat[.]" *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020) (applying this definition to wire fraud (18 U.S.C. § 1343)) (original emphasis).

The Government's formulation of Nos. 13-15 confuses the nature of the charge—limited to conspiracy—and the Government then includes Request No. 15, which doesn't apply to conspiracy. Most directly, this is a conspiracy case and *not* a substantive fraud case.

As *Miller* discussed:

> Like the mail fraud statute from which it is derived, the wire fraud statute, in plain and simple language, criminalizes the use of interstate wires to further, not mere deception, but a scheme or artifice to defraud or obtain money or property, i.e., in every day parlance, to cheat someone out of something valuable. It follows that to be guilty of wire fraud, a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive *and* cheat.
>
> This has long been the law of several other circuits.

953 F.3d at 1101. *See also id.* at 1101-02 (discussing *United States v. Walters*, 997 F.2d 1219 (7th Cir. 1993); *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1180 (2d Cir. 1970) *United States v. Starr*, 816 F.2d 94, 101 (2d Cir. 1987) ("[I]t is error for a trial judge to charge a jury that contemplated harm is *not* an element of fraudulent intent."); *United States v. Lemire*, 720 F.2d 1327, 1335-36 (D.C. Cir. 1983) ("[T]here is judicial consensus about certain requisite elements of a scheme to defraud. ... [T]he scheme to defraud must threaten some cognizable harm to its target. ...") (cited as dicta); *United States v. Allen*, 491 F.3d 178, 187 (4th Cir. 2007) (upholding a jury instruction that, for the purposes of the wire fraud statute, to act with the intent to defraud means "to act knowingly and with the specific intent to deceive, for the purposes of causing some financial or property loss to another").

### **OBJECTION NO. 14**

Defendant Gumrukcu objects to Request No. 16 which plays no part in the conspiracy alleged in Count 3.

### **OBJECTION NO. 15**

Defendant Gumrukcu objects to Request Nos. 17 and 18 as argumentative and unnecessary. Request No. 18 will be covered by the Credibility of Witnesses instruction.

Dated this 11th day of March 2025.

Respectfully submitted,

*/s/ Susan K. Marcus*
SUSAN K. MARCUS
Law Firm of Susan K Marcus LLC
29 Broadway, Suite 1412
New York, NY 10006
(212) 792-5131
susan@skmarcuslaw.com

*/s/ Ethan A. Balogh*
ETHAN A. BALOGH
Balogh & Co., APC
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 391-0441
eab@balcolaw.com

Attorneys for Defendant
SERHAT GUMRUKCU