UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Docket No. 22-cr-00058 |
| SERHAT GUMRUKCU, <br> Defendant. | |

GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE IMPROPER CHARACTER
EVIDENCE AND PROHIBIT JURY NULLIFICATION ARGUMENTS

On March 1, 2025, the defendant provided his witness list to the government. The list included more than forty names and a reference to a three-month old government witness list, implying the defense might call witnesses on that list as well. The defendant's witness list appears to include, among others, the defendant's prior "patients," business associates, family members, and co-workers. The defense also provided a lengthy exhibit list that includes a variety of documents about the defendant's medical and scientific accomplishments after the charged offenses. The government suspects that the defendant intends to call these individuals and offer these exhibits to provide evidence of the defendant's good character as a way to suggest that the defendant would therefore not commit the crimes charged in the Fourth Superseding Indictment. This is inadmissible. As explained below, the Court should exclude improper character evidence and prohibit jury nullification arguments and should address the issue before any defense opening statement.[1]

---

[1] If the defense chooses to delay its opening statement or to not mention this evidence in its opening statement, the Court need not address these issues before Monday, March 17, 2025, the estimated date of openings.

Character Witnesses

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Fed. R. Evid. 404(a)(2)(A) provides, however, that a defendant in a criminal case may offer evidence of a *pertinent* character trait. (emphasis added). When evidence of a person's character trait is admissible, it may be proved generally only by testimony about the person's reputation for or by opinion testimony about that trait. Fed. R. Evid. 405(a). Rule 405(b) provides that when a "person's character or character trait is an essential element of a charge, claim or defense, the character trait may also be proved by relevant specific instances of the person's conduct." Because the defendant's character is not an essential element of any crime or affirmative defense at issue in this case, specific instances of conduct are not admissible.

To be sure, the defense may offer character evidence in a proper form, but the Court should, and must, determine prior to the offer of character evidence whether the character trait for which the evidence is being proffered is pertinent or relevant. For example, a character for being law abiding can be pertinent in most criminal prosecutions. *See, e.g., In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003). It could be proved through testimony about the defendant's reputation for being law abiding or a witness's opinion that the defendant is law abiding. But the Court should hold that the defendant's character for being a scientific inventor, or an accomplished healer are not pertinent and therefore not admissible. *See*, *e.g.*, *United States v. Marrero*, 904 F.2d 251, 259-60 (5th Cir. 1990) (military service); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1sr Cir. 1989) (bravery and community spirit). "The proffered evidence of a character trait [must] relate to some element at issue in the case." *United States v. Han*, 230 F.3d 560, 564 (2d Cir. (2d Cir. 2000).

Specific instances of conduct are not admissible to establish any character trait in this case. While a defendant is permitted to offer evidence of a witness's personal opinion regarding his reputation for a pertinent character trait, he should not be permitted "to offer testimony regarding 'specific instances' of conduct in conformity with a trait that is not at issue." *United States v. Riley*, 638 Fed. Appx. 56, 64 (2d Cir. 2016) (quoting *United States v. Doyle*, 130 F.3d 523, 542 (2d Cir. 1997)); *see also United States v. Hill*, 40 F.3d 164, 169 (7th Cir. 1994) ("Evidence that the defendant frequently performs lawful or laudable acts does not often establish that some subsequent act is also lawful or laudable.") (internal quotations and citation omitted). The Court should, as Fed. R. Evid. 404(a) requires, also limit character evidence in scope to general statements regarding the character of the defendant. *See United States v. Cudlitz*, 72 F.3d 992, 996 (1st Cir. 1996) (the defendant's offer of character evidence was improper due to its detailed nature). Furthermore, the Court should exclude even relevant character evidence if its probative value is substantially outweighed by a danger of unfair prejudice or confusing the jury. *See* Fed. R. Evid. 403; *Riley*, 638 Fed. Appx. at 64.

