UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SERHAT GUMRUKCU,<br>     Defendant. | Docket No. 22-cr-00058 |

MOTION IN LIMINE FOR CLARIFICATION OF PRIOR RULING REGARDING CERTAIN 404(b) EVIDENCE

In the summer of 2024, the government provided notice pursuant of Fed. R. Evid. 404(b) of its intent to introduce certain evidence. The parties briefed the motions. *See* ECF Nos. 185, 186, 190, and 191. The government's briefing identified certain evidence related to the defendant's prior California fraud prosecution (the "California Case") which overlapped with the murder-for-hire conspiracy at issue in the Fourth Superseding Indictment. Specifically, the government wrote:

> California authorities developed evidence that the defendant obtained almost $1 million from Akyus in 2014 for a real estate investment. The defendant used the money for other purposes but falsely represented to Akyus that the investment had gone through. In this regard, Akyus received various emails from an email account in the name of a Los Angeles attorney, Benjamin Kacev, that appeared to confirm the validity of the real estate deal. Kacev would testify that the email account was not his, he did not write the emails, and he was not involved with the defendant.

ECF No. 190 at 15.

In connection with that same briefing, the government offered a "Notice Chart" as an exhibit. ECF No. 190 at Ex 1. The chart included three columns, "Proposed Evidence," "404(b) Purpose" and "Timing for Request Ruling[.]" *Id.* In that chart, one piece of "Proposed Evidence" regarding the California Case was, "Testimony [Stachnik, Kacev] and documents that, in connection with the Ersin Akyuz fraud case, Mr. Gumrukcu caused various false representations

about the real estate deal in which Akyuz invested, and Mr. Gumrukcu provided various false documents, including phony emails from an attorney." *Id.* at 3.

The Court held a hearing on July 29, 2024. ECF No. 193. At the outset, the Court addressed, "Testimony and documents about the California fraud case for which Mr. Gumrukcu was arrested in February 2017 and in which he pleaded guilty in January 2018." July 29, 2024, Hearing Transcript at 40. The Court continued, "I was more persuaded that that is central to the Government's motive, and so I was more inclined to think that should come in." *Id.* The Court then heard argument from the parties. *Id.* at 40-73.

Thereafter, the Court made the following ruling with regard to the California Case:

> I am going to allow the full scope of the California fraud to be presented in opening statement. That is central to the Government's motive in the case. It isn't even a 404(b) issue. It's inextricably intertwined into: Why is it so allegedly important to silence Mr. Davis? Why is it important for him not to be complaining to law enforcement at a particular time?

*Id.* at 75.

At this juncture, trial starts in a matter of hours. Accordingly, the Government seeks clarification as to a particular piece of the California Case evidence, specifically, the testimony of Benjamin Kacev. Kacev is a California-based attorney whom the Government believes would testify as to the following six points: (1) he has been an attorney in the State of California since 2005; (2) Mr. Kacev once met the defendant, but never provided him with any legal services; (3) Mr. Kacev did not create, did not have any access to, and never used the email address benkacev@gmail.com; (4) Mr. Kacev never sent any emails to Ersin Akyuz, including any emails from benkacev@gmail.com; (5) he reviewed emails purportedly sent by benkacev@gmail.com and confirmed that he did not draft the emails or cause them to be sent; and (6) Mr. Kacev never drafted any documents related to any business conducted by Ermes LLC.

2

Preliminary discussions with defense counsel about the potential for a stipulation as to this testimony have indicated that the defendant does not believe Mr. Kacev's testimony is admissible at trial. The government believes the Court has ruled that Mr. Kacev's testimony is part of the California Case which is inextricably intertwined with the murder-for-hire conspiracy charged in the Fourth Superseding Indictment. *See generally United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) ("evidence of uncharged criminal activity is not considered other crimes evidence under Fed.R.Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial."). Of course, this evidence is subject to Fed. R. Evid. 403, and the evidence would be inadmissible if "its probative value is *substantially outweighed* by a danger of ... unfair prejudice." *Id.* (emphasis added); *see also United States v. Smothers*, 652 F. Supp. 3d 271, 284 (E.D.N.Y. 2023) ("Although evidence may be relevant as directly probative of, or inextricably intertwined with, the defendant's charged conduct, this evidence may nonetheless be inadmissible pursuant to Federal Rule of Evidence 403").

Here, however, the Court has already determined that the evidence related to Mr. Kacev is both relevant and inextricably linked to the charged conduct. Furthermore, the probative value of Mr. Kacev's testimony is not substantially outweighed by the danger of unfair prejudice. This testimony is brief, and it is highly probative of the significant weight of the evidence in the California Case. Indeed, Mr. Kacev's direct examination as to the six aforementioned points would likely take less than ten minutes. To the extent that the Court is concerned about the jury's use of Mr. Kacev's testimony for an improper purpose, the Court can give the jurors a limiting instruction. The government believes a ruling is necessary at this time because Mr. Kacev's travel to Vermont is lengthy and he has his own active law practice. Accordingly, the government requests a ruling

on March 14, 2025, during the motions hearing as to the admissibility of the proposed Kacev testimony, in order to facilitate scheduling of Mr. Kacev's travel and testimony at trial.

## Conclusion

For the reasons set forth above, the Court should grant the relief requested.

Dated at Burlington, in the District of Vermont, this 13th day of March, 2025.

          Respectfully submitted,

          MICHAEL P. DRESCHER
          Acting United States Attorney

By: /s/ *Zachary Stendig*
          PAUL J. VAN DE GRAAF
          ZACHARY STENDIG
          Assistant U.S. Attorneys
          P.O. Box 570
          Burlington, VT 05402-0570
          (802) 951-6725