UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Docket No. 22-cr-00058 |
| SERHAT GUMRUKCU,<br>    Defendant. | |

GOVERNMENT'S PARTIAL RESPONSE TO DEFENDANT'S OBJECTIONS TO
PROPOSED JURY INSTRUCTIONS

The government filed proposed instructions regarding the offenses charged in the Fourth Superseding Indictment. ECF No. 252. The government's proposals largely followed the recommended instructions from Judge Sands' jury instruction treatise, which this Court has frequently considered as almost the Second Circuit's model instructions. *Id.; see also United States v. James,* 239 F.3d 120, 123 n.3 (2d Cir. 2000) (affirming the district court's jury instructions and noting, "It will be observed that Judge Dearie's response follows the suggestion in the current edition of Sand's Instructions"). The defense filed objections to various government proposals. ECF No. 265. Some of those objections rely on instructions from outside the Second Circuit. The government will address these objections principally in the context of the charge conference. *Id.*

The government files this pleading prior to the charge conference to bring to the Court's attention a Second Circuit decision directly at odds with one of the defense's objections. The defense has argued that one of the elements of wire fraud conspiracy in violation of 18 U.S.C. § 1349 is proof of an overt act in furtherance of the conspiracy, an element of conspiracy in violation of 18 U.S.C. § 371. ECF No. 265. In this regard, the defense pointed to jury instructions given by U.S. District Judge Rakoff of the Southern District of New York in 2011, which included an overt act element for wire fraud conspiracy in violation of 18 U.S.C. § 1349. *Id.* In 2015,

however, the Second Circuit squarely held that "proof of an overt act is not a required element for a conspiracy conviction under 18 U.S.C. § 1349." *United States v. Roy*, 783 F.3d 418, 420-421 (2d Cir. 2015) ("We…conclude that a conspiracy conviction under § 1349 does not require proof of an overt act."). Accordingly, Judge Rakoff's instructions that predated the decision in *Roy* are not appropriate because they would incorrectly instruct the jury. *Id.* at 420 ("A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law.").

## Conclusion

For the reasons set forth above, the Court should instruct the jury on wire fraud conspiracy in accordance with the relevant precedent set forth in *United States v. Roy*, 783 F.3d 418 (2d Cir. 2015).

Dated at Burlington, in the District of Vermont, this 13th day of March, 2025.

Respectfully submitted,

MICHAEL P. DRESCHER
Acting United States Attorney

By: /s/ *Zachary Stendig*
PAUL J. VAN DE GRAAF
ZACHARY STENDIG
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725