UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SERHAT GUMRUKCU, <br><br> Defendant. | Case No. 5:22-cr-58 |

### SERHAT GUMRUKCU'S RESPONSE TO GOVERNMENT'S MOTION FOR CLARIFICATION OF PRIOR RULE 404(B) RULING

Defendant Serhat Gumrukcu, by and through his attorneys of record, respectfully responds to the Government's motion *in limine* for clarification of the Court's Rule 404(b) ruling. *See* Dkt. 273.

By its motion: "the Government seeks clarification as to a particular piece of the California Case evidence, specifically, the testimony of Benjamin Kacev." *Id*. at 2. But it's not clarification the Government wants; it is instead a ruling on an issue for which it disclaimed any need for pretrial resolution:

> Again, I don't think – **we're not asking you to decide do we talk about the real estate fraud with respect to Mr. Akyuz**. So remember, the California case has two parts: the real estate fraud with Mr. Akyuz and then basically the frauds with respect to the bounced checks with Gac, which is four checks, not one check. He pleads to one of the counts related -- eventually pleads to one of the counts related to one of the bounced checks. But, again, **we don't need – aren't asking you to decide how much of that detail evidence we need to put in until we see how the trial develops**.

Reporter's Transcript, July 29, 2024, at 45 (emphasis added).

The Government disclaimed the need for a ruling based on the limited scope of the Order it sought (also omitted from the Government's motion):

> So, the first one is the general nature of the California fraud charge, which you already noted is something that is critically linked to the motive and to the case. We certainly want to be able to talk about the California fraud case in the opening and understand how far we can go with that. **We are asking for just general information: These were the allegations; this was the timing of what happened; this was how it was resolved.**

*Id*. at 43 (emphasis added).

The Government similarly limited the scope of its requests in its brief:

> The government asks the Court to rule prior to openings that it may refer to the existence of the California case, the allegations or general nature of the case, the timing of the case, and its connection to Gac and the 2016 bounced checks alleged in Count Four.

Government's Sealed Response re Rule 404(b) Evidence, filed July 26, 2024, at 3.

Defendant Gumrukcu will abide the Order granting that motion, and so should the Government. By not presenting the record faithfully, the prosecution never provided bases to disturb the Court's ruling on these points, *viz.*, granting the introduction of this limited evidence and no more. It suggested incorrectly the Court had considered and decided this issue already. The Court should enforce its pretrial ruling.

The Court should additionally deny the Government's new expansive ploy, *i.e.*, to call witnesses to prove up the California case. The resolution of the charges should be permitted, but that's on paper; this case should not spiral into litigation of the California state case. That type of presentation is irrelevant, substantially more prejudicial than probative on any material fact, and most certainly an extraordinary waste of time.

The Court should deny the Government's motion.

Dated this 13th day of March 2025.

                                  Respectfully submitted,

                                  */s/ Susan K. Marcus*
                                  SUSAN K. MARCUS
                                  Law Firm of Susan K Marcus LLC
                                  29 Broadway, Suite 1412
                                  New York, NY 10006
                                  (212) 792-5131
                                  susan@skmarcuslaw.com

                                  */s/ Ethan A. Balogh*
                                  ETHAN A. BALOGH
                                  Balogh & Co., APC
                                  100 Pine Street, Suite 1250
                                  San Francisco, CA 94111
                                  (415) 391-0441
                                  eab@balcolaw.com

                                  Attorneys for Defendant
                                  SERHAT GUMRUKCU