UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SERHAT GUMRUKCU,<br>      Defendant. | Docket No. 22-cr-58 |

**GOVERNMENT'S MOTION IN LIMINE TO OBTAIN THE DEFENDANT'S RULE 16(b) DISCOVERY TO WHICH THE GOVERNMENT IS ENTITLED BY LAW**

Relevant Factual Background

Trial in this matter is well under way. Nevertheless, the defense has not provided exhibits to the Government as required. Accordingly, the Government files the instant motion seeking an order directing the defendant to produce the discovery that the Government is entitled to by law.

I. The Defendant Should Be Ordered to Disclose Their Rule 16(b) Discovery and Trial Exhibits To Be Introduced During the Government's Case

    A. *Applicable Law*

Rule 16(b) of the Federal Rules of Criminal Procedure governs a defendant's disclosures in a criminal case. In relevant part, it requires the defendant to provide the government with documents and records that the defendant "intends to use … in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A).

Rule 16 does not require a defendant to disclose documents he intends to use for purposes of cross-examining a government witness. However, to the extent that a defendant seeks to admit into evidence a document while cross-examining a witness during the government's case-in-chief in order to affirmatively support the defendant's theory of the case, such a document falls within the ambit of Rule 16, as explained in *United States v. Hsia*, No. 98 CR 0057 (PLF), 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000).

A "case-in-chief" is defined as "[t]he part of a trial in which a party presents evidence to support its claim or defense." Blacks Law Dictionary 207 (7th ed. 1999). Defendant's cross-examination of government witnesses, and the evidence introduced during that cross-examination, certainly may be used to support his defense. The cross-examination of these and other government witnesses therefore is properly seen as part of defendant's case-in-chief if it buttresses his theory of the case. *Id.*

The *Hsia* court distinguished documents introduced by a defendant via a government witness—which do fall within Rule 16 and should be disclosed—from documents used by a defendant "merely to impeach a government witness, and not as affirmative evidence in furtherance of [the defendant's] theory of the case, it is not part of [the defendant's] case-in-chief." *Id.* at *2 n.1. As the Eastern District of New York recently observed, the *Hsia* court's, "interpretation of Rule 16 has been *adopted by almost every district court to consider the issue.*" *United States v. Napout*, No. 15-CR-252 (PKC), 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017) (emphasis added) (citing *United States v. Swenson*, 298 F.R.D. 474, 478 (D. Idaho 2014); *United States v. Holden*, No. 13-cr-444, 2015 WL 1514569, at *5 (D. Or. Mar. 19, 2015); *United States v. Larkin*, No. 12-cr-319, 2015 WL 4415506, at *6 (D. Nev. July 20, 2015); *United States v. Aiyaswamy*, No. 15-cr-568, 2017 WL 1365228, at *5 (N.D. Cal. Apr. 14, 2017). *But see United States v. Harry*, No. 10-cr-1915, 2014 WL 6065705, at *10 (D.N.M. Oct. 14, 2014)).

B. *Application*

Here, the government has repeatedly requested reciprocal discovery from the defendants pursuant to Federal Rule of Criminal Procedure 16(b). No Rule 16(b) discovery was ever provided. At approximately 7:30 a.m. today, the defendant provided seventy-three (73) exhibits that they hope to use to cross-examine government witness Greg Gac. A cursory review of these

documents indicates that many of these exhibits cannot reasonably be used for impeachment purposes.

>In this case, the following occurred at a Motions in Limine hearing:
>
>THE COURT: There is a motion for order requiring the Government to identify the exhibits it will offer through its witness on the same schedule it discloses its upcoming witnesses at trial, and then there's a request about exhibits at the same time. I thought that you worked this out among yourselves.
>
>MR. BALOGH: We did. We were just making a formal order, and the Government's response in sum and substance is, "We agree to it. Let's make sure it's reciprocal." To which our response is, "Of course it's reciprocal."

Mar. 14, 2025 Motions Hearing Trans. at 32.

The defendant's "compliance" with their own request has been anything but reciprocal.[1] Instead, their use of non-impeachment exhibits (which are *not* on the defendant's exhibit list by his own admission in Court on the morning of March 26, 2025) with Government's exhibits has been non-compliant at best. Accordingly, to avoid gamesmanship and unfair surprise, the government respectfully requests that the Court order the defendant to provide a list of exhibits he intends to introduce during the government's case (*i.e.*, *not* those documents to be used for impeachment purposes only) no later than close of business on March 27, 2025. In the interim, the Government will seek exclusion of non-impeachment materials. *See United States v. Napout*, No. 2017 WL 6375729, at *8 ("Defendants were cautioned that if the Court determined that a

---

[1] Accordingly, since the Government believes the defendant has violated the agreement, the Government will no longer comply with the 48-hour request. Specifically, the defendant violated the agreement by not providing materials 48-hours in advance with regard to defense witness Carl Sandler. Instead, at the conclusion of each trial day, the Government will provide notice of the witnesses it intends to call the next day.

Defendant could have made timely disclosure, but failed to timely do so, the defendant ran the risk that the exhibit would be excluded.").

Dated at Burlington, in the District of Vermont, 26th day of March 2025.

                Respectfully submitted,

                MICHAEL P. DRESCHER
                Acting United States Attorney

                By: _____/s/_____
                PAUL J. VAN DE GRAAF
                ZACHARY STENDIG
                Assistant U.S. Attorneys
                P.O. Box 570
                Burlington, VT 05402-0570
                (802) 951-6725