UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SERHAT GUMRUKCU,<br>     Defendant. | Case No. 5:22-cr-00058-cr |

**GOVERNMENT'S MOTION TO EXCLUDE EXHIBITS NOT INCLUDED ON DEFENDANT'S EXHIBIT LIST**

Beginning in the late evening hours of April 5, 2025, and continuing into the morning of April 7, 2025, more than three weeks after the start of trial, the defendant provided approximately 579 exhibits. By the government's estimate, 480 of these exhibits do not appear on ECF No. 262 (the defendant's exhibit list) in clear violation of this Court's order. This Court does not allow trial by surprise. Accordingly the Court should exclude these late produced exhibits that do not constitute impeachment material for the government's witnesses.

**Background**

On July 29, 2024, more than six months prior to the actual start of trial, the Court held a pretrial conference. During that pretrial conference, this Court stated:

> I want your documents and your witnesses disclosed 14 days in advance of trial. You don't have to disclose impeachment and rebuttal evidence because you don't know what's going to come up. I take a narrow view as to what fits into those categories, so err on the side of caution. We don't have trials by surprise. If it's not on your witness list, I don't have a problem excluding it. So that will happen.

July 29, 2024 Pretrial Conf. Hearing Trans. at 78-79.

As directed, the defendant filed an exhibit list two weeks before the start of trial. ECF No. 262. However, of the 579 exhibits provided to the government from April 5, 2025 through April 7, 2025, approximately 480 of those exhibits do not appear on the defendant's exhibit list. Since

1

the start of trial, the defense has admitted approximately 50 exhibits, and 42 of those were provided within the 579 produced over the past two days. In total, approximately 438 exhibits provided to the government this weekend are not listed or referenced on the defendant's exhibit list.

## Discussion

Although the Federal Rules of Criminal Procedure do not require parties to disclose the documents they intend to rely on at trial, *see, e.g., United States v. Nachamie,* 91 F. Supp. 2d 565, 569-70 (S.D.N.Y. 2000), courts sometimes impose a schedule for pretrial exhibit list disclosure based on their inherent case management authority. When courts in this Circuit exercise their inherent authority to order the early disclosure of exhibits, the overwhelming practice has been to do so several days or, at most, several weeks in advance of trial. This practice holds in complex and document-intensive cases. *See, e.g., United States v. Freeman,* No. 18 Cr. 217 (KMW), 2019 WL 2590747, at *4 (S.D.N.Y. June 25, 2019) (in four-defendant case where "complex nature" and "large volume of documents produced by the government" justified early exhibit lists, ordering preliminary exhibit lists 30 days before trial, and rejecting defense request for 90-day disclosure as "unwarranted"); *United States v. Mandell,* No. 09 Cr. 662 (PAC), 2011 WL 924891, at *7 (S.D.N.Y. Mar. 16, 2011) (exhibit list 3 weeks before trial in prosecution of 8-year long international securities fraud scheme with "substantial" volume of discovery); *United States v. Giffen,* 379 F. Supp. 2d 337, 344 (S.D.N.Y. 2004) (exhibit lists ordered 30 days before trial, despite defense request for longer period, where discovery consisted of over 1 million pages of documents in "450 boxes").

Here, the defendant has clearly violated the Court's order by providing this dump of exhibits nearly a month and a half after his exhibits (and exhibit list) were due. This practice clearly constitutes a "trial by surprise" and the Court should exclude all non-impeachment exhibits.

Indeed, when the government tried to put in two publicly filed documents during the re-direct examination of Aron Ethridge (his plea agreement and cooperation letter), the Court excluded these documents because they were not on the government's exhibit list. This came just hours after the Court admitted undisclosed non-impeachment material, that also did not appear on the defendant's exhibit list, in the form of Facebook messages about a corvette purchased by Jerry Banks. The defendant has already enjoyed significant leeway in connection with his prior violations of the Court's order. The government, however, believes that a weekend-long production of 400 plus undisclosed exhibits imposes too great of a burden on the government. Accordingly, this Court should exclude these new exhibits produced weeks after the start of trial in clear violation of this Court's explicit July 29, 2024 order. *See generally Freeman,* No. 18 Cr. 217 (KMW), 2019 WL 2590747, at *4; *Mandell,* 2011 WL 924891, at *7; *Giffen,* 379 F. Supp. 2d at 344.

## Conclusion

The defendant violated the Court's order regarding exhibits. It has imposed an unfair mid-trial burden on the government, and the Court has previously made clear that undisclosed non-impeachment exhibits will be excluded. Accordingly, the Court should exclude the late disclosed exhibits.

Dated at Burlington, in the District of Vermont, April 7, 2025.

                                              Respectfully Submitted,

                                              UNITED STATES OF AMERICA
                                              MICHAEL P. DRESCHER
                                              Acting United States Attorney

By:    */s/ Zachary B. Stendig*
            PAUL J. VAN DE GRAAF
            ZACHARY B. STENDIG
            Assistant U.S. Attorneys