UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Docket No. 22-cr-58 |
| SERHAT GUMRUKCU,<br>        Defendant. | |

GOVERNMENT'S SUPPLEMENTAL MEMORANDUM ON CHARACTER WITNESS TESTIMONY

The government previously filed a Motion in Limine on Character Evidence at Document 268. This supplemental memorandum provides the Court with updated considerations regarding admissible direct testimony from, and cross-examination of, character witnesses now that the case has begun. Because character witness testimony is only relevant if it provides the jury with information about the defendant at the time and in the community in which the alleged crime occurred, the Court should exclude evidence regarding the defendant's character at other times or in other settings. In this case, the relevant time period is the period of the murder-for-hire conspiracy; the relevant community is the business and investment community in which Serhat Gumrukcu and Greg Davis interacted prior to Davis's murder. The Court should allow character evidence about this community in this time period and should permit cross-examination to explore the extent of any character witness's familiarity with the defendant in this context.

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Evidence of a pertinent character trait may be presented in the form of testimony regarding a defendant's reputation or the witness's opinion of the defendant within the relevant community. *See* Fed. R. Evid. 404, 608. "The proffered evidence of a character trait [must]

1

relate to some element at issue in the case." *United States v. Han*, 230 F.3d 560, 564 (2d Cir. (2d Cir. 2000). The Court should limit character witness testimony to testimony related to reputation or opinion at the time of the act in question rather than at trial. *See* 3 Handbook of Fed. Evid. § 405:1 (9th ed.)(citing McCormick, Evidence § 191 at 675 (5th ed. 1999)). Testimony regarding a defendant's character at other times or in other circumstances is irrelevant. Fed. R. Evid. 403; *see United States v. Curtis*, 644 F.2d 263, 268–69 (3d Cir. 1981)("[I]t has long been settled that reputation reasonably contemporaneous with the acts charged is relevant, but that reputation after the criminal charge under consideration is not.")(citing *United States v. Candelaria-Gonzalez*, 547 F.2d 291, 294 n.5 (5th Cir. 1977); *United States v. Lewis*, 482 F.2d 632, 641-42 (D.C.Cir.1973); *Gross v. United States*, 394 F.2d 216, 219 (8th Cir. 1968).

"Once a defendant offers character testimony, the prosecution is afforded substantial latitude to rebut such evidence." *United States v. Russo,* 110 F.3d 948, 952 (2d Cir.1997). While the government normally may not ask questions that presume guilt in the charged case, it may explore the witness's knowledge of and relationship with the defendant, and whether that knowledge and relationship tie to the relevant time period and community.[1] *See* 3 Handbook of Fed. Evid. § 405:1. The government, therefore, may ask if the witness is aware of otherwise established incidents that would have been known to people familiar with the defendant's conduct at key times in the case. In *Russo*, for example, the Second Circuit found the government appropriately cross-examined a defense character witness on about whether she

---

[1] Where defense counsel opens the door by asking a witness if the defendant's conviction on the current charges would alter his view, the normal prohibition on asking questions related to the charged conduct would not apply; the government could ask similar questions on cross-examination. *See United States v. Hough*, 803 F.3d 1181, 1192 (11th Cir. 2015).

knew the defendant had frequented certain businesses and engaged in certain types of transactions at issue in the case. *United States v. Russo*, 110 F.3d 948, 953 (2d Cir. 1997)(finding "government's questions probative of how well [witness] knew [defendant] and how familiar she was with the current state of his business.").

The nature of the trait the defendant seeks to highlight through the use of character witnesses may expand the areas ripe for cross-examination. "[S]hould defendant introduce character witnesses to provide an opinion that he is law-abiding, peaceful and or has integrity, or has a reputation for the same," the Government may cross-examine the witnesses about specific instances of conduct that did not conform with those traits, or may present its own evidence showing the defendant, in fact, had a different reputation. *See United States v. Krug*, No. 1:15-CR-00157 RJA, 2019 WL 336568, at *5–6 (W.D.N.Y. Jan. 28, 2019)(citing *Russo*, 110 F.3d 948 (2d Cir. 1997)). Thus, when a defense character witness testified as to the defendant's reputation for honesty and integrity in the New York legal community, the government properly cross-examined the witness about his knowledge of the defendant's violation of an agreement with his law partners. *United States v. Reich*, 420 F. Supp. 2d 75, 89–91 (E.D.N.Y. 2006), *aff'd*, 479 F.3d 179 (2d Cir. 2007). While the agreement—and the violation of it might not have been known widely, it would have been known to members of the very community in which the alleged crime occurred and about which the witness purported to testify. *Id.* Likewise, when a defense witness testified that a defendant was known as a law-abiding citizen, the government properly cross-examined the witness about the manner in which the defendant ran the business through which the crime had occurred. *See United States v. Kellogg*, 510 F.3d 188, 191–92 (3d Cir. 2007). Because the relevance of a character witness's testimony turns on its connection to the time and

community in which the defendant is alleged to have committed a crime, the government rightfully explored the extent of the witness's knowledge of that community. *Id.*

In this case, only defendant Gumrukcu's reputation as a businessman and others' opinions of him in that context, in the years leading up to Greg Davis's murder (January 2015-February 2018 as charged in the indictment), are relevant. To the extent the defense calls character witnesses, the government should be allowed to explore whether the witnesses knew Gumrukcu as a businessman during the period of the murder-for-hire and wire fraud conspiracies and whether they were aware of certain instances of conduct related to how Gumrukcu conducted business during that time period, including the California case charged against him. While the government does not plan to question defense character witnesses as to whether a conviction in the present case would alter their opinions of Gumrukcu, should defense counsel inquire about the influence of the present case on the witnesses' opinions during the direct examination, the government should be able to ask similar questions on cross-examination. Witnesses who did not know Gumrukcu or who were not aware of his reputation and could not form opinions of him during the murder-for-hire conspiracy cannot offer relevant testimony at trial.

Conclusion

For these reasons, the government asks the Court to limit irrelevant character witness testimony and to allow fulsome cross-examination of any offered character witnesses as to the extent of, and the context of, their knowledge of and opinions about Gumrukcu.

Dated at Burlington, in the District of Vermont, this 7th day of April 2025.

Respectfully submitted,

MICHAEL P. DRESCHER
Acting United States Attorney

By: _/s/ Zachary Stendig_
PAUL J. VAN DE GRAAF
ZACHARY STENDIG
Assistant U.S. Attorneys
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725