**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:22-cr-58 |
| Plaintiff, | |
| v. | |
| SERHAT GUMRUKCU, | |
| Defendant. | |

**DEFENDANT SERHAT GUMRUKCU'S OBJECTIONS TO**
**THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Defendant Serhat Gumrukcu, by and through his attorneys of record, respectfully files his further objections to the Court's Final Charge, working of the most recent draft distributed to the parties at the conclusion of the April 14, 2025 court day.

**OBJECTIONS**

**OBJECTION NO. 1**

With respect to instruction "Defendant Testifying" at pages 17-18, Defendant Gumrukcu objects. He contends that the last italicized sentence is erroneous:

> In this case, the defendant has decided to testify. You should examine and evaluate his testimony *just as you would the testimony of other witnesses consistent with these instructions.*"

At the initial Rule 30 conference, defendant objected to this prior draft instruction and contended that the Court should address Mr. Gumrukcu's credibility like all other witnesses, "except for the cooperator witnesses, whose testimony must be evaluated with greater caution"

as I instructed above. The Court then noted that other witnesses, like expert witnesses, were also subject to different instructions when settling on the change now under challenge.

The Court's allusion to expert witnesses does not solve the issue, and in fact, is quite different than cooperator testimony. All witnesses, including expert witnesses, and only excepting the cooperator witnesses, are subject to the same credibility instruction. *Only* cooperator witnesses are subject to an instruction that their testimony must be evaluated with greater care.

In contrast, the only difference between a lay witness and an expert witness is that an expert witness may provide opinions based on their specialized knowledge. But as the Court instructs, "[i]n evaluating an expert witness's testimony, you should evaluate his or her credibility just as you would any other witness." This proves that the defendant's testimony *and* expert testimony is subject to the same standard. *Only* cooperator testimony is evaluated under a more rigorous standard.

As a result, the challenged instruction fails to point out that the defendant's testimony should be evaluated just like every other witness, including any expert witness, but *not* cooperator testimony. Mr. Gumrukcu objects to the Defendant Testifying instruction and contends the final sentences should read as follows:

> In this case, the defendant has decided to testify. You should examine and evaluate his testimony *just as you would the testimony of other witnesses*, *except for the cooperator witnesses, whose testimony you must evaluate with greater caution, as I have instructed above.*"

## OBJECTION NO. 2

Defendant Gumrukcu further objects, for the same reason, to the Expert Witness instruction on page 16. It is in correct to tell the jury that "In evaluating an expert witness's

testimony, you should evaluate his or her credibility and statements just as you would any other witness."  Like the prior objection, this sentence should be amended to read as follows:

> "In evaluating an expert witness's testimony, you should evaluate his or her credibility and statements just as you would any other witness, *except for the cooperator witnesses, whose testimony you must evaluate with greater caution, as I have instructed above.*"

### <u>OBJECTION NO. 3</u>

Defendant Gumrukcu objects to the instruction labeled "The Indictment and the Statute— Count Two" found on pages 19-20.  Mr. Gumrukcu previously objected to instructing the jury on the indictment based on the Ninth Circuit practice advising against such a presentation.  The Court overruled the objection.

As a result, the Final Charge now begins with seven  plus pages reciting the indictment. As a result, the instruction challenge here amounts to a *second* recitation of the indictment for Count Two, followed by a recitation of the statute reciting the same crime.  Neither repetition is appropriate, and both are prejudicial by reemphasizing without basis the charges in this case. Because the Court has already instructed the jury on the allegations in the indictment, the Court should not repeat those allegations a second time. The jury has already received the correct information.  The Court should thus strike the challenged instruction in full.

### <u>OBJECTION NO. 4</u>

Defendant Gumrukcu objects to the third and fourth paragraphs of the instruction labeled "Second Element – Intent that Murder be Committed" which is found on page 21 (the instruction begins on page 20).  While every charge contains a required *mens rea*, and this charge contains multiple mental states, this is the only instruction that calls out the specific intent within the instruction.  Moreover, the challenged instruction reads as to presuppose Defendant's criminal conduct.

Defendant contends that the "specific intent" and "natural and probable" consequences instruction for knowledge should be edited and included in the *mens rea* instructions that are provided beginning on page 30. *See also infra*., Objections No. 13 & 14

**OBJECTION NO. 5**

Defendant Gumrukcu objects to the second paragraph of "Third Element – Pecuniary Value" found on page 21. The second paragraph reads as follows:

> This requires that the government prove that there was a mutual agreement, understanding, or promise that something of monetary value would be exchanged for committing the murder.