The Court should further limit character evidence in the following three ways: (1) by regulating the number of character witnesses; (2) by controlling the order of proof; (3) by requiring the defense to demonstrate any character witness's competence to form an opinion or have sufficient knowledge to testify about reputation. First, the Court should limit the number of witnesses that the defendant may call to exclude cumulative evidence. *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989); *United States v. Edwards*, 702 F.2d 529, 530 (5th Cir. 1983). Second, the Court should disallow the defendant from cross-examining the prosecution's witnesses as to the defendant's character; instead, the Court should require the defense to call the witness during its own case in chief. *See United States v. Southers*, 583 F.2d 1302, 1309 (5th Cir. 1978)

("The trial judge has broad discretion to limit the scope of cross-examination under Rule 611(b)"). Third, the defense should demonstrate the competence of each character witness to form an opinion or speak to the reputation of the defendant within the community before admitting any testimony about reputation or opinion from that witness.

Additionally, under Fed. R. Evid. 405(a), if the defense offers character evidence, the prosecution is allowed to "inquir[e] into relevant specific instances of the [defendant's] conduct." Additionally, it is proper for the prosecution to inquire on rebuttal into specific acts which refute the specific character trait on which the witness has given a general opinion. The Second Circuit reasoned that there is "substantial latitude afforded the government to rebut character witness testimony offered by the defense," and that cross-examination regarding specific instances of bad character, even if they are unknown to the witness, are admissible. *United States v. Bah*, 574 F.3d 106, 117-118 (2d Cir. 2009).

The government acknowledges that otherwise inadmissible character evidence may become admissible under Fed. R. Evid. 404(b) if offered for a relevant purpose other than character. The parties are currently litigating several potential Rule 404(b) issues with respect to the government's evidence, which the Court has deferred ruling on until trial. In this regard, the Court is examining whether the evidence is relevant to another issue in dispute, such as knowledge or relationship, as well as considering its discretion under Rule 403. To the extent that the defense plans to offer evidence pursuant to Rule 404(b) as relevant to an issue other than character, it should provide an offer of proof before seeking to admit the evidence or commenting on the evidence in its opening statement. The government should be given the same ability to litigate the admissibility of defense evidence that the defense has so actively pursued with respect to the government's evidence.

4

For these reasons, to ensure the orderly presentation of admissible evidence, the Court should rule in advance of any defense opening on the nature of admissible character evidence.

## Jury Nullification

At trial, the defendant may attempt to make arguments or elicit testimony regarding his prior work as a healer of certain illnesses (e.g. cancer and HIV) to deter the jury from convicting him. Such evidence is improper under Federal Rules of Evidence 401, 402, and 403, as it serves only to elicit juror sympathy for the defendant and encourages the jury to nullify. *See*, *e.g.*, *United States v. Battaglia*, 2008 WL 144826, at *3 (S.D.N.Y. Jan. 15, 2008) (granting motion *in limine* to preclude evidence of defendant's family and personal status).

In *United States v. Thomas*, 116 F.3d 606 (2d Cir. 1997), the Second Circuit restated certain basic principles regarding jury nullification:

> Nullification is, by definition, a violation of a juror's oath to apply the law as instructed by the court -- in the words of the standard oath administered to jurors in the federal courts, to "render a true verdict according to the law and the evidence." We categorically reject the idea that, in a society committed to the rule of law, jury nullification is desirable or that courts may permit it to occur when it is within their authority to prevent.

*Id*. at 614 (citation omitted). Thus, it is established law that juries have no right to nullify, *see id*. at 615, and indeed "trial courts have the duty to forestall or prevent such conduct," *id*. at 616. The government may move *in limine* to address concerns that a defendant may seek to encourage jury nullification. *See*, *e.g.*, *United States v. Malpeso*, 115 F.3d 155, 162 (2d Cir. 1997).

Mindful of these principles, the government requests that the Court preclude the defense from eliciting any testimony in the form of cross-examination of government witnesses or through the testimony of defense witnesses, or from making any arguments -- however subtle -- that are designed to encourage the jury to render a verdict based on sympathy, the importance of the defendant's work as a healer, or based on any other impermissible reason. These might include,

but are not limited to, arguments that the defendant is a gifted scientific mind who can cure certain illnesses or diseases. The government requests that the Court preclude any and all such attempts by the defense to advance a nullification argument under the guise of a legitimate defense. *See also United States v. Gaeta*, 2008 WL 3911140, at *6 (D. Ariz. 2008) (granting a government motion in limine to preclude the defendant "from arguing or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification because a defendant does not have a right to seek jury nullification." (citing *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1991))); *United States v. Smith,* 2009 WL 692149, at *4 n.3 (S.D. Ala. 2009) (granting a government motion in limine to preclude the defendant "from advancing a jury nullification argument at trial" because "the law is crystal clear that such arguments to the jury are improper and impermissible." (citing *United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998))).