This is not a correct statement of the law and instead confuses the substantive crime with conspiracy. It also conflicts with the first paragraph, which is correct: "[t]he third element that the government must establish beyond a reasonable doubt is that the murder in question was intended to be committed as consideration for the receipt of anything of pecuniary value." Agreement has nothing to do with it; the defendant's intent is the only fact the jury must resolve with respect to the third element.

**OBJECTION NO. 6**

Defendant Gumrukcu objects to the second paragraph of the instruction labeled "Fourth Element – Death Resulting" found on page 21. That paragraph reads as follows:

> In order to establish that the defendant's conduct resulted in the death of Gregory Davis, the government must prove beyond a reasonable doubt that, but for the defendant's actions, Gregory Davis would not have died.

This paragraph provides a broader civil standard *not* applicable to this criminal case. The fourth element is close to being properly described in the first paragraph of this instruction (adding the italicized word to make this instruction correct): It is the "defendant's *knowing* participation in the crime" that serves as the predicate for the fourth element, and not the broader

"defendant's actions" that do so. This instruction waters down the Government's burden of proof on the fourth element and the Court should correct the instruction.

**OBJECTION NO. 7**

Defendant Gumrukcu objects to the instruction labeled "The Indictment and the Statute— Count One" found on page 22. Mr. Gumrukcu previously objected to instructing the jury on the indictment based on the Ninth Circuit practice advising against such a presentation. The Court overruled the objection.

As a result, the Final Charge now begins with seven plus pages reciting the indictment. As a result, the instruction challenge here amounts to a *second* recitation of the indictment for Count One, followed by a recitation of the statute reciting the same crime. Neither repetition is appropriate, and both are prejudicial by reemphasizing without basis the charges in this case. Because the Court has already instructed the jury on the allegations in the indictment, the Court should not repeat those allegations a second time with respect to Count One. The jury has already received the correct information. The Court should thus strike the challenged instruction in full.

**OBJECTION NO. 8**

Defendant Gumrukcu objects to the following two sentences in the fourth paragraph of the instruction labeled "First Element – Existence of Agreement" found on page 24 (the instruction begins on page 22):

> The only difference in the elements of murder for hire with regard to Count One, the conspiracy charge, is that Count One alleges both interstate travel and use of an interstate facility. As I previously instructed you, interstate travel is simply travel between one state and any other state.

The first quoted sentence is an incorrect statement of law. There are many differences between the two counts. Most simply, Count One (conspiracy) has two elements, and those two elements are different than the four elements for Count Two (murder-for-hire). It is incorrect to tell the jury the counts are identical except for the interstate facility allegation that is included in Count One. The Court should strike the two sentences quoted above.

**OBJECTION NO. 9**

Defendant Gumrukcu further objects to the last paragraph of the instruction labeled "First Element – Existence of Agreement" found on page 24 (the instruction begins on page 22):

> Co-conspirators need not be charged with the crime of conspiracy for you to find that the defendant had an agreement with the other individuals for you to find that the defendant had an agreement with other individuals to commit the illegal act charged in Count One. In other words, you must be unanimous that the government has proven beyond a reasonable doubt either interstate travel or the use of an interstate facility.

The first sentence is true, but inapplicable here. The second sentence is not true and distracts the jury from finding the actual first element: the existence of a conspiracy. The first element of the conspiracy charge is the existence of an agreement. The Government has no obligation to prove interstate travel or the use of interstate facilities to satisfy the first element of Count One. The Court should not mis-instruct the jury on the necessary finding for Count One: the existence of an agreement to have Greg Davis murdered in exchange for money.

**OBJECTION NO. 10**

Defendant Gumrukcu objects to the instruction labeled "Conspiracy – Second Element" on pages 24 and 25.

He first objects that the title of this instruction does not conform with the labeling of the first element, *viz.*, providing a clear summary of the element. As the Corut instructed, "First

Element – Existence of Agreement" should be followed by the next element as follows: "Second
Element – the Defendant Joining the Conspiracy".

He next renews his objection, *see* Docket Entry 265, at 5 (also Objection No. 10), to the
second sentence of the instruction: "If you are satisfied that the conspiracy charged in Count One
existed, you must next ask yourselves who the members of that conspiracy were." This is not
correct. The second element of the conspiracy charge requires the jury to find (or decline to
find) one, and only one, fact: did the defendant join the conspiracy alleged, and as found in the
resolution of the first element. The jury does *not* call upon whether Berk Eratay or Aron
Ethridge or Jerry Banks participated in the conspiracy. This truth is further confirmed by the
Court's instructions that the cooperators' guilty pleas to participating in the conspiracy does not
amount to proof against Defendant Gumrukcu. This challenged instruction misinforms the jury
about its role and the sole finding at issue in the second element of the conspiracy charge.

Defendant Gumrukcu further objects to the first full paragraph set forth on page 25:

> You are instructed that, while proof of financial interest in the
> outcome of a scheme is not essential, if you find that the defendant
> has such an interest, that is a factor that you may properly consider
> in determining whether or not the defendant was a member of the
> conspiracy charged in the indictment.

Defendant challenges this statement of law, especially in the context of the conspiracy
charge. Defendant is *not* charged with executing a scheme to defraud, as this instruction
presupposes. He is instead charged *only* with conspiracy to commit wire fraud pursuant to
section 1349, and conspiracy has no element of financial interest. The elements of the second
element, and each of them, must be tethered to supporting the element: a finding of whether or
not the defendant joined the charged conspiracy, and *not* whether he engaged in scheme to

defraud absent liking that participation to the necessary element: joining the charged conspiracy, if it existed.

Defendant further objects to the second sentence of the next paragraph. Defendant Gumrukcu contends that "[t]o satisfy this element, [the jury] must find that [defendant] knowingly joined the conspiracy with awareness *of its objective*, and with the intent of *furthering* the accomplishment of the conspiracy's objective." Defendant contends that as written, the second sentence of the second paragraph on page 25 waters down the Government's burden to prove the second element of the murder-for-hire conspiracy charge.

Defendant further objects to the fourth paragraph on page 25:

> It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

The second element requires a finding that the defendant knowingly and willfully joined the charged conspiracy. His purported participation in a scheme to defraud does not present an element of Count One..

Defendant Gumrukcu objects to the third sentence of the last paragraph on page 25:

> The defendant need not have joined in all of the conspiracy's unlawful objectives.

The conspiracy charged in Count One had one and only one objective. This instruction distracts from that necessary predicate and only objective, which the Government must prove he joined. The Court should strike this sentence.

Defendant Gumrukcu further objects to the first sentence of the second paragraph on page 26:

> I want to caution you, however, that the defendant's mere presence
> at the scene of the alleged crime does not, by itself, make him a
> member of the conspiracy.

The evidence in this case does not support the conclusion that Defendant Gumrukcu was at the scene of the alleged crime. Accordingly, this instruction is inapplicable. The Court should strike the sentence, strike the word "Similarly" for the succeeding statement, and then provide the "mere association" instruction that follows.

### OBJECTION NO. 11

Defendant Gumrukcu objects to the instruction labeled "The Indictment and the Statute— Count Three" found on page 27. Mr. Gumrukcu previously objected to instructing the jury on the indictment based on the Ninth Circuit practice advising against such a presentation. The Court overruled the objection.

As a result, the Final Charge now begins with seven plus pages reciting the indictment. As a result, the instruction challenge here amounts to a *second* recitation of the indictment for Count Three, followed by a recitation of the statute reciting the same crime. Neither repetition is appropriate, and both are prejudicial by reemphasizing without basis the charges in this case. Because the Court has already instructed the jury on the allegations in the indictment, the Court should not repeat those allegations a second time with respect to Count One. The jury has already received the correct information. The Court should thus strike the challenged instruction in full.

### OBJECTION NO. 12

Defendant Gumrukcu objects to the second paragraph of the instruction labeled "The Essential Elements for Count Three: Conspiracy to Commit Wire Fraud" found on pages 27-28. The Court should instruct the jury of the two objects of the conspiracy alleged, *viz.*, to deprive

Greg Gac of personal funds expended on behalf of Lauran Trading, and to deprive Greg Davis of moneys he claimed owned under the Redemption Agreement. The instruction must require the jury to address the two specific property interests presented in the indictment, and no others.

Defendant Gumrukcu further objects to instructing the jury on the elements of wire fraud. Those are not elements of the conspiracy allegation. Rather, the Court should amend the first element of this conspiracy on page 28, *viz.*, "that two or more persons entered into an agreement to defraud Greg Gac of personal funds advanced on behalf of Lauran Trading, and/or to defraud Greg Davis of monies owed to him under the Redemption Agreement, by means of false or fraudulent pretenses, representations, or promises." That is all the jury needs to make its finding. This formulation is clear, accurate and sufficient.

The three additional purported elements for wire fraud provides for a constructive amendment of the indictment. "An *amendment* of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." *United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014) (original emphasis) (quoting *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984)). "[A]fter an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself." *Stirone v. United States*, 361 U.S. 212, 216 (1960). A constructive amendment of the indictment violates the Grand Jury Clause of the Fifth Amendment and requires reversal. *Id.*; *Ward*, 747 F.3d at 1189. Jury instructions can cause a constructive amendment requiring reversal. *United States v. Shipsey*, 190 F.3d 1081, 1086 (9th Cir. 1999).

Count Three does not allege a scheme to defraud; it charges a conspiracy to commit wire fraud. These instructions misstate the crime and will confuse the jury.

**OBJECTION NO. 13**

For the reasons stated in Objection No. 12, *supra.*, Defendant Gumrukcu objects to the instruction labeled "Wire Fraud – Scheme or Artifice to Defraud" set forth on page 28.  The entire instruction is unnecessary, distracting, and inaccurate: defendant is not charged with executing in a scheme to defraud.  Alternatively, and at a minimum, the Court should (1) relabel the instruction to read "Applicable Mental States" and then (2) strike the first paragraph, the second full paragraph on page 29 (beginning "[t]he scheme to defraud is alleged …") as constructively amending the indictment, and then (3) strike the last paragraph on page 29, and (4) combine these instructions with the mental state instructions presented in the "Participation in the Scheme with Specific Intent" that is presented on page 30.

With respect to the final paragraph on page 29, paragraphs 5-17 are *not* limited to either object of the two-object conspiracy.  For example, all of the allegations preceding the execution of the Redemption Agreement (set forth in the midst of paragraph 10 of the operative indictment) do not, as a matter of law, support the conspiracy claim that Defendant Gumrukcu conspired to deprive Greg Davis of monies allegedly owed to him under the Redemption Agreement.  So too, Defendant Gumrukcu again emphasizes that Count Three alleges a conspiracy to commit wire fraud, and *not* the execution of a scheme to defraud.  The instruction challenged misstates the Government's burden and constructively amends Count Three.

**OBJECTION NO. 14**

For the same reasons presented in Objection Nos. 12 and 13, *supra.*, Defendant Gumrukcu further objects to the instruction labeled "Participation in the Scheme with Specific Intent" beginning on page 30.  Defendant Gumrukcu is not charged with execution of a scheme to defraud, and the Government need not prove, and the jury need not find, "that the defendant

participated in the scheme to defraud knowingly, willfully, and with the specific intent to defraud." This instruction is errant and defendant Gumrukcu objects.

He further objects to the second paragraph on page 31. The first sentence is inaccurate and argumentative. Direct proof of knowledge and fraudulent intent are often available, contrary to the proposed instruction.

Defendant Gumrukcu further objects to the fourth paragraph on page 31. "[S]pecific intent to defraud" is not "an essential element of the crime charged." The two elements of the crime charged are addressed on pages 27 and 28. This proposed instruction amounts to a constructive amendment. The Court should strike this paragraph.

For the same reasons, the Court should strike the last two paragraphs on page 31, and the first full paragraph on page 32.

**OBJECTION NO. 15**

For the same reasons presented in Objections Nos. 12-145, Defendant Gumrukcu objects to the "Use of the Wires" instruction presented on pages 32-33. The Government need not prove the use of interstate wires with respect to the conspiracy count alleged in Count Three. This proposed instruction amounts to a constructive amendment and the Court should strike it.

Dated this 15th day of April 2025.

Respectfully submitted,


/s/ Susan K. Marcus
SUSAN K. MARCUS
Law Firm of Susan K Marcus LLC
29 Broadway, Suite 1412
New York, NY 10006
(212) 792-5131
susan@skmarcuslaw.com

*/s/ Ethan A. Balogh*
ETHAN A. BALOGH
Balogh & Co., APC
100 Pine Street, Suite 1250
San Francisco, CA 94111
(415) 391-0441
eab@balcolaw.com

Attorneys for Defendant
SERHAT GUMRUKCU