Finally, the Court should further prohibit the defendant from commenting on potential sentencing consequences. In *United States v. Pabon-Cruz*, 391 F.3d 86, 90 (2d Cir. 2004), the district court proposed to "tell the jury about the sentencing consequences of its verdict so that the jury could make an informed decision as to whether to nullify the law." Although the district court was not going to allow defense counsel to argue for nullification, the Second Circuit nevertheless directed the district court not to tell the jury about the sentencing consequences of a guilty verdict. *See Pabon-Cruz*, 391 F.3d at 91-92. Indeed, "[e]xcept in certain limited circumstances, a defendant has 'no legal right to a charge informing the jury of the sentencing consequences of its decision.'" *United States v. Feuer*, 403 Fed. Appx. 538, 540 (2d Cir. Dec. 14, 2010) (summary order) (quoting *Pabon-Cruz*, 391 F.3d at 94, and citing *Shannon v. United States*, 512 U.S. 573, 579 (1994), and *United States v. Polouizzi*, 564 F.3d 142, 160-61 (2d Cir. 2009)). "Likewise, except in limited circumstances, a defendant has no legal right to introduce evidence or argument regarding

6

sentencing consequences." *Feuer*, 403 Fed. Appx. at 540. No such limited circumstances are present in this case. *See, e.g.*, *Shannon*, 512 U.S. at 587-88.

The government anticipates that the Court will instruct the jury that (1) it is to base its verdict on the law as explained to it by the Court, (2) it should find the defendant guilty if it finds the elements proved beyond a reasonable doubt, and (3) the jury should not consider possible sentencing consequences arising from its verdict. To permit nullification arguments—whether related to the defendant's good actions, irrelevant character, or the penalties at stake—would undermine these instructions and encourage the jurors to violate their "sworn duty to follow the law as instructed by the court." *Thomas*, 116 F.3d at 616. This Court has "the duty to forestall or prevent such conduct." *Id.* Accordingly, this Court should rule in advance of opening statements that it will preclude arguments and questioning related to jury nullification.[2]

## Conclusion

Accordingly, the government respectfully moves the Court to exclude or limit the defendant's presentation of character evidence consistent with the Rules of Evidence. Additionally, the government moves to preclude the defendant from making any arguments or eliciting any testimony that encourages jury nullification. For the reasons set forth above, the Court

---

[2] Many appellate courts also have held, or at least observed, that a criminal defendant is not entitled to have the jury instructed that it can, despite finding the defendant guilty beyond a reasonable doubt, disregard the law and acquit that defendant. *United States v. Rith*, 164 F.3d 1323, 1338 (10th Cir. 1999); *Thomas*, 116 F.3d at 616 n.9; *United States v. Edwards*, 101 F.3d 17, 19 (2d Cir. 1996); *United States v. Sepulveda*, 15 F.3d 1161, 1189-90 (1st Cir. 1993); *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1991); *United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983); *United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983); *United States v. Lucero*, 895 F. Supp. 1421, 1426 (D. Kan. 1985) (citing appellate cases). In fact, courts have permitted strong instructions in the opposite direction – instructions calculated to direct juries to follow the law. *See United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997) (approving this instruction: "[y]ou must not question any rule of law stated by me in these instructions. Regardless of any opinion you may have as to what the law ought to be, you must base your verdict on the law given by me").

should inquire about the relevance of proffered defense evidence prior to the defense opening statement if the defense plans to discuss that evidence in its opening statement. The Court should then exclude inadmissible or overly prejudicial evidence.

Dated at Burlington, in the District of Vermont, this 11th day of March 2025.

Respectfully submitted,

MICHAEL P. DRESCHER
Acting United States Attorney

By: /s/ *Zachary Stendig*
PAUL J. VAN DE GRAAF
ZACHARY STENDIG
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